## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 0:20-cv-61297-RKA

**PAMELA TITUS**,
**JOSEPH AMODIO**,
**WILLIAM VILCINA**,
**JACQUELINE FONTANEZ**,
**PAUL JONES**,
**BRYON HALL**,
and **DAMIEN DAY**,

       Plaintiffs,

v.

**RESURGENT CAPITAL SERVICES L.P.**,
and **LVNV FUNDING, LLC**,

       Defendants.
_____/

### CONSOLIDATED COMPLAINT [1]

Plaintiffs Pamela Titus, Joseph Amodio, William Vilcina, Jacqueline Fontanez, Paul Jones, Bryon Hall, and Damien Day (collectively, the "Plaintiffs") sue Defendant Resurgent Capital Services L.P., and Defendant LVNV Funding, LLC (collectively, the "Defendants") for violations of 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. §§ 559.72(5) and (9) of the Florida Consumer Collection Practices Act ("FCCPA").

---

[1] Case Number **0:20-cv-61297-RKA** (*i.e.*, the above-captioned case number) represents the consolidation of, *in addition to the original pleadings filed in this action*, the following nine cases: **0:20-cv-61317**, **0:20-cv-61394**, **0:20-cv-61395**, **0:20-cv-61412**, **0:20-cv-61417**, **0:20-cv-61419**, **0:20-cv-61311**, **0:20-cv-61315**, and **0:20-cv-61430**.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3.      Venue in this District is proper because Plaintiffs resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

## PARTIES

4.      Plaintiffs are each a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.      Defendant Resurgent Capital Services L.P. ("Resurgent") is Delaware limited partnership, with its principal place of business located in Greensville, South Carolina.

6.      Defendant LVNV Funding, LLC ("LVNV") is a Delaware limited liability company, with its principal place of business located in Greensville, South Carolina.

## DEMAND FOR JURY TRIAL

7.      Plaintiffs, respectfully, demand a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8.      Resurgent is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

9.      LVNV is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

10.      Resurgent is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

11.     LVNV is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

12.     Resurgent's "Consumer Collection Agency" license number is CCA0900145.

13.     LVNV's "Consumer Collection Agency" license number is CCA9902540.

14.     For the "Consumer Collection Agency" license of either that Resurgent and LVNV to remain valid, Resurgent and LVNV, are each respectively required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

15.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Resurgent and LVNV *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

16.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that that Resurgent and LVNV *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

17.     Resurgent and LVNV, each, maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.

18.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Resurgent and LVNV do maintain, are current to within one week of the current date.

19.     Each of the below-alleged twelve (12) debts (collectively, the "Consumer Debts") Defendants sought to collect originated, and otherwise arose, from a transaction between the respective plaintiff and corresponding original third-party creditor, whereby each transaction was primarily for the personal benefit of said plaintiff.

PAGE | **3** of **22**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

20.     Each of the Consumer Debts are comprised of principal, interest, and fees, whereby the total amount owed with respect to each of the Consumer Debts, pursuant to the agreement underlying it, are subject to increase based on the principal portion of the debt and the interest and fees which said principal is subject thereto.

21.     On January 15, 2007, LVNV conveyed a limited power of attorney (the "PoA") to Resurgent for purposes of engaging in certain collection efforts on its (LVNV's) behalf, including, but not limited to, the filing of bankruptcy proofs of claim. Thereafter, or contemporaneous therewith, the Consumer Debts were assigned and/or referred to Resurgent for collection under the terms of the PoA.

22.     In referring and/or assigning the collection of the Consumer Debts to Resurgent, LVNV disclosed to Resurgent *false* information about Plaintiffs and/or information that Resurgent had no *legitimate* business need for, the likes of which affected the reputation of Plaintiffs. For example, LVNV falsely disclosed to Resurgent (the "Disclosures"), *among other things*, that each of the Consumer Debts were comprised entirely of *principal* and, in so doing, falsely represented the *amount* and *character* of each respective debt.

23.     The Disclosures affected the respective reputation of Plaintiffs. For example, the disclosure affected Plaintiffs' reputation regarding the repayment of debts, Plaintiffs' reputation of truthfulness, Plaintiffs' reputation of solvency, and Plaintiffs' reputation regarding trustworthiness.

24.     By way of documents and information Defendants maintains in accordance with Rule 69V-180.080, Florida Administrative Code: [1] Defendants knew that each of the Consumer Debts were comprised of principal, interest, and fees; [2] Defendants knew that the overall amount

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of each of the Consumer Debts were subject to increase by way of interest and/or fees; and [3] Defendants knew that *none* of the Consumer Debts were comprised *entirely* of principal.

25.     As elaborated below, Resurgent violated § 1692e(2)(A) of the FDCPA (Count I), and both Resurgent and LVNV violated § 559.72(9) of the FCCPA (Count II), by filing false proofs of claim in each of the Plaintiffs bankruptcy proceeding, and LVNV violated § 559.72(5) of the FCCPA by relaying false information to Resurgent that affecting the reputation of each of the Plaintiffs (Count III). In light of these below elaborated claims, Plaintiffs have sustained objectively concrete tangible injuries, as the *false* proofs of claim Defendants filed in each of the Plaintiffs' bankruptcy cases both wasted each of the Plaintiffs time and, more pointedly, harmed the reputation of each respective Plaintiff.

### ALLEGATIONS OF TITUS

26.     On October 8, 2019, Titus filed a Chapter 13 bankruptcy petition due to the overall financial state of Titus.

27.     On October 15, 2019, acting on behalf of LVNV, and consistent with the terms of the PoA, Resurgent filed a proof of claim ("PoC-1") in Titus' bankruptcy case in connection with the collection of a debt originating from a transaction between Capital One Bank (USA), N.A., as the original creditor of the debt, and Titus, involving  an unsecure line of credit ("Debt-1"). Prior to the filing of PoC-1, but *after* Titus had defaulted on Debt-1, all rights, title, and interest in Debt-1 had been purchased by LVNV. PoC-1 was signed under penalty of perjury by Resurgent's employee, David Lamb, who, when signing PoC-1, was acting within the course and scope of his or her employment with Resurgent. PoC-1 is a representation, means, and/or communication in connection with the collection of Debt-1. PoC-1 falsely represents Debt-1 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-1 as $910.65. By

PAGE | **5** of **22**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

signing PoC-1 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-1 as being $910.65. Further, by signing PoC-1 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-1 as being *only* principal and containing *no* interest or fees.

28.     On January 02, 2020, acting on behalf of LVNV, and consistent with the terms of the PoA, Resurgent filed a proof of claim ("PoC-2") in Titus' bankruptcy case in connection with the collection of a debt originating from a transaction between HSBC Bank Nevada, N.A., as the original creditor of the debt, and Titus, involving  an unsecure line of credit ("Debt-2"). Prior to the filing of PoC-2, but *after* Titus had defaulted on Debt-2, all rights, title, and interest in Debt-2 had been purchased by LVNV. PoC-2 was signed under penalty of perjury by Resurgent's employee, David Lamb, who, when signing PoC-2, was acting within the course and scope of his or her employment with Resurgent. PoC-2 is a representation, means, and/or communication in connection with the collection of Debt-2. PoC-2 falsely represents Debt-2 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-2 as $792.03. By signing PoC-2 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-2 as being $792.03. Further, by signing PoC-2 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-2 as being *only* principal and containing *no* interest or fees.

29.     On January 02, 2020, acting on behalf of LVNV, and consistent with the terms of the PoA, Resurgent filed a proof of claim ("PoC-3") in Titus' bankruptcy case in connection with the collection of a debt originating from a transaction between HSBC Bank Nevada, N.A., as the original creditor of the debt, and Titus, involving  an unsecure line of credit ("Debt-3"). Prior to the filing of PoC-3, but *after* Titus had defaulted on Debt-3, all rights, title, and interest in Debt-3

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

had been purchased by LVNV. PoC-3 was signed under penalty of perjury by Resurgent's employee, David Lamb, who, when signing PoC-3, was acting within the course and scope of his or her employment with Resurgent. PoC-3 is a representation, means, and/or communication in connection with the collection of Debt-3. PoC-3 falsely represents Debt-3 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-3 as $552.66. By signing PoC-3 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-3 as being $552.66. Further, by signing PoC-3 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-3 as being *only* principal and containing *no* interest or fees.

30.     On January 02, 2020, acting on behalf of LVNV, and consistent with the terms of the PoA, Resurgent filed a proof of claim ("PoC-4") in Titus' bankruptcy case in connection with the collection of a debt originating from a transaction between General Electric Capital Corporation, as the original creditor of the debt, and Titus, involving an unsecure line of credit ("Debt-4"). Prior to the filing of PoC-4, but *after* Titus had defaulted on Debt-4, all rights, title, and interest in Debt-4 had been purchased by LVNV. PoC-4 was signed under penalty of perjury by Resurgent's employee, David Lamb, who, when signing PoC-4, was acting within the course and scope of his or her employment with Resurgent. PoC-4 is a representation, means, and/or communication in connection with the collection of Debt-4. PoC-4 falsely represents Debt-4 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-4 as $448.11. By signing PoC-4 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-4 as being $448.11. Further, by signing PoC-4 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-4 as being *only* principal and containing *no* interest or fees.

**ALLEGATIONS OF HALL**

31.     On September 16, 2019, Hall filed a Chapter 13 bankruptcy petition due to the overall financial state of Hall.

32.     On September 25, 2019, acting on behalf of LVNV, and consistent with the terms of the PoA, Resurgent filed a proof of claim ("PoC-5") in Hall's bankruptcy case in connection with the collection of a debt originating from a transaction between First Premier Bank, as the original creditor of the debt, and Hall, involving an unsecure line of credit ("Debt-5"). Prior to the filing of PoC-5, but *after* Hall had defaulted on Debt-5, all rights, title, and interest in Debt-5 had been purchased by LVNV. PoC-5 was signed under penalty of perjury by Resurgent's employee, William Andrews, who, when signing PoC-5, was acting within the course and scope of his or her employment with Resurgent. PoC-5 is a representation, means, and/or communication in connection with the collection of Debt-5. PoC-5 falsely represents Debt-5 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-5 as $455.35. By signing PoC-5 under penalty of perjury and on behalf of Resurgent, William Andrews falsely represented the principal portion of Debt-5 as being $455.35. Further, by signing PoC-5 under penalty of perjury and on behalf of Resurgent, William Andrews falsely represented the total amount of Debt-5 as being *only* principal and containing *no* interest or fees.

33.     On September 24, 2019, acting on behalf of LVNV, and consistent with the terms of the PoA, Resurgent filed a proof of claim ("PoC-6") in Hall's bankruptcy case in connection with the collection of a debt originating from a transaction between Capital One Bank (USA), N.A., as the original creditor of the debt, and Hall, involving an unsecure line of credit ("Debt-6"). Prior to the filing of PoC-6, but *after* Hall had defaulted on Debt-6, all rights, title, and interest in Debt-6 had been purchased by LVNV. PoC-6 was signed under penalty of perjury by

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Resurgent's employee, David Lamb, who, when signing PoC-6, was acting within the course and scope of his or her employment with Resurgent. PoC-6 is a representation, means, and/or communication in connection with the collection of Debt-6. PoC-6 falsely represents Debt-6 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-6 as $886.68. By signing PoC-6 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-6 as being $886.68. Further, by signing PoC-6 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-6 as being *only* principal and containing *no* interest or fees.

34.     On October 21, 2019, acting on behalf of LVNV, and consistent with the terms of the PoA, Resurgent filed a proof of claim ("PoC-7") in Hall's bankruptcy case in connection with the collection of a debt originating from a transaction between AmeriCredit Financial Services, Inc., as the original creditor of the debt, and Hall, involving  an unsecure line of credit ("Debt-7"). Prior to the filing of PoC-7, but *after* Hall had defaulted on Debt-7, all rights, title, and interest in Debt-7 had been purchased by LVNV. PoC-7 was signed under penalty of perjury by Resurgent's employee, Suzanne Dickson, who, when signing PoC-7, was acting within the course and scope of his or her employment with Resurgent. PoC-7 is a representation, means, and/or communication in connection with the collection of Debt-7. PoC-7 falsely represents Debt-7 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-7 as $16,737.30. By signing PoC-7 under penalty of perjury and on behalf of Resurgent, Suzanne Dickson falsely represented the principal portion of Debt-7 as being $16,737.30. Further, by signing PoC-7 under penalty of perjury and on behalf of Resurgent, Suzanne Dickson falsely represented the total amount of Debt-7 as being *only* principal and containing *no* interest or fees.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

### ALLEGATIONS OF AMODIO

35.     On December 26, 2020, acting on behalf of LVNV, and consistent with the terms of the PoA, Resurgent filed a proof of claim ("PoC-8") in Amodio's bankruptcy case in connection with the collection of a debt originating from a transaction between General Electric Capital Corporation, as the original creditor of the debt, and Amodio, involving an unsecure line of credit ("Debt-8"). Prior to the filing of PoC-8, but *after* Amodio had defaulted on Debt-8, all rights, title, and interest in Debt-8 had been purchased by LVNV. PoC-8 was signed under penalty of perjury by Resurgent's employee, William Andrews, who, when signing PoC-8, was acting within the course and scope of his or her employment with Resurgent. PoC-8 is a representation, means, and/or communication in connection with the collection of Debt-8. PoC-8 falsely represents Debt-8 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-8n as $5,837.71. By signing PoC-8 under penalty of perjury and on behalf of Resurgent, William Andrews falsely represented the principal portion of Debt-8 as being $5,837.71. Further, by signing PoC-8 under penalty of perjury and on behalf of Resurgent, William Andrews falsely represented the total amount of Debt-8 as being *only* principal and containing *no* interest or fees.

### ALLEGATIONS OF VILCINA

36.     On July 3, 2019, acting on behalf of LVNV, and consistent with the terms of the PoA, Resurgent filed a proof of claim ("PoC-9") in Vilcina's bankruptcy case in connection with the collection of a debt originating from a transaction between Household Bank (SB), N.A., as the original creditor of the debt, and Vilcina, involving an unsecure line of credit ("Debt-9"). Prior to the filing of PoC-9, but *after* Vilcina had defaulted on Debt-9, all rights, title, and interest in Debt-9 had been purchased by LVNV. PoC-9 was signed under penalty of perjury by Resurgent's employee, Leoann Shannon, who, when signing PoC-9, was acting within the course and scope of

PAGE | **10** of 22

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

his or her employment with Resurgent. PoC-9 is a representation, means, and/or communication in connection with the collection of Debt-9. PoC-9 falsely represents Debt-9 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-9 as $2,668.27. By signing PoC-9 under penalty of perjury and on behalf of Resurgent, Leoann Shannon falsely represented the principal portion of Debt-9 as being $2,668.27. Further, by signing PoC-9 under penalty of perjury and on behalf of Resurgent, Leoann Shannon falsely represented the total amount of Debt-9 as being *only* principal and containing *no* interest or fees.

### ALLEGATIONS OF FONTANEZ

37.     On August 29, 2019, acting on behalf of LVNV, and consistent with the terms of the PoA, Resurgent filed a proof of claim ("PoC-10") in Fontanez' bankruptcy case in connection with the collection of a debt originating from a transaction between HSBC Bank Nevada, N.A., as the original creditor of the debt, and Fontanez, involving an unsecure line of credit ("Debt-10"). Prior to the filing of PoC-10, but *after* Fontanez had defaulted on Debt-10, all rights, title, and interest in Debt-10 had been purchased by LVNV. PoC-10 was signed under penalty of perjury by Resurgent's employee, David Lamb, who, when signing PoC-10, was acting within the course and scope of his or her employment with Resurgent. PoC-10 is a representation, means, and/or communication in connection with the collection of Debt-10. PoC-10 falsely represents Debt-10 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-10 as $354.20. By signing PoC-10 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-10 as being $354.20. Further, by signing PoC-10 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-10 as being *only* principal and containing *no* interest or fees.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

### ALLEGATIONS OF JONES

38.     On July 24, 2019, acting on behalf of LVNV, and consistent with the terms of the PoA, Resurgent filed a proof of claim ("PoC-11") in Jones's bankruptcy case in connection with the collection of a debt originating from a transaction between HSBC Bank Nevada, N.A., as the original creditor of the debt, and Jones, involving an unsecure line of credit ("Debt-11"). Prior to the filing of PoC-11, but *after* Jones had defaulted on Debt-11, all rights, title, and interest in Debt-11 had been purchased by LVNV. PoC-11 was signed under penalty of perjury by Resurgent's employee, Susan Gaines, who, when signing PoC-11, was acting within the course and scope of his or her employment with Resurgent. PoC-11 is a representation, means, and/or communication in connection with the collection of Debt-11. PoC-11 falsely represents Debt-11 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-11 as $727.74. By signing PoC-11 under penalty of perjury and on behalf of Resurgent, Susan Gaines falsely represented the principal portion of Debt-11 as being $727.74. Further, by signing PoC-11 under penalty of perjury and on behalf of Resurgent, Susan Gaines falsely represented the total amount of Debt-11 as being *only* principal and containing *no* interest or fees.

### ALLEGATIONS OF DAY

39.     On June 18, 2020, acting on behalf of LVNV, and consistent with the terms of the PoA, Resurgent filed a proof of claim ("PoC-12") in Day's bankruptcy case in connection with the collection of a debt originating from a transaction between original, as the original creditor of the debt, and Day, involving an unsecure line of credit ("Debt-12"). Prior to the filing of PoC-12, but *after* Day had defaulted on Debt-12, all rights, title, and interest in Debt-12 had been purchased by LVNV. PoC-12 was signed under penalty of perjury by Resurgent's employee, Susan Gaines, who, when signing PoC-12, was acting within the course and scope of his or her employment with

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Resurgent. PoC-12 is a representation, means, and/or communication in connection with the collection of Debt-12. PoC-12 falsely represents Debt-12 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-12 as $692.97. By signing PoC-12 under penalty of perjury and on behalf of Resurgent, Susan Gaines falsely represented the principal portion of Debt-12 as being $692.97. Further, by signing PoC-12 under penalty of perjury and on behalf of Resurgent, Susan Gaines falsely represented the total amount of Debt-12 as being *only* principal and containing *no* interest or fees.

### EXHIBITS

40.     Attached hereto as Exhibit "A" is a copy of the PoA.

41.     Attached hereto as Composite Exhibit "B" is a copy of PoC-1, PoC-2, PoC-3, PoC-4, PoC-5, PoC-6, PoC-7, PoC-8, PoC-9, PoC-10, PoC-11, and PoC-12.

### ARTICLE III STANDING

42.     "Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it. The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation." Trichell v. Midland Credit Mgmt., 964 F.3d 990, *7 (11th Cir. 2020) (*citing* and *quoting* Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). Simplified, Article III standing has three leading components: (1) *injury in fact*; (2) *causation*; and (3) *redressability.*

43.     "The 'foremost' standing requirement is **injury in fact**." Trichell at *8 (emphasis added) (*quoting* Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998)).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

44.     "An injury in fact consists of '**an invasion of a legally protected interest**' that is both '**concrete** and **particularized**' and '**actual** or **imminent**, not conjectural or hypothetical.'" Trichell at *8 (emphasis added) (*quoting* Lujan, 504 U.S. 555 at 560). Simplified, *injury in fact* has four components: an (1) actual or imminent, and not conjectural or hypothetical, (2) invasion of a legally protected interest (3) that is concreate and (4) particularized. *See* Spokeo, 136 S. Ct. 1540 at 1548 ("To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (*quoting* Lujan, 504 U. S. 555 at 560)); *see also* Cooper v. Atl. Credit & Fin., No. 19-12177, 2020 U.S. App. LEXIS 23719, at *8 (11th Cir. July 28, 2020) ("To establish standing, a plaintiff must instead '**show that the violation harmed** … **the underlying concrete interest that Congress sought to protect**.'" (emphasis added) (*quoting* Casillas v. Madison Ave. Assocs., 926 F.3d 329, 333 (7th Cir. 2019)).

45.     "To be **particularized**, the injury 'must affect the plaintiff in a personal and individual way.' [*quoting* Lujan, 504 U. S. 555 at 560 n.1]. In other words, 'the injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.' [*quoting* Sierra Club v. Morton, 405 U.S. 727, 734-35 (1972)]. The same principle holds true when the plaintiff invokes a statutory cause of action: 'where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a **concrete**, **particularized**, and **personal injury** to that person as a result of the violation of the newly created legal rights.'" Trichell at *17 (emphasis added) (*quoting* Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1251 (11th Cir. 2015)).

46.     "A '**concrete**' injury must be '*de facto*' – that is, it must be '**real**, and not abstract.'" Trichell at *8 (emphasis added) (*quoting* Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016)).

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

"As a general matter, **tangible injuries qualify as concrete**." <u>Trichell</u> at \*8 (*quoting* <u>Spokeo</u>, 136 S. Ct. 1540 at 1549). Allegations of either having "**made any payments** in response to" a challenged collection letter "or even … **wasted time** *or* **money** in determining whether to do so" are tangible and otherwise concrete injuries. <u>Trichell</u> at \*8 (emphasis added).

<b><u>SCOPE OF TRICHELL</u></b>

47.    In <u>Trichell</u>, the Eleventh Circuit pointedly grappled the *injury in fact* component of Article III standing – and in particular – whether the *intangible* injuries alleged by the plaintiffs were capable of satiating the overarching *injury in fact* requirement. The <u>Trichell</u> court observed the injuries alleged by the plaintiffs as *intangible* because, although claiming to have **received** *misleading* and *unfair* collection letters that violated their rights under 15 U.S.C. § 1692e (generally prohibiting *misleading* communications in connection with the collection of a consumer debt) and § 1692f (generally prohibiting *unfair* communications in connection with the collection of a consumer debt), **neither plaintiff alleged to have been misled or otherwise unfairly mislead by their respective collection letter**.

48.    Without allegations indicating that the plaintiffs themselves were misled, and because the *specific* section of the FDCPA advanced by the plaintiffs only prohibited *misleading* communications, any ability to satiate Article III standing by the plaintiffs quickly crumbled. Put differently, because the plaintiffs' claim was that the underlying collection letters were misleading and/or otherwise unfair, **in light of the fact that neither plaintiff alleged to have been misled themselves**: [1] there was no palpable *actual* injury, but instead, merely the risk of an *imminent* injury, of which the court found insufficiently imminent, *and* [2] there was no sufficiently concrete *or* particularized injury because the plaintiffs did not allege more than an injury to a cognizable

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
<u>www.JibraelLaw.com</u>

interest (*i.e.*, the plaintiffs *only* alleged the collection letters could unlawfully mislead the least sophisticated consumer, and *not* that the plaintiffs themselves were unlawfully mislead).

49.     Simply put, <u>Trichell</u> confirms that, to the extent a plaintiff is seeking to enforce an invasion of a statutorily created interest (*e.g.*, § 1692e of the FDCPA which *generally* prohibits misleading communications in connection with the collection of a debt from a debt collectors), a plaintiff cannot manifest the necessary *injury in fact* unless the plaintiff  alleges a **concrete**, **particularized**, and **personal injury** caused by the violation of said statutorily created right.

50.     With respect to Plaintiffs and the immediate action, <u>Trichell</u> affords *some* utility to the analysis of whether Plaintiffs have sustained and alleged the necessary *injury in fact*. In large, however, <u>Trichell</u> is of limited application, as the focus of <u>Trichell</u> was the sufficiency of the *intangible* injury alleged by the plaintiffs.

51.     Unlike <u>Trichell</u>, the claims of Plaintiffs are not ones based on *misleading* communications, but rather, Plaintiffs claims are perched on the ***false* and otherwise *public*** representations made by Defendants with respect to debts Defendants sought to collect. As set forth in more detail below, Resurgent violated § 1692e(2)(A) of the FDCPA (Count I), and both Resurgent and LVNV violated § 559.72(9) of the FCCPA (Count II), by filing **false** proofs of claim in each of the Plaintiffs bankruptcy proceeding, and LVNV violated § 559.72(5) of the FCCPA by relaying **false** information to Resurgent that affected the reputation of each of the Plaintiffs (Count III). In light of Plaintiffs claims and, again, unlike the plaintiffs of Trichell, Plaintiffs have sustained **tangible injuries** the likes of which are objectively concrete, as Defendants unlawful conduct has both *wasted* each of the Plaintiffs time, and more pointedly, harmed the reputation of each respective Plaintiff. *See* <u>Trichell</u> at *8 (exemplifying allegations of either having "made any payments in response to" a challenged collection letter "or even … wasted

PAGE | **16** of 22

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

time or money in determining whether to do so" as tangible and otherwise concrete injuries for purposes of Article III standing).

52.     Further, as alleged below, because Defendants' violation of § 1692e(2)(A) of the FDCPA and §§ 559.72(5) and (9) of the FCCPA caused *tangible* harm to Plaintiffs, it is without question that Plaintiffs' *actual* injuries are sufficiently *particularized*. Thus, Plaintiffs have sufficiently established the *injury in fact* component of Article III standing, leaving only *causation* and *redressability* – the likes of which are equally satisfied, as a decision in Plaintiffs' favor will afford Plaintiffs both the *actual* and *statutory* damages sought herein and, *but for* the *false* proofs of claim, as well as the relaying of false information affecting Plaintiffs' reputation, Plaintiffs *would not* have sustained the complained of concrete injuries.

*COUNT I.*
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
(*against Resurgent*)

53.     Plaintiffs incorporates above-paragraphs 1-52 as though fully stated herein.

54.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. 1692e(2)(A). (emphasis added).

55.     Resurgent violated 15 U.S.C. § 1692e(2)(A) by and through of the *false* proofs of claim – *i.e.*, PoC-1, PoC-2, PoC-3, PoC-4, PoC-5, PoC-6, PoC-7, PoC-8, PoC-9, PoC-10, PoC-11, and PoC-12 (collectively, the "Proofs of Claim"). In short, each of the Proofs of Claim falsely represent both the **character** and **amount** of the underlying consumer debt Defendants sought to collect from one of the Plaintiffs. Resurgent's false characterization of each of the Consumer Debts

PAGE | **17** of 22

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

constitutes an injurious withhold of information that the FDCPA required Resurgent to disclose to Plaintiffs, as well as an invasion of Plaintiffs' right to such information.

56.     Here, each of the Proofs of Claim falsely **characterize** accrued interest and fees as principal. In so doing, Resurgent falsely represents the underlying debt as being exclusively comprised of principal[2] and, as such, not otherwise subject to increase by way of interest or fees. Not only is such a portrayal of each of the Consumer Debts false, but it was a portrayal that Resurgent *knew* to be false, that is, assuming Resurgent maintains all the documents and information Resurgent is required to maintain to retain a valid Florida consumer collection license.

57.     Further, with respect to the **amount** of the Consumer Debts, Resurgent falsely represents the principal portion of the Consumer Debts. In light of fact that each of the Consumer Debts are comprised of **principal**, **interest**, *and* **fees**, by falsely representing the amount stated in each of the Proofs of Claim as *only* principal, Resurgent falsely inflates the amount of the respective debt as a whole because the *principal* is only *part* of the overall debt.

58.     Thus, Resurgent violated § 1692e(2)(A) of the FDCPA by and through *each* of the Proofs of Claim it (Resurgent) submitted.

59.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Resurgent, awarding Plaintiffs the following relief:

(a)     $1,000 in statutory damages for each of the violative Proofs of Claim;

(b)     Actual damages in an amount determined by the evidence;

---

[2] The Oxford English Dictionary defines principal when used in the sense "[o]f money" as "[c]onstituting the primary or original sum; that is the main or capital sum invested or lent, and yielding interest or income; capital, capitalized." Oxford English Dictionary, Second Edition, 1989. Further, the applicable definition of "principal" from Webster's Third New International Dictionary (Philip Babcock Gove Edition, 1986) is "a capital sum placed at interest, due as a debt, or used as a fund." Id. at 1802.

PAGE | **18** of 22

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(c)     The costs incurred in connection with the above-captioned action;

(d)     Reasonable attorneys' fees; and

(e)     Any further relief this Court deems just and proper.

### *COUNT II.*
### VIOLATION OF FLA. STAT. § 559.72(9)
*(against Resurgent and LVNV)*

60.     Plaintiffs incorporates above-paragraphs 1-52 as though fully stated herein.

61.     Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist*." Fla Stat. § 559.72(9) (emphasis added).

62.     Here, Resurgent *knew* that the Consumer Debts were not entirely comprised of principal and otherwise subject to interest and fees. Despite knowing this, Resurgent represented each of the Consumer Debts as being *entirely* principal in the Proofs of Claim and otherwise attempted to collect said erroneous portrayal of the Consumer Debts from Plaintiffs. In so doing, Resurgent violated § 559.72(9) of the FCCPA.

63.     At minimum, Resurgent acted with apparent authority in attempting to collect the Consumer Debts on LVNV's behalf. Resurgent sought to collect the Consumer Debt from Plaintiffs because Resurgent had contracted with LVNV for the provision of such services.  LVNV purposely provided Resurgent with the information to collect the Consumer Debts from Plaintiffs, of which included Plaintiffs' contact information, the nature of the Consumer Debts, and the amounts purportedly owed by each of the Plaintiffs. As such, Resurgent's violation § 559.72(9) of the FCCPA is the result of Resurgent's acts and/or omissions, whereby such acts and/or omission

PAGE | **19** of **22**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

occurred within the scope and course of agency between Resurgent and LVNV, and as a result, LVNV is vicariously liable for such FCCPA violation.

64.     WHEREFORE, Plaintiffs, respectfully, requests this Court to enter a judgment against Resurgent and LVNV, awarding Plaintiffs the following relief:

(a)     $1,000 in statutory damages for each of the violative Proofs of Claim;

(b)     Actual damages in an amount determined by the evidence;

(c)     The costs incurred in connection with the above-captioned action;

(d)     Reasonable attorneys' fees;

(e)     An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA; and

(f)     Any further relief this Court deems just and proper.

## COUNT III
## VIOLATION OF FLA. STAT. § 559.72(5)
(*against LVNV*)

65.     Plaintiffs incorporates above-paragraphs 1-52 as though fully stated herein.

66.     Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

67.     As stated above, in referring and/or assigning the collection of each of the Consumer Debts to Resurgent, LVNV disclosed to Resurgent *false* information about Plaintiffs and/or information that Resurgent had no *legitimate* business need for, the likes of which affected the reputations of the Plaintiffs. By and through the Disclosures, for example, LVNV falsely disclosed to Resurgent that the Consumer Debts allegedly owed by the Plaintiffs to LVNV was

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

comprised entirely of *principal*, and in so doing, otherwise falsely represented the amount and character of each of the Consumer Debts owed by the Plaintiffs.

68.     The Disclosures affected the reputations of the Plaintiffs' regarding the repayment of debts, Plaintiffs' reputations of truthfulness, Plaintiffs' reputations of solvency, and Plaintiffs' reputations regarding trustworthiness.

69.     Thus, by disclosing false information regarding to each the Consumer Debts allegedly owed by the Plaintiffs to Resurgent, LVNV violated § 559.72(5) of the FCCPA.

70.     WHEREFORE, Plaintiffs, respectfully, requests this Court to enter a judgment against LVNV, awarding Plaintiffs the following relief:

   (a)     $1,000 in statutory damages for each of the Consumer Debts LVNV falsely disclosed to Resurgent;

   (b)     Actual damages in an amount determined by the evidence;

   (c)     The costs incurred in connection with the above-captioned action;

   (d)     Reasonable attorneys' fees;

   (e)     An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA; and

   (f)     Any further relief this Court deems just and proper.

DATED: August 7, 2020

                                        Respectfully Submitted,

                                         /s/ Thomas Patti                              .
                                        **JIBRAEL S. HINDI, ESQ.**
                                        Florida Bar No.: 118259
                                        E-mail:     jibrael@jibraellaw.com
                                        **THOMAS J. PATTI, ESQ.**
                                        Florida Bar No.: 118377
                                        E-mail:     tom@jibraellaw.com
                                        THE LAW OFFICES OF JIBRAEL S. HINDI
                                        110 SE 6th Street, Suite 1744
                                        Fort Lauderdale, Florida 33301
                                        *COUNSEL FOR PLAINTIFF*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 7, 2020, the forgoing was electronically via the

Court's CM/ECF system on all counsel of record.


  /s/ Thomas J. Patti

**THOMAS J. PATTI, ESQ.**

Florida Bar No.: 118377

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com