UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-61297-RKA

**BYRON HALL,** *et al.*

    **Plaintiff,**

v.

**LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P.**

    **Defendants.**

_____/

## ANSWER TO CONSOLIDATED COMPLAINT

Defendants Resurgent Capital Services, L.P. and LVNV Funding, LLC, by and through their undersigned counsel, answer Plaintiff's Consolidated Complaint as follows:

### JURISDICTION AND VENUE

1. Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Admitted in part, denied in part. Defendants admit upon information and belief Plaintiff resides in this District. Defendants deny all remaining allegations in Paragraph 3 of the Complaint.

### PARTIES

4. Admitted upon information and belief.

5. Admitted.

6. Admitted in part, denied in part. Defendants admit LVNV is a Delaware limited liability company. Defendants deny all remaining allegations in Paragraph 6 of the Complaint.

## DEMAND FOR JURY TRIAL

7. Admitted in part, denied in part. Defendants admit Plaintiffs demand a trial by jury. Defendants deny the existence of triable issues of fact. To the extent triable issues are found to exist, Defendants demand a trial by jury on all issues of fact so triable.

## ALLEGATIONS

8. Admitted.

9. Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the Florida Administrative Code. Defendants deny all remaining allegations in Paragraph 14 of the Complaint.

15. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the Florida Administrative Code. Defendants deny all remaining allegations in Paragraph 15 of the Complaint.

16. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the Florida Administrative Code. Defendants deny all remaining allegations in Paragraph 16 of the Complaint.

17. Admitted.

18. Admitted.

19. Admitted in part, denied in part. Defendants admit the accounts at issue originated with a third-party creditor. Defendants deny all remaining allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Admitted in part, denied in part. Defendants admit LVNV conveyed a limited power of attorney to Resurgent on or about January 15, 2007, for the purposes specified therein. Defendants deny all remaining allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

## ALLEGATIONS OF TITUS

26. Admitted in part, denied in part. Defendants admit upon information and belief Plaintiff Titus filed a Chapter 13 bankruptcy petition on or about October 8, 2019. After reasonable investigation, Defendants lack sufficient knowledge and information to form a belief as all remaining allegations in Paragraph 26 of the Complaint and as such they are denied.

27. Admitted in part, denied in part. Defendants admit Resurgent filed PoC-1 on behalf of LVNV, on or about October 15, 2019, for an account owed by Plaintiff Titus that originated with Capital One Bank (USA), N.A. Defendants admit Plaintiff Titus defaulted on the account and the account is owned by LVNV. Defendants admit PoC-1 was signed under penalty of perjury by Resurgent's employee, David Lamb, who was acting within the course and scope of his employment. Defendants deny all remaining allegations in Paragraph 27 of the Complaint.

28. Admitted in part, denied in part. Defendants admit Resurgent filed PoC-2 on behalf of LVNV, on or about January 2, 2020, for an account owed by Plaintiff Titus that originated with HSBC Bank Nevada, N.A. Defendants admit Plaintiff Titus defaulted on the account and the account is owned by LVNV. Defendants admit PoC-2 was signed under penalty of perjury by Resurgent's employee, David Lamb, who was acting within the course and scope of his employment. Defendants deny all remaining allegations in Paragraph 28 of the Complaint.

29. Admitted in part, denied in part. Defendants admit Resurgent filed PoC-3 on behalf of LVNV, on or about January 2, 2020, for an account owed by Plaintiff Titus that originated with HSBC Bank Nevada, N.A. Defendants admit Plaintiff Titus defaulted on the account and the account is owned by LVNV. Defendants admit PoC-3 was signed under penalty of perjury by Resurgent's employee, David Lamb, who was acting within the course and scope of his employment. Defendants deny all remaining allegations in Paragraph 29 of the Complaint.

30. Admitted in part, denied in part. Defendants admit Resurgent filed PoC-4 on behalf of LVNV, on or about January 2, 2020, for an account owed by Plaintiff Titus that originated with General Electric Capital Corporation. Defendants admit Plaintiff Titus defaulted on the account and the account is owned by LVNV. Defendants admit PoC-4 was signed under penalty of perjury by Resurgent's employee, David Lamb, who was acting within the course and scope of his employment. Defendants deny all remaining allegations in Paragraph 30 of the Complaint.

## ALLEGATIONS OF HALL

31. Defendants admit upon information and belief Plaintiff Hall filed a Chapter 13 bankruptcy petition on September 16, 2019. After reasonable investigation, Defendants lack sufficient knowledge and information to form a belief as all remaining allegations in Paragraph 31 of the Complaint and as such they are denied.

32. Admitted in part, denied in part. Defendants admit Resurgent filed PoC-5 on behalf of LVNV, on or about September 25, 2019, for an account owed by Plaintiff Hall that originated with First Premier Bank. Defendants admit Plaintiff Hall defaulted on the account and the account is owned by LVNV. Defendants admit PoC-5 was signed under penalty of perjury by Resurgent's employee, David Lamb, who was acting within the course and scope of his employment. Defendants deny all remaining allegations in Paragraph 32 of the Complaint.

33. Admitted in part, denied in part. Defendants admit Resurgent filed PoC-6 on behalf of LVNV, on or about September 24, 2019, for an account owed by Plaintiff Hall that originated with Capital One Bank (USA), N.A. Defendants admit Plaintiff Hall defaulted on the account and the account is owned by LVNV. Defendants admit PoC-6 was signed under penalty of perjury by Resurgent's employee, David Lamb, who was acting within the course and scope of his employment. Defendants deny all remaining allegations in Paragraph 33 of the Complaint.

34. Admitted in part, denied in part. Defendants admit Resurgent filed PoC-7 on behalf of LVNV, on or about October 21, 2019, for an account owed by Plaintiff Hall that originated with AmeriCredit Financial Services, Inc. Defendants admit Plaintiff Hall defaulted on the account and the account is owned by LVNV. Defendants admit PoC-7 was signed under penalty of perjury by Resurgent's employee, Suzanne Dickson, who was acting within the course and scope of her employment. Defendants deny all remaining allegations in Paragraph 34 of the Complaint.

## ALLEGATIONS OF AMODIO

35. Admitted in part, denied in part. Defendants admit Resurgent filed PoC-8 on behalf of LVNV, on or about December 26, 2020, for an account owed by Plaintiff Amodio that originated with General Electric Capital Corporation. Defendants admit Plaintiff Amodio

defaulted on the account and the account is owned by LVNV.  Defendants admit PoC-8 was signed under penalty of perjury by Resurgent's employee, William Andrews, who was acting within the course and scope of his employment.  Defendants deny all remaining allegations in Paragraph 35 of the Complaint.

## ALLEGATIONS OF VILCINA

36. Admitted in part, denied in part.  Defendants admit Resurgent filed PoC-9 on behalf of LVNV, on or about July 3, 2019, for an account owed by Plaintiff Vilcina that originated with Household Bank (SB), N.A.  Defendants admit Plaintiff Vilcina defaulted on the account and the account is owned by LVNV.  Defendants admit PoC-9 was signed under penalty of perjury by Resurgent's employee, Leoann Shannon, who was acting within the course and scope of her employment.  Defendants deny all remaining allegations in Paragraph 36 of the Complaint.

## ALLEGATIONS OF FONTANEZ

37. Admitted in part, denied in part.  Defendants admit Resurgent filed PoC-10 on behalf of LVNV, on or about August 29, 2019, for an account owed by Plaintiff Fontanez that originated with HSBC Bank Nevada, N.A.  Defendants admit Plaintiff Fontanez defaulted on the account and the account is owned by LVNV.  Defendants admit PoC-10 was signed under penalty of perjury by Resurgent's employee, David Lamb, who was acting within the course and scope of his employment.  Defendants deny all remaining allegations in Paragraph 37 of the Complaint.

## ALLEGATIONS OF JONES

38. Admitted in part, denied in part.  Defendants admit Resurgent filed PoC-11 on behalf of LVNV, on or about July 24, 2019, for an account owed by Plaintiff Jones that originated with HSBC Bank Nevada, N.A.  Defendants admit Plaintiff Jones defaulted on the account and the account is owned by LVNV.  Defendants admit PoC-11 was signed under penalty of perjury

by Resurgent's employee, Susan Gaines, who was acting within the course and scope of her employment. Defendants deny all remaining allegations in Paragraph 38 of the Complaint.

## ALLEGATIONS OF DAY

39. Admitted in part, denied in part. Defendants admit Resurgent filed PoC-12 on behalf of LVNV, on or about June 18, 2020, for an account owed by Plaintiff Day. Defendants admit Plaintiff Day defaulted on the account and the account is owned by LVNV. Defendants admit PoC-12 was signed under penalty of perjury by Resurgent's employee, Susan Gaines, who was acting within the course and scope of her employment. Defendants deny all remaining allegations in Paragraph 39 of the Complaint.

## EXHIBITS

40. Admitted.

41. Admitted.

## ARTICLE III STANDING

42. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 42 of the Complaint. Defendants deny all remaining allegations in Paragraph 42 of the Complaint.

43. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 43 of the Complaint. Defendants deny all remaining allegations in Paragraph 43 of the Complaint.

44. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 44 of the Complaint. Defendants deny all remaining allegations in Paragraph 44 of the Complaint.

45. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 45 of the Complaint. Defendants deny all remaining allegations in Paragraph 45 of the Complaint.

46. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 46 of the Complaint. Defendants deny all remaining allegations in Paragraph 46 of the Complaint.

### SCOPE OF TRICHELL

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

### COUNT I.
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
*(against Resurgent)*

53. Defendants incorporate and reallege Paragraphs 1 through 52 of this Answer as though more fully set forth herein.

54. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P. and LVNV Funding, LLC respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

### COUNT II.
### VIOLATION OF FLA. STAT. § 559.72(9)
*(against Resurgent and LVNV)*

60. Defendants incorporate and reallege Paragraphs 1 through 52 of this Answer as though more fully set forth herein.

61. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P. and LVNV Funding, LLC respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

### COUNT III.
### VIOLATION OF FLA. STAT. § 559.72(5)
*(against LVNV)*

65. Defendants incorporate and reallege Paragraphs 1 through 52 of this Answer as though more fully set forth herein.

66. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P. and LVNV Funding, LLC respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER, LTD.**

By:   */s/ John M. Marees, II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES, II, ESQUIRE
FL Bar No. 0069879
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
*Counsel for Defendants*

Dated: August 21, 2020

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2020, a true copy of the foregoing document was served as follows:

*Via CM/ECF*
Jibrael Hindi, Esq.
Thomas Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, 17th Floor
Ft. Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com
*Attorneys for Plaintiffs*

**MESSER STRICKLER, LTD.**

By: */s/ John M. Marees, II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES, II, ESQUIRE
FL Bar No. 0069879
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
*Counsel for Defendants*

Dated: August 21, 2020