UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-61297-RKA

**BYRON HALL,** *et al.*

    **Plaintiff,**

v.

**LVNV FUNDING, LLC,** *et al.*

    **Defendants.**

_____/

## ANSWER TO SECOND AMENDED CONSOLIDATED COMPLAINT

Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, and Merrick Bank Corporation, by and through their undersigned counsel, answer Plaintiff's Second Amended Consolidated Complaint as follows:

### JURISDICTION AND VENUE

1. Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Admitted in part, denied in part. Defendants admit upon information and belief Plaintiff resides in this District. Defendants deny all remaining allegations in Paragraph 3 of the Complaint.

### PARTIES

4. Admitted upon information and belief.

5. Admitted.

6. Admitted.

7. Admitted.

1

## **DEMAND FOR JURY TRIAL**

8. Admitted in part, denied in part. Defendants admit Plaintiffs demand a trial by jury. Defendants deny the existence of triable issues of fact. To the extent triable issues are found to exist, Defendants demand a trial by jury on all issues of fact so triable.

## **ALLEGATIONS**

9. Admitted.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted

15. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the Florida Administrative Code. Defendants deny all remaining allegations in Paragraph 15 of the Complaint.

16. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the Florida Administrative Code. Defendants deny all remaining allegations in Paragraph 16 of the Complaint.

17. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the Florida Administrative Code. Defendants deny all remaining allegations in Paragraph 17 of the Complaint.

18. Admitted.

19. Admitted.

20. Admitted in part, denied in part. Defendants admit each of the underlying accounts arose from a transaction between the respective plaintiff and the corresponding original creditor. Defendants deny all remaining allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Admitted in part, denied in part. Defendants admit LVNV conveyed a limited power of attorney to Resurgent for the limited purposes specified therein. Defendants deny all remaining allegations in Paragraph 22 of the Complaint.

23. Admitted in part, denied in part. Defendants admit Merrick Bank conveyed a limited power of attorney to Resurgent for the limited purposes specified therein. Defendants deny all remaining allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

## ALLEGATIONS OF TITUS

30. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Titus' bankruptcy case on or about October 15, 2019 regarding an account that originated with Capital One Bank (USA), N.A., involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Titus' default. Defendants admit Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 30 of the Complaint.

31.     Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Titus' bankruptcy case on or about October 24, 2019 regarding an account that originated with Merrick Bank, involving an unsecured line of credit. Defendants' admit Titus defaulted on the account prior to the filing of the proof of claim. Defendants admit Resurgent's employee, Susan Gaines signed the proof of claim within the scope of her employment. Defendants deny all remaining allegations in Paragraph 31 of the Complaint.

32.     Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Titus' bankruptcy case on or about January 2, 2020 regarding an account that originated with HSBC Bank Nevada, N.A., involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Titus' default. Defendants admit Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 32 of the Complaint.

33.     Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Titus' bankruptcy case on or about January 2, 2020 regarding an account that originated with HSBC Bank Nevada, N.A., involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Titus' default. Defendants admit Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 33 of the Complaint.

34.     Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Titus' bankruptcy case on or about January 2, 2020 regarding an account that originated with General Electric Corporation, involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Titus' default. Defendants admit

Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 32 of the Complaint.

## ALLEGATIONS OF HALL

35. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Hall's bankruptcy case on or about September 25, 2019 regarding an account that originated with First Premier Bank, involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Hall's default. Defendants admit Resurgent's employee, William Andrews, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 35 of the Complaint.

36. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Hall's bankruptcy case on or about September 24, 2019 regarding an account that originated with Capital One Bank (USA), N.A. involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Hall's default. Defendants admit Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 36 of the Complaint.

37. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Hall's bankruptcy case on or about October 21, 2019 regarding an account that originated with AmeriCredit Financial Services involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Hall's default. Defendants admit Resurgent's employee, Suzanne Dickson, signed the proof of claim within the scope of her employment. Defendants deny all remaining allegations in Paragraph 37 of the Complaint.

## ALLEGATIONS OF AMODIO

38.     Admitted in part, denied in part.  Defendants admit Resurgent filed a proof of claim in Amodio's bankruptcy case on or about October 10, 2019 regarding an account that originated with Merrick Bank, involving an unsecured line of credit.  Defendants' admit Amodio defaulted on the account prior to the filing of the proof of claim.  Defendants admit Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment.  Defendants deny all remaining allegations in Paragraph 38 of the Complaint.

39.     Admitted in part, denied in part.  Defendants admit Resurgent filed a proof of claim in Amodio's bankruptcy case on or about December 26, 2019 regarding an account that originated with General Electric Corporation involving an unsecured line of credit.  Defendants admit LVNV acquired all rights, title, and interest in the account after Amodio's default.  Defendants admit Resurgent's employee, William Andrews, signed the proof of claim within the scope of his employment.  Defendants deny all remaining allegations in Paragraph 39 of the Complaint.

## ALLEGATIONS OF VILCINA

40.     Admitted in part, denied in part.  Defendants admit Resurgent filed a proof of claim in Vilcina's bankruptcy case on or about July 3, 2019.  Defendants admit LVNV acquired all rights, title, and interest in the account after Vilcina's default.  Defendants admit Resurgent's employee, Leoann Shannon, signed the proof of claim within the scope of her employment.  Defendants deny all remaining allegations in Paragraph 40 of the Complaint.

## ALLEGATIONS OF FONTANEZ

41.     Admitted in part, denied in part.  Defendants admit Resurgent filed a proof of claim in Fontanez's bankruptcy case on or about August 29, 2019 regarding an account that originated with HSBC Bank Nevada, N.A. involving an unsecured line of credit.  Defendants admit LVNV acquired all rights, title, and interest in the account after Fontanez's default.  Defendants admit

Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 41 of the Complaint.

## ALLEGATIONS OF JONES

42. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Jones' bankruptcy case on or about July 24, 2019 regarding an account that originated with HSBC Bank Nevada, N.A. involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account Jones' default. Defendants admit Resurgent's employee, Susan Gaines, signed the proof of claim within the scope of her employment. Defendants deny all remaining allegations in Paragraph 42 of the Complaint.

## ALLEGATIONS OF DAY

43. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Day's bankruptcy case on or about June 18, 2020. Defendants admit LVNV acquired all rights, title, and interest in the account after Day's default. Defendants admit Resurgent's employee, Susan Gaines, signed the proof of claim within the scope of her employment. Defendants deny all remaining allegations in Paragraph 43 of the Complaint.

## EXHIBITS

44. Admitted.

45. Admitted.

## ARTICLE III STANDING

46. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 46 of the Complaint. Defendants deny all remaining allegations in Paragraph 46 of the Complaint.

47. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 47 of the Complaint. Defendants deny all remaining allegations in Paragraph 47 of the Complaint.

48. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 48 of the Complaint. Defendants deny all remaining allegations in Paragraph 48 of the Complaint.

49. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 49 of the Complaint. Defendants deny all remaining allegations in Paragraph 49 of the Complaint.

50. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 50 of the Complaint. Defendants deny all remaining allegations in Paragraph 50 of the Complaint.

## SCOPE OF TRICHELL

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
*(against Resurgent)*

57. Defendants incorporate and reallege Paragraphs 1 through 56 of this Answer as though more fully set forth herein.

58. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, and Merrick Bank Corporation respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

## *COUNT II.*
## **VIOLATION OF FLA. STAT. § 559.72(9)**
*(against Resurgent and LVNV)*

64. Defendants incorporate and reallege Paragraphs 1 through 56 of this Answer as though more fully set forth herein.

65. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants deny the allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, and Merrick Bank Corporation respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

### COUNT III.
### VIOLATION OF FLA. STAT. § 559.72(9)
*(against Resurgent and M-Bank)*

69. Defendants incorporate and reallege Paragraphs 1 through 56 of this Answer as though more fully set forth herein.

70. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, and Merrick Bank Corporation respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

### COUNT IV
### VIOLATION OF FLA. STAT. § 559.72(5)
*(against LVNV)*

74. Defendants incorporate and reallege Paragraphs 1 through 56 of this Answer as though more fully set forth herein.

75. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, and Merrick Bank Corporation respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER, LTD.**

By:  */s/ John M. Marees, II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES, II, ESQUIRE
FL Bar No. 0069879
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
*Counsel for Defendants*

Dated: October 13, 2020

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2020, a true copy of the foregoing document was served as follows:

*Via CM/ECF*
Jibrael Hindi, Esq.
Thomas Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, 17th Floor
Ft. Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com
*Attorneys for Plaintiffs*

                **MESSER STRICKLER, LTD.**

By:   */s/ John M. Marees, II*
       LAUREN M. BURNETTE, ESQUIRE
       FL Bar No. 0120079
       JOHN M. MAREES, II, ESQUIRE
       FL Bar No. 0069879
       12276 San Jose Blvd.
       Suite 718
       Jacksonville, FL 32223
       (904) 527-1172
       (904) 683-7353 (fax)
       lburnette@messerstrickler.com
       jmarees@messerstrickler.com
       *Counsel for Defendants*

Dated: October 13, 2020