## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.** 0:20-cv-61297-RKA

**PAMELA TITUS**,
**JOSEPH AMODIO**,
**WILLIAM VILCINA**,
**JACQUELINE FONTANEZ**,
**PAUL JONES**,
**BRYON HALL**,
and **DAMIEN DAY**,

      Plaintiffs,

v.

**RESURGENT CAPITAL SERVICES L.P.**,
**LVNV FUNDING, LLC**,
**MERRICK BANK CORPORATION**,
**PINNACLE CREDIT SERVICES, LLC**,
and **PYOD, LLC**,

      Defendants.

_____/

## THIRD AMENDED CONSOLIDATED COMPLAINT [1]

      Plaintiffs Pamela Titus, Joseph Amodio, William Vilcina, Jacqueline Fontanez, Paul Jones, Bryon Hall, and Damien Day (collectively, the "Plaintiffs") sue Defendant Resurgent Capital Services L.P., Defendant LVNV Funding, LLC, Defendant Merrick Bank Corporation, Defendant PYOD, LLC, and Defendant Pinnacle Credit Services, LLC (collectively, the "Defendants") for violations of 15 U.S.C. § 1692e(2)(A) of the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. §§ 559.72(5) and (9) of the Florida Consumer Collection Practices Act ("FCCPA").

---

[1] Case Number **0:20-cv-61297-RKA** (*i.e.*, the above-captioned case number) represents the consolidation of, *in addition to the original pleadings filed in this action*, the cases: **0:20-cv-61317**, **0:20-cv-61394**, **0:20-cv-61395**, **0:20-cv-61412**, **0:20-cv-61417**, **0:20-cv-61419**, **0:20-cv-61311**, **0:20-cv-61315**, **0:20-cv-61430**, **0:20-cv-61382**, **0:20-cv-61318**, **0:20-cv-61301**, and **0:20-cv-61477**.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Supplemental jurisdiction exists for the claims arising under FCCPA pursuant to 28 U.S.C. § 1367.

3.      Venue in this District is proper because Plaintiffs resides here, Defendants transacts business here, and the complained conduct of Defendants occurred here.

## PARTIES

4.      Plaintiffs are each a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

5.      Defendant Resurgent Capital Services L.P. ("**Resurgent**") is Delaware limited partnership, with its principal place of business located in Greensville, South Carolina.

6.      Defendant LVNV Funding, LLC ("**LVNV**") is a Delaware limited liability company, with its principal place of business located in Greensville, South Carolina.

7.      Defendant Merrick Bank Corporation ("**M-Bank**") is a Utah corporation, with its principal place of business located in South Jordan, Utah.

8.      Defendant Pinnacle Credit Services, LLC ("**Pinnacle**") is a Minnesota limited liability company, with its principal place of business located in Greenville, South Carolina.

9.      Defendant PYOD, LLC ("**PYOD**") is a Delaware limited liability company, with its principal place of business located in Las Vegas, Nevada.

## DEMAND FOR JURY TRIAL

10.      Plaintiffs, respectfully, demand a trial by jury on all counts and issues so triable.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## ALLEGATIONS

11.     Resurgent is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

12.     LVNV is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

13.     Pinnacle is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

14.     PYOD is an entity required to register with the Florida Office of Financial Regulation as a "Consumer Collection Agency" to lawfully collect consumer debts in Florida.

15.     Resurgent is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

16.     LVNV is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

17.     Pinnacle is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

18.     PYOD is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

19.     Resurgent's "Consumer Collection Agency" license number is CCA0900145.

20.     LVNV's "Consumer Collection Agency" license number is CCA9902540.

21.     Pinnacle's "Consumer Collection Agency" license number is CCA0900339.

22.     PYOD's "Consumer Collection Agency" license number is CCA9902541.

23.     For the "Consumer Collection Agency" license of each Resurgent, LVNV, Pinnacle, and PYOD, to remain valid, Resurgent, LVNV, Pinnacle, and PYOD, are each

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

respectively required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

24.     Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that Resurgent, LVNV, Pinnacle, and PYOD, *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

25.     Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that that Resurgent, LVNV, Pinnacle, and PYOD, *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

26.     Resurgent, LVNV, Pinnacle, and PYOD, each, maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.

27.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Resurgent, LVNV, Pinnacle, and PYOD, do maintain, are current to within one week of the current date.

28.     Each of the below-alleged sixteen (16) debts (collectively, the "Consumer Debts") that Defendants sought to collect originated, and otherwise arose, from a transaction between the respective plaintiff and corresponding original creditor, whereby each transaction was primarily for the personal benefit of said plaintiff.

29.     Each of the Consumer Debts are comprised of principal, interest, and fees, whereby the total amount owed with respect to each of the Consumer Debts, pursuant to the agreement underlying it, are subject to increase based on the principal portion of the debt and the interest and fees which said principal is subject thereto.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

30.     On January 15, 2007, LVNV conveyed a limited power of attorney ("PoA-1") to Resurgent for purposes of engaging in certain collection efforts on its (LVNV's) behalf, including, but not limited to, the filing of bankruptcy proofs of claim.

31.     On September 29, 2009, M-Bank conveyed a limited power of attorney ("PoA-2") to Resurgent for purposes of engaging in certain collection efforts on its (M-Bank's) behalf, including, but not limited to, the filing of bankruptcy proofs of claim.

32.     On July 31, 2008, PYOD conveyed a limited power of attorney ("PoA-3") to Resurgent for purposes of engaging in certain collection efforts on its (PYOD's) behalf, including, but not limited to, the filing of bankruptcy proofs of claim.

33.     On April 18, 2016, Pinnacle conveyed a limited power of attorney ("PoA-4") to Resurgent for purposes of engaging in certain collection efforts on its (Pinnacle's) behalf, including, but not limited to, the filing of bankruptcy proofs of claim.

34.     Subsequent to the conveyance of each PoA-1, PoA-2, PoA-3, and PoA-4 (collectively, the "PoAs") to Resurgent, or otherwise contemporaneous therewith, the Consumer Debts were assigned and/or referred to Resurgent for collection under the terms the applicable power of attorney.

35.     In referring and/or assigning the collection of the Consumer Debts of Plaintiffs Titus, Hall, Amodio, Vilcina, Fontanez, Jones, and Day, to Resurgent, LVNV disclosed to Resurgent *false* information about Plaintiffs Titus, Hall, Amodio, Vilcina, Fontanez, Jones, and Day, and/or information that Resurgent had no *legitimate* business need for, the likes of which affected the reputation of Plaintiffs Titus, Hall, Amodio, Vilcina, Fontanez, Jones, and Day. For example, LVNV falsely disclosed to Resurgent (the "Disclosures of LVNV"), *among other things*, that each of the Consumer Debts of Plaintiffs Titus, Hall, Amodio, Vilcina, Fontanez, Jones, and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Day, were comprised entirely of *principal* and, in so doing, falsely represented the *amount* and *character* of each respective debt.

36.      In referring and/or assigning the collection of the Consumer Debts of Plaintiffs Titus and Amodio to Resurgent, M-Bank disclosed to Resurgent *false* information about Titus and Amodio and/or information that Resurgent had no *legitimate* business need for, the likes of which affected the reputation of Titus and Amodio. For example, M-Bank falsely disclosed to Resurgent (the "Disclosures of M-Bank"), *among other things*, that each of the Consumer Debts were comprised entirely of *principal* and, in so doing, falsely represented the *amount* and *character* of each respective debt.

37.      In referring and/or assigning the collection of the Consumer Debt of Plaintiff Fontanez to Resurgent, PYOD disclosed to Resurgent *false* information about Plaintiff Fontanez and/or information that Resurgent had no *legitimate* business need for, the likes of which affected the reputation of Plaintiff Fontanez. For example, PYOD falsely disclosed to Resurgent (the "Disclosures of PYOD"), *among other things*, that the consumer debt of Plaintiff Fontanez was comprised entirely of *principal* and, in so doing, falsely represented the *amount* and *character* of said debt of Plaintiff Fontanez.

38.      In referring and/or assigning the collection of the Consumer Debt of Plaintiff Vilcina to Resurgent, Pinnacle disclosed to Resurgent *false* information about Plaintiff Vilcina and/or information that Resurgent had no *legitimate* business need for, the likes of which affected the reputation of Plaintiff Vilcina. For example, Pinnacle falsely disclosed to Resurgent (the "Disclosures of Pinnacle"), *among other things*, that the consumer debt of Plaintiff Vilcina was comprised entirely of *principal* and, in so doing, falsely represented the *amount* and *character* of said debt of Plaintiff Vilcina.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

39.     The Disclosures of LVNV, the Disclosures of M-Bank, the Disclosures of PYOD, and the Disclosures of Pinnacle, each, affected the respective reputation of Plaintiffs. For example, the disclosure affected Plaintiffs' reputation regarding the repayment of debts, Plaintiffs' reputation of truthfulness, Plaintiffs' reputation of solvency, and Plaintiffs' reputation regarding trustworthiness.

40.     By way of documents and information Resurgent maintains in accordance with Rule 69V-180.080, Florida Administrative Code: [1] Resurgent knew that each of the Consumer Debts were comprised of principal, interest, and fees; [2] Resurgent knew that the overall amount of each of the Consumer Debts were subject to increase by way of interest and/or fees; and [3] Resurgent knew that *none* of the Consumer Debts were comprised *entirely* of principal.

41.     By way of documents and information LVNV maintains in accordance with Rule 69V-180.080, Florida Administrative Code: [1] LVNV knew that each of the respective Consumer Debts were comprised of principal, interest, and fees; [2] LVNV knew that the overall amount of each of said Consumer Debts were subject to increase by way of interest and/or fees; and [3] LVNV knew that *none* of said Consumer Debts were comprised *entirely* of principal.

42.     By way of documents and information PYOD maintains in accordance with Rule 69V-180.080, Florida Administrative Code: [1] PYOD knew that the consumer debt of Fontanez was comprised of principal, interest, and fees; [2] PYOD knew that the overall amount of said consumer debt was subject to increase by way of interest and/or fees; and [3] PYOD knew that said consumer debt *was not* comprised *entirely* of principal.

43.     By way of documents and information Pinnacle maintains in accordance with Rule 69V-180.080, Florida Administrative Code: [1] Pinnacle knew that the consumer debt of Vilcina was comprised of principal, interest, and fees; [2] Pinnacle knew that the overall amount of said

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

consumer debt was subject to increase by way of interest and/or fees; and [3] Pinnacle knew that said consumer debt *was not* comprised *entirely* of principal.

44.     As elaborated below, (**Count 1**) **Resurgent** violated § 1692e(2)(A) of the FDCPA, (**Count 2**) **Resurgent** *and* **LVNV** violated § 559.72(9) of the FCCPA by filing false proofs of claim in each of the Plaintiffs bankruptcy proceeding, (**Count 3**) **Resurgent** *and* **M-Bank** violated § 559.72(9) of the FCCPA by filing false proofs of claim in the bankruptcy proceeding of Titus and Amodio, (**Count 4**) **Resurgent** *and* **PYOD** violated § 559.72(9) of the FCCPA by filing a false proof of claim in the bankruptcy proceeding of Fontanez, (**Count 5**) **Resurgent** *and* **Pinnacle** violated § 559.72(9) of the FCCPA by filing a false proof of claim in the bankruptcy proceeding of Vilcina, (**Count 6**) **LVNV** violated § 559.72(5) of the FCCPA by relaying false information to Resurgent that affecting the reputation of each of the Plaintiffs, (**Count 7**)  **M-Bank** violated § 559.72(5) of the FCCPA by relaying false information to Resurgent that affecting the reputation of Titus and Amodio, (**Count 8**)  **PYOD** violated § 559.72(5) of the FCCPA by relaying false information to Resurgent that affecting the reputation of Fontanez, and (**Count 9**) **Pinnacle** violated § 559.72(5) of the FCCPA by relaying false information to Resurgent that affecting the reputation of Vilcina.

### ALLEGATIONS OF TITUS

45.     On October 15, 2019, acting on behalf of LVNV, and consistent with the terms of PoA-1, Resurgent filed a proof of claim ("**PoC-1**") in Titus' bankruptcy case in connection with the collection of a debt originating from a transaction between Capital One Bank (USA), N.A., as the original creditor of the debt, and Titus, involving  an unsecure line of credit ("**Debt-1**"). Prior to the filing of PoC-1, but *after* Titus had defaulted on Debt-1, all rights, title, and interest in Debt-1 had been purchased by LVNV. PoC-1 was signed under penalty of perjury by Resurgent's

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

employee, David Lamb, who, when signing PoC-1, was acting within the course and scope of his or her employment with Resurgent. PoC-1 is a representation, means, and/or communication in connection with the collection of Debt-1. PoC-1 falsely represents Debt-1 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-1 as $910.65. By signing PoC-1 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-1 as being $910.65. Further, by signing PoC-1 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-1 as being *only* principal and containing *no* interest or fees.

46.     On October 24, 2019, acting on behalf of M-Bank, and consistent with the terms of PoA-2, Resurgent filed a proof of claim ("**PoC-2**") in Titus' bankruptcy case in connection with the collection of a debt originating from a transaction between M-Bank and Titus, involving an unsecure line of credit ("**Debt-2**"). Titus had defaulted on Debt-2 prior to the filing of PoC-2. PoC-2 was signed under penalty of perjury by Resurgent's employee, Susan Gaines, who, when signing PoC-2, was acting within the course and scope of his or her employment with Resurgent. PoC-2 is a representation, means, and/or communication in connection with the collection of Debt-2. PoC-2 falsely represents Debt-2 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-2 as $1,691.85. By signing PoC-2 under penalty of perjury and on behalf of Resurgent, Susan Gaines falsely represented the principal portion of Debt-2 as being $1,691.85. Further, by signing PoC-2 under penalty of perjury and on behalf of Resurgent, Susan Gaines falsely represented the total amount of Debt-2 as being *only* principal and containing *no* interest or fees.

47.     On January 02, 2020, acting on behalf of LVNV, and consistent with the terms of PoA-1, Resurgent filed a proof of claim ("**PoC-3**") in Titus' bankruptcy case in connection with

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the collection of a debt originating from a transaction between HSBC Bank Nevada, N.A., as the original creditor of the debt, and Titus, involving an unsecure line of credit ("**Debt-3**"). Prior to the filing of PoC-3, but *after* Titus had defaulted on Debt-3, all rights, title, and interest in Debt-3 had been purchased by LVNV. PoC-3 was signed under penalty of perjury by Resurgent's employee, David Lamb, who, when signing PoC-3, was acting within the course and scope of his or her employment with Resurgent. PoC-2 is a representation, means, and/or communication in connection with the collection of Debt-2. PoC-3 falsely represents Debt-3 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-3 as $792.03. By signing PoC-3 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-3 as being $792.03. Further, by signing PoC-3 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-3 as being *only* principal and containing *no* interest or fees.

48.     On January 02, 2020, acting on behalf of LVNV, and consistent with the terms of PoA-1, Resurgent filed a proof of claim ("**PoC-4**") in Titus' bankruptcy case in connection with the collection of a debt originating from a transaction between HSBC Bank Nevada, N.A., as the original creditor of the debt, and Titus, involving an unsecure line of credit ("**Debt-4**"). Prior to the filing of PoC-4, but *after* Titus had defaulted on Debt-4, all rights, title, and interest in Debt-4 had been purchased by LVNV. PoC-4 was signed under penalty of perjury by Resurgent's employee, David Lamb, who, when signing PoC-4, was acting within the course and scope of his or her employment with Resurgent. PoC-4 is a representation, means, and/or communication in connection with the collection of Debt-4. PoC-4 falsely represents Debt-4 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-4 as $552.66. By signing PoC-4 under penalty of perjury and on behalf of Resurgent, David Lamb falsely

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

represented the principal portion of Debt-4 as being $552.66. Further, by signing PoC-4 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-4 as being *only* principal and containing *no* interest or fees.

49.    On January 02, 2020, acting on behalf of LVNV, and consistent with the terms of PoA-1, Resurgent filed a proof of claim ("**PoC-5**") in Titus' bankruptcy case in connection with the collection of a debt originating from a transaction between General Electric Capital Corporation, as the original creditor of the debt, and Titus, involving  an unsecure line of credit ("**Debt-5**"). Prior to the filing of PoC-5, but *after* Titus had defaulted on Debt-5, all rights, title, and interest in Debt-5 had been purchased by LVNV. PoC-5 was signed under penalty of perjury by Resurgent's employee, David Lamb, who, when signing PoC-5, was acting within the course and scope of his or her employment with Resurgent. PoC-5 is a representation, means, and/or communication in connection with the collection of Debt-5. PoC-5 falsely represents Debt-5 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-5 as $448.11. By signing PoC-5 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-5 as being $448.11. Further, by signing PoC-5 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-5 as being *only* principal and containing *no* interest or fees.

### ALLEGATIONS OF HALL

50.    On September 25, 2019, acting on behalf of LVNV, and consistent with the terms of PoA-1, Resurgent filed a proof of claim ("**PoC-6**") in Hall's bankruptcy case in connection with the collection of a debt originating from a transaction between First Premier Bank, as the original creditor of the debt, and Hall, involving  an unsecure line of credit ("**Debt-6**"). Prior to the filing of PoC-6, but *after* Hall had defaulted on Debt-6, all rights, title, and interest in Debt-6 had been

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

purchased by LVNV. PoC-6 was signed under penalty of perjury by Resurgent's employee, William Andrews, who, when signing PoC-6, was acting within the course and scope of his or her employment with Resurgent. PoC-6 is a representation, means, and/or communication in connection with the collection of Debt-6. PoC-6 falsely represents Debt-6 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-6 as $455.35. By signing PoC-6 under penalty of perjury and on behalf of Resurgent, William Andrews falsely represented the principal portion of Debt-6 as being $455.35. Further, by signing PoC-6 under penalty of perjury and on behalf of Resurgent, William Andrews falsely represented the total amount of Debt-6 as being *only* principal and containing *no* interest or fees.

51.    On September 24, 2019, acting on behalf of LVNV, and consistent with the terms of PoA-1, Resurgent filed a proof of claim ("**PoC-7**") in Hall's bankruptcy case in connection with the collection of a debt originating from a transaction between Capital One Bank (USA), N.A., as the original creditor of the debt, and Hall, involving an unsecure line of credit ("**Debt-7**"). Prior to the filing of PoC-7, but *after* Hall had defaulted on Debt-7, all rights, title, and interest in Debt-7 had been purchased by LVNV. PoC-7 was signed under penalty of perjury by Resurgent's employee, David Lamb, who, when signing PoC-7, was acting within the course and scope of his or her employment with Resurgent. PoC-7 is a representation, means, and/or communication in connection with the collection of Debt-7. PoC-7 falsely represents Debt-7 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-7 as $886.68. By signing PoC-7 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-7 as being $886.68. Further, by signing PoC-7 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-7 as being *only* principal and containing *no* interest or fees.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

52.     On October 21, 2019, acting on behalf of LVNV, and consistent with the terms of PoA-1, Resurgent filed a proof of claim ("**PoC-8**") in Hall's bankruptcy case in connection with the collection of a debt originating from a transaction between AmeriCredit Financial Services, Inc., as the original creditor of the debt, and Hall, involving an unsecure line of credit ("**Debt-8**"). Prior to the filing of PoC-8, but *after* Hall had defaulted on Debt-8, all rights, title, and interest in Debt-8 had been purchased by LVNV. PoC-8 was signed under penalty of perjury by Resurgent's employee, Suzanne Dickson, who, when signing PoC-8, was acting within the course and scope of his or her employment with Resurgent. PoC-8 is a representation, means, and/or communication in connection with the collection of Debt-8. PoC-8 falsely represents Debt-8 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-8 as $16,737.30. By signing PoC-8 under penalty of perjury and on behalf of Resurgent, Suzanne Dickson falsely represented the principal portion of Debt-8 as being $16,737.30. Further, by signing PoC-8 under penalty of perjury and on behalf of Resurgent, Suzanne Dickson falsely represented the total amount of Debt-8 as being *only* principal and containing *no* interest or fees.

### ALLEGATIONS OF AMODIO

53.     On October 10, 2019, acting on behalf of M-Bank, and consistent with the terms of PoA-2, Resurgent filed a proof of claim ("**PoC-9**") in Amodio's bankruptcy case in connection with the collection of a debt originating from a transaction between M-Bank and Amodio, involving an unsecure line of credit ("**Debt-9**"). Amodio defaulted on Debt-9 prior to the filing of PoC-9. PoC-9 was signed under penalty of perjury by Resurgent's employee, David Lamb, who, when signing PoC-9, was acting within the course and scope of his or her employment with Resurgent. PoC-9 is a representation, means, and/or communication in connection with the collection of Debt-9. PoC-9 falsely represents Debt-9 as being comprised *entirely of principal*, as

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

well as falsely represents the principal portion of Debt-9 as $2,356.23. By signing PoC-9 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-9 as being $2,356.23. Further, by signing PoC-9 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-9 as being *only* principal and containing *no* interest or fees.

54.     On December 26, 2019, acting on behalf of LVNV, and consistent with the terms of PoA-1, Resurgent filed a proof of claim ("**PoC-10**") in Amodio's bankruptcy case in connection with the collection of a debt originating from a transaction between General Electric Capital Corporation, as the original creditor of the debt, and Amodio, involving an unsecure line of credit ("**Debt-10**"). Prior to the filing of PoC-10, but *after* Amodio had defaulted on Debt-10, all rights, title, and interest in Debt-10 had been purchased by LVNV. PoC-10 was signed under penalty of perjury by Resurgent's employee, William Andrews, who, when signing PoC-10, was acting within the course and scope of his or her employment with Resurgent. PoC-10 is a representation, means, and/or communication in connection with the collection of Debt-10. PoC-10 falsely represents Debt-10 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-10 as $5,837.71. By signing PoC-10 under penalty of perjury and on behalf of Resurgent, William Andrews falsely represented the principal portion of Debt-10 as being $5,837.71. Further, by signing PoC-10 under penalty of perjury and on behalf of Resurgent, William Andrews falsely represented the total amount of Debt-10 as being *only* principal and containing *no* interest or fees.

### ALLEGATIONS OF VILCINA

55.     On July 3, 2019, acting on behalf of LVNV, and consistent with the terms of PoA-1, Resurgent filed a proof of claim ("**PoC-11**") in Vilcina's bankruptcy case in connection with

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the collection of a debt originating from a transaction between Household Bank (SB), N.A., as the original creditor of the debt, and Vilcina, involving an unsecure line of credit ("**Debt-11**"). Prior to the filing of PoC-11, but *after* Vilcina had defaulted on Debt-11, all rights, title, and interest in Debt-11 had been purchased by LVNV. PoC-11 was signed under penalty of perjury by Resurgent's employee, Leoann Shannon, who, when signing PoC-11, was acting within the course and scope of his or her employment with Resurgent. PoC-11 is a representation, means, and/or communication in connection with the collection of Debt-11. PoC-11 falsely represents Debt-11 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-11 as $2,668.27. By signing PoC-11 under penalty of perjury and on behalf of Resurgent, Leoann Shannon falsely represented the principal portion of Debt-11 as being $2,668.27. Further, by signing PoC-11 under penalty of perjury and on behalf of Resurgent, Leoann Shannon falsely represented the total amount of Debt-11 as being *only* principal and containing *no* interest or fees.

56.     On July 08, 2019, acting on behalf of Pinnacle, and consistent with the terms of PoA-4, Resurgent filed a proof of claim ("**PoC-15**") in Vilcina's bankruptcy case in connection with the collection of a debt originating from a transaction between Verizon Wireless, as the original creditor of the debt, and Vilcina, involving telecommunication services ("**Debt-15**"). Prior to the filing of PoC-15, but *after* Vilcina had defaulted on Debt-15, all rights, title, and interest in Debt-15 had been purchased by Pinnacle. PoC-15 was signed under penalty of perjury by Resurgent's employee, William Andrews, who, when signing PoC-15, was acting within the course and scope of his or her employment with Resurgent. PoC-15 is a representation, means, and/or communication in connection with the collection of Debt-15. PoC-15 falsely represents Debt-15 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-15 as $1,472.43. By signing PoC-15 under penalty of perjury and on behalf of Resurgent,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

William Andrews falsely represented the principal portion of Debt-15 as being $1,472.43. Further, by signing PoC-15 under penalty of perjury and on behalf of Resurgent, William Andrews falsely represented the total amount of Debt-15 as being *only* principal and containing *no* interest or fees.

### ALLEGATIONS OF FONTANEZ

57.     On August 29, 2019, acting on behalf of LVNV, and consistent with the terms of PoA-1, Resurgent filed a proof of claim ("**PoC-12**") in Fontanez' bankruptcy case in connection with the collection of a debt originating from a transaction between HSBC Bank Nevada, N.A., as the original creditor of the debt, and Fontanez, involving  an unsecure line of credit ("**Debt-12**"). Prior to the filing of PoC-12, but *after* Fontanez had defaulted on Debt-12, all rights, title, and interest in Debt-12 had been purchased by LVNV. PoC-12 was signed under penalty of perjury by Resurgent's employee, David Lamb, who, when signing PoC-12, was acting within the course and scope of his or her employment with Resurgent. PoC-12 is a representation, means, and/or communication in connection with the collection of Debt-12. PoC-12 falsely represents Debt-12 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-12 as $354.20. By signing PoC-12 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-12 as being $354.20. Further, by signing PoC-12 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-12 as being *only* principal and containing *no* interest or fees.

58.     On August 29, 2019, acting on behalf of PYOD, and consistent with the terms of PoA-3, Resurgent filed a proof of claim ("**PoC-16**") in Fontanez' bankruptcy case in connection with the collection of a debt originating from a transaction between CitiBank, as the original creditor of the debt, and Fontanez, involving  an unsecure line of credit ("**Debt-16**"). Prior to the filing of PoC-16, but *after* Fontanez had defaulted on Debt-16, all rights, title, and interest in Debt-

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16 had been purchased by PYOD. PoC-16 was signed under penalty of perjury by Resurgent's employee, David Lamb, who, when signing PoC-16, was acting within the course and scope of his or her employment with Resurgent. PoC-16 is a representation, means, and/or communication in connection with the collection of Debt-16. PoC-16 falsely represents Debt-16 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-16 as $410.92. By signing PoC-16 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the principal portion of Debt-16 as being $410.92. Further, by signing PoC-16 under penalty of perjury and on behalf of Resurgent, David Lamb falsely represented the total amount of Debt-16 as being *only* principal and containing *no* interest or fees.

### ALLEGATIONS OF JONES

59.     On July 24, 2019, acting on behalf of LVNV, and consistent with the terms of PoA-1, Resurgent filed a proof of claim ("**PoC-13**") in Jones's bankruptcy case in connection with the collection of a debt originating from a transaction between HSBC Bank Nevada, N.A., as the original creditor of the debt, and Jones, involving  an unsecure line of credit ("**Debt-13**"). Prior to the filing of PoC-13, but *after* Jones had defaulted on Debt-13, all rights, title, and interest in Debt-13 had been purchased by LVNV. PoC-13 was signed under penalty of perjury by Resurgent's employee, Susan Gaines, who, when signing PoC-13, was acting within the course and scope of his or her employment with Resurgent. PoC-13 is a representation, means, and/or communication in connection with the collection of Debt-13. PoC-13 falsely represents Debt-13 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-13 as $727.74. By signing PoC-13 under penalty of perjury and on behalf of Resurgent, Susan Gaines falsely represented the principal portion of Debt-13 as being $727.74. Further, by signing PoC-13

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

under penalty of perjury and on behalf of Resurgent, Susan Gaines falsely represented the total amount of Debt-13 as being *only* principal and containing *no* interest or fees.

## ALLEGATIONS OF DAY

60.     On June 18, 2020, acting on behalf of LVNV, and consistent with the terms of PoA-1, Resurgent filed a proof of claim ("**PoC-14**") in Day's bankruptcy case in connection with the collection of a debt originating from a transaction between original, as the original creditor of the debt, and Day, involving  an unsecure line of credit ("**Debt-14**"). Prior to the filing of PoC-14, but *after* Day had defaulted on Debt-14, all rights, title, and interest in Debt-14 had been purchased by LVNV. PoC-14 was signed under penalty of perjury by Resurgent's employee, Susan Gaines, who, when signing PoC-14, was acting within the course and scope of his or her employment with Resurgent. PoC-14 is a representation, means, and/or communication in connection with the collection of Debt-14. PoC-14 falsely represents Debt-14 as being comprised *entirely of principal*, as well as falsely represents the principal portion of Debt-14 as $692.97. By signing PoC-14 under penalty of perjury and on behalf of Resurgent, Susan Gaines falsely represented the principal portion of Debt-14 as being $692.97. Further, by signing PoC-14 under penalty of perjury and on behalf of Resurgent, Susan Gaines falsely represented the total amount of Debt-14 as being *only* principal and containing *no* interest or fees.

## EXHIBITS

61.     Attached as Composite Exhibit "A" is a copy of the PoAs.

62.     Attached as Composite Exhibit "B" is a copy of PoC-1 *through* PoC-16.

## ARTICLE III STANDING

63.     "Under settled precedent, the 'irreducible constitutional minimum' of standing consists of three elements: the plaintiff must have suffered an injury in fact, the defendant must

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

have caused that injury, and a favorable decision must be likely to redress it. The party invoking the jurisdiction of a federal court bears the burden of establishing these elements to the extent required at each stage of the litigation." <u>Trichell v. Midland Credit Mgmt.</u>, 964 F.3d 990, *7 (11th Cir. 2020) (*citing* and *quoting* <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560-61 (1992)). Simplified, Article III standing has three leading components: (1) *injury in fact*; (2) *causation*; and (3) *redressability.*

64. "The 'foremost' standing requirement is **injury in fact**." <u>Trichell</u> at *8 (emphasis added) (*quoting* <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 103 (1998)).

65. "An injury in fact consists of '**an invasion of a legally protected interest**' that is both '**concrete** and **particularized**' and '**actual** or **imminent**, not conjectural or hypothetical.'" <u>Trichell</u> at *8 (emphasis added) (*quoting* <u>Lujan</u>, 504 U.S. 555 at 560). Simplified, *injury in fact* has four components: an (1) actual or imminent, and not conjectural or hypothetical, (2) invasion of a legally protected interest (3) that is concreate and (4) particularized. *See* <u>Spokeo</u>, 136 S. Ct. 1540 at 1548 ("To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (*quoting* <u>Lujan</u>, 504 U. S. 555 at 560)); *see also* <u>Cooper v. Atl. Credit & Fin.</u>, No. 19-12177, 2020 U.S. App. LEXIS 23719, at *8 (11th Cir. July 28, 2020) ("To establish standing, a plaintiff must instead '**show that the violation harmed** … **the underlying concrete interest that Congress sought to protect**.'" (emphasis added) (*quoting* <u>Casillas v. Madison Ave. Assocs.</u>, 926 F.3d 329, 333 (7th Cir. 2019)).

66. "To be **particularized**, the injury 'must affect the plaintiff in a personal and individual way.' [*quoting* <u>Lujan</u>, 504 U. S. 555 at 560 n.1]. In other words, 'the injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

himself among the injured.' [*quoting* <u>Sierra Club v. Morton</u>, 405 U.S. 727, 734-35 (1972)]. The same principle holds true when the plaintiff invokes a statutory cause of action: 'where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a **concrete**, **particularized**, and **personal injury** to that person as a result of the violation of the newly created legal rights.'" <u>Trichell</u> at \*17 (emphasis added) (*quoting* <u>Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.</u>, 781 F.3d 1245, 1251 (11th Cir. 2015)).

67.      "A '**concrete**' injury must be '*de facto*' – that is, it must be '**real**, and not abstract.'" <u>Trichell</u> at \*8 (emphasis added) (*quoting* <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. 1540, 1548 (2016)). "As a general matter, **tangible injuries qualify as concrete**." <u>Trichell</u> at \*8 (*quoting* <u>Spokeo</u>, 136 S. Ct. 1540 at 1549). Allegations of either having "**made any payments** in response to" a challenged collection letter "or even … **wasted time** *or* **money** in determining whether to do so" are tangible and otherwise concrete injuries. <u>Trichell</u> at \*8 (emphasis added).

## <u>SCOPE OF TRICHELL</u>

68.      In <u>Trichell</u>, the Eleventh Circuit pointedly grappled the *injury in fact* component of Article III standing – and in particular – whether the *intangible* injuries alleged by the plaintiffs were capable of satiating the overarching *injury in fact* requirement. The <u>Trichell</u> court observed the injuries alleged by the plaintiffs as *intangible* because, although claiming to have **received** *misleading* and *unfair* collection letters that violated their rights under 15 U.S.C. § 1692e (generally prohibiting *misleading* communications in connection with the collection of a consumer debt) and § 1692f (generally prohibiting *unfair* communications in connection with the collection of a consumer debt), **neither plaintiff alleged to have been misled or otherwise unfairly mislead by their respective collection letter**.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
<u>www.JibraelLaw.com</u>

69.     Without allegations indicating that the plaintiffs themselves were misled, and because the *specific* section of the FDCPA advanced by the plaintiffs only prohibited *misleading* communications, any ability to satiate Article III standing by the plaintiffs quickly crumbled. Put differently, because the plaintiffs' claim was that the underlying collection letters were misleading and/or otherwise unfair, **in light of the fact that neither plaintiff alleged to have been misled themselves**: [1] there was no palpable *actual* injury, but instead, merely the risk of an *imminent* injury, of which the court found insufficiently imminent, *and* [2] there was no sufficiently concrete *or* particularized injury because the plaintiffs did not allege more than an injury to a cognizable interest (*i.e.*, the plaintiffs *only* alleged the collection letters could unlawfully mislead the least sophisticated consumer, and *not* that the plaintiffs themselves were unlawfully mislead).

70.     Simply put, <u>Trichell</u> confirms that, to the extent a plaintiff is seeking to enforce an invasion of a statutorily created interest (*e.g.*, § 1692e of the FDCPA which *generally* prohibits misleading communications in connection with the collection of a debt from a debt collectors), a plaintiff cannot manifest the necessary *injury in fact* unless the plaintiff  alleges a **concrete**, **particularized**, and **personal injury** caused by the violation of said statutorily created right.

71.     With respect to Plaintiffs and the immediate action, <u>Trichell</u> affords *some* utility to the analysis of whether Plaintiffs have sustained and alleged the necessary *injury in fact*. In large, however, <u>Trichell</u> is of limited application, as the focus of <u>Trichell</u> was the sufficiency of the *intangible* injury alleged by the plaintiffs.

72.     Unlike <u>Trichell</u>, the claims of Plaintiffs are not ones based on *misleading* communications, but rather, Plaintiffs claims are perched on the ***false*** **and otherwise** ***public*** representations made by Defendants with respect to debts Defendants sought to collect.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

73.     As set forth in more detail below, (**Count 1**) **Resurgent** violated § 1692e(2)(A) of the FDCPA, (**Count 2**) **Resurgent** *and* **LVNV** violated § 559.72(9) of the FCCPA by filing false proofs of claim in each of the Plaintiffs bankruptcy proceeding, (**Count 3**) **Resurgent** *and* **M-Bank** violated § 559.72(9) of the FCCPA by filing false proofs of claim in the bankruptcy proceeding of Titus and Amodio, (**Count 4**) **Resurgent** *and* **PYOD** violated § 559.72(9) of the FCCPA by filing a false proof of claim in the bankruptcy proceeding of Fontanez, (**Count 5**) **Resurgent** *and* **Pinnacle** violated § 559.72(9) of the FCCPA by filing a false proof of claim in the bankruptcy proceeding of Vilcina, (**Count 6**) **LVNV** violated § 559.72(5) of the FCCPA by relaying false information to Resurgent that affecting the reputation of each of the Plaintiffs, (**Count 7**) **M-Bank** violated § 559.72(5) of the FCCPA by relaying false information to Resurgent that affecting the reputation of Titus and Amodio, (**Count 8**) **PYOD** violated § 559.72(5) of the FCCPA by relaying false information to Resurgent that affecting the reputation of Fontanez, and (**Count 9**) **Pinnacle** violated § 559.72(5) of the FCCPA by relaying false information to Resurgent that affecting the reputation of Vilcina.

74.     In light of Plaintiffs claims and, again, unlike the plaintiffs of Trichell, Plaintiffs have sustained **tangible injuries** the likes of which are objectively concrete, as Defendants unlawful conduct has both *wasted* each of the Plaintiffs time, and more pointedly, harmed the reputation of each respective Plaintiff. *See* Trichell at *8 (exemplifying allegations of either having "made any payments in response to" a challenged collection letter "or even … wasted time or money in determining whether to do so" as tangible and otherwise concrete injuries for purposes of Article III standing).

75.     Further, as alleged below, because Defendants' violation of § 1692e(2)(A) of the FDCPA and §§ 559.72(5) and (9) of the FCCPA caused *tangible* harm to Plaintiffs, it is without

PAGE | **22** of **36**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

question that Plaintiffs' *actual* injuries are sufficiently *particularized*. Thus, Plaintiffs have sufficiently established the *injury in fact* component of Article III standing, leaving only *causation* and *redressability* – the likes of which are equally satisfied, as a decision in Plaintiffs' favor will afford Plaintiffs both the *actual* and *statutory* damages sought herein and, *but for* the *false* proofs of claim, as well as the relaying of false information affecting Plaintiffs' reputation, Plaintiffs *would not* have sustained the complained of concrete injuries.

### COUNT 1.
### <u>VIOLATION OF 15 U.S.C. § 1692e(2)(A)</u>
(*against Resurgent*)

76.     Plaintiffs incorporates above-paragraphs 1-75 as though fully stated herein.

77.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "*[t]he false representation of the character, amount, or legal status of any debt*." 15 U.S.C. 1692e(2)(A). (emphasis added).

78.     Resurgent violated 15 U.S.C. § 1692e(2)(A) by and through of the *false* proofs of claim – *i.e.*, PoC-1, PoC-2, PoC-3, PoC-4, PoC-5, PoC-6, PoC-7, PoC-8, PoC-9, PoC-10, PoC-11, PoC-12, PoC-13, PoC-14, PoC-15, and PoC-16 (collectively, the "Proofs of Claim").

79.     In short, each of the Proofs of Claim falsely represent both the ***character*** and ***amount*** of the underlying consumer debt Defendants sought to collect from one of the Plaintiffs. Resurgent's false characterization of each of the Consumer Debts constitutes an injurious withhold of information that the FDCPA required Resurgent to disclose to Plaintiffs, as well as an invasion of Plaintiffs' right to such information.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

80.     Here, each of the Proofs of Claim falsely **characterize** accrued interest and fees as principal. In so doing, Resurgent falsely represents the underlying debt as being exclusively comprised of principal[2] and, as such, not otherwise subject to increase by way of interest or fees. Not only is such a portrayal of each of the Consumer Debts false, but it was a portrayal that Resurgent *knew* to be false, that is, assuming Resurgent  maintains all the documents and information Resurgent is required to maintain to retain a valid Florida consumer collection license.

81.     Further, with respect to the **amount** of the Consumer Debts, Resurgent falsely represents the principal portion of the Consumer Debts. In light of fact that each of the Consumer Debts are comprised of **principal**, **interest**, *and* **fees**, by falsely representing the amount stated in each of the Proofs of Claim as *only* principal, Resurgent falsely inflates the amount of the respective debt as a whole because the *principal* is only *part* of the overall debt.

82.     Thus, Resurgent violated § 1692e(2)(A) of the FDCPA by and through *each* of the Proofs of Claim it (Resurgent) submitted.

83.     WHEREFORE, Plaintiffs requests this Court to enter a judgment against Resurgent, awarding Plaintiffs the following relief:

(a)     $1,000 in statutory damages for each of the violative Proofs of Claim;

(b)     Actual damages in an amount determined by the evidence;

(c)     The costs incurred in connection with the above-captioned action;

(d)     Reasonable attorneys' fees; and

---

[2] The Oxford English Dictionary defines principal when used in the sense "[o]f money" as "[c]onstituting the primary or original sum; that is the main or capital sum invested or lent, and yielding interest or income; capital, capitalized." Oxford English Dictionary, Second Edition, 1989. Further, the applicable definition of "principal" from Webster's Third New International Dictionary (Philip Babcock Gove Edition, 1986) is "a capital sum placed at interest, due as a debt, or used as a fund." Id. at 1802.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(e)  Any further relief this Court deems just and proper.

### COUNT 2.
### VIOLATION OF FLA. STAT. § 559.72(9)
(*against Resurgent and LVNV*)

84.  Plaintiffs incorporates above-paragraphs 1-75 as though fully stated herein.

85.  Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

86.  Here, Resurgent *knew* that the Consumer Debts associated with PoC-1, PoC-3, PoC-4, PoC-5, PoC-6, PoC-7, PoC-8, PoC-10, PoC-11, PoC-12, PoC-13, and PoC-14, were not entirely comprised of principal and otherwise subject to interest and fees. Despite knowing this, Resurgent represented Debt-1, Debt -3, Debt -4, Debt -5, Debt -6, Debt -7, Debt -8, Debt -10, Debt -11, Debt -12, Debt -13, and Debt -14 as being *entirely* principal in the respective proofs of claim and otherwise attempted to collect said erroneous portrayal of such debts from Plaintiffs. In so doing, Resurgent violated § 559.72(9) of the FCCPA.

87.  At minimum, Resurgent acted with apparent authority in attempting to collect Debt-1, Debt -3, Debt -4, Debt -5, Debt -6, Debt -7, Debt -8, Debt -10, Debt -11, Debt -12, Debt -13, and Debt -14 on LVNV's behalf. Resurgent sought to collect these respective debts from Plaintiffs because Resurgent had contracted with LVNV for the provision of such services.  LVNV purposely provided Resurgent with the information to collect Debt-1, Debt -3, Debt -4, Debt -5, Debt -6, Debt -7, Debt -8, Debt -10, Debt -11, Debt -12, Debt -13, and Debt -14  from Plaintiffs, of which included Plaintiffs' contact information, the nature of said debts, and the amounts purportedly owed by each of the Plaintiffs. As such, Resurgent's violation § 559.72(9) of the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

FCCPA is the result of Resurgent's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Resurgent and LVNV, and as a result, LVNV is vicariously liable for such FCCPA violation.

88.    WHEREFORE, Plaintiffs, respectfully, requests this Court to enter a judgment against Resurgent and LVNV, awarding Plaintiffs the following relief:

(a)    $1,000 in statutory damages for each of the violative proofs of claim, for a total of $12,000;

(b)    Actual damages in an amount determined by the evidence;

(c)    The costs incurred in connection with the above-captioned action;

(d)    Reasonable attorneys' fees;

(e)    An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA; and

(f)    Any further relief this Court deems just and proper.

### COUNT 3.
### VIOLATION OF FLA. STAT. § 559.72(9)
(*against Resurgent and M-Bank*)

89.    Plaintiff Titus and Plaintiff Amodio incorporates above-paragraphs 1-75 as though fully stated herein.

90.    Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

91.    Here, Resurgent *knew* that the Consumer Debts associated with PoC-2 and PoC-9 were not entirely comprised of principal and otherwise subject to interest and fees. Despite knowing this, Resurgent represented Debt-2 and Debt-9 as being *entirely* principal in PoC-2 and

PAGE | **26** of **36**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

PoC-9 and otherwise attempted to collect said erroneous portrayal of such debts from Titus and Amodio. In so doing, Resurgent violated § 559.72(9) of the FCCPA.

92.     At minimum, Resurgent acted with apparent authority in attempting to collect Debt-2 and Debt-9 on M-Bank's behalf. Resurgent sought to collect these respective debts from Titus and Amodio because Resurgent had contracted with M-Bank for the provision of such services. M-Bank purposely provided Resurgent with the information to collect Debt-2 and Debt-9  from Titus and Amodio, of which included the contact information of Titus and Amodio, the nature of Debt-2 and Debt-9, and the amounts purportedly owed Titus and Amodio. As such, Resurgent's violation § 559.72(9) of the FCCPA is the result of Resurgent's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Resurgent and M-Bank, and as a result, M-Bank is vicariously liable for such FCCPA violation.

93.     WHEREFORE, Plaintiff Titus and Plaintiff Amodio request this Court to enter a judgment against Resurgent and M-Bank, awarding Titus and Amodio the following relief:

(a)     $1,000 in statutory damages for each of the violative proofs of claim, for a total of $2,000;

(b)     Actual damages in an amount determined by the evidence;

(c)     The costs incurred in connection with the above-captioned action;

(d)     Reasonable attorneys' fees;

(e)     An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA; and

(f)     Any further relief this Court deems just and proper.

### COUNT 4.
### VIOLATION OF FLA. STAT. § 559.72(9)
(*against Resurgent and PYOD*)

94.     Plaintiff Fontanez incorporates paragraphs 1-75 as though fully stated herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

95.     Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

96.     Here, Resurgent *knew* that the debt associated with PoC-16 was not entirely comprised of principal and otherwise subject to interest and fees. Despite knowing this, Resurgent represented Debt-16 as being *entirely* principal in PoC-16 and otherwise attempted to collect said erroneous portrayal of Debt-16 from Fontanez. In so doing, Resurgent violated § 559.72(9) of the FCCPA.

97.     At minimum, Resurgent acted with apparent authority in attempting to collect Debt-16 on PYOD's behalf. Resurgent sought to collect Debt-16 from Fontanez because Resurgent had contracted with PYOD for the provision of such services. PYOD purposely provided Resurgent with the information to collect Debt-16 from Fontanez, of which included the contact information of Fontanez, the nature of Debt-16, and the amount purportedly owed by Fontanez. As such, Resurgent's violation § 559.72(9) of the FCCPA is the result of Resurgent's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Resurgent and PYOD, and as a result, PYOD is vicariously liable for such FCCPA violation.

98.     WHEREFORE, Plaintiff Fontanez requests this Court to enter a judgment against Resurgent and PYOD, awarding Fontanez the following relief:

(a)     $1,000 in statutory damages for each of the violative proof of claim;

(b)     Actual damages in an amount determined by the evidence;

(c)     The costs incurred in connection with the above-captioned action;

(d)     Reasonable attorneys' fees;

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

    (e)      An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA; and

    (f)      Any further relief this Court deems just and proper.

### *COUNT 5.*
### <u>VIOLATION OF FLA. STAT. § 559.72(9)</u>
(*against Resurgent and Pinnacle*)

99.     Plaintiff Vilcina incorporates paragraphs 1-75 as though fully stated herein.

100.    Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

101.    Here, Resurgent *knew* that the debt associated with PoC-15 was not entirely comprised of principal and otherwise subject to interest and fees. Despite knowing this, Resurgent represented Debt-15 as being *entirely* principal in PoC-15 and otherwise attempted to collect said erroneous portrayal of Debt-15 from Vilcina. In so doing, Resurgent violated § 559.72(9) of the FCCPA.

102.    At minimum, Resurgent acted with apparent authority in attempting to collect Debt-15 on Pinnacle's behalf. Resurgent sought to collect Debt-15 from Vilcina because Resurgent had contracted with Pinnacle for the provision of such services. Pinnacle purposely provided Resurgent with the information to collect Debt-15 from Vilcina, of which included the contact information of Vilcina, the nature of Debt-15, and the amount purportedly owed by Vilcina. As such, Resurgent's violation § 559.72(9) of the FCCPA is the result of Resurgent's acts and/or omissions, whereby such acts and/or omission occurred within the scope and course of agency between Resurgent and Pinnacle, and as a result, Pinnacle is vicariously liable for such FCCPA violation.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

103.    WHEREFORE, Plaintiff Vilcina requests this Court to enter a judgment against Resurgent and PYOD, awarding Fontanez the following relief:

(a)    $1,000 in statutory damages for each of the violative proof of claim;

(b)    Actual damages in an amount determined by the evidence;

(c)    The costs incurred in connection with the above-captioned action;

(d)    Reasonable attorneys' fees;

(e)    An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA; and

(f)    Any further relief this Court deems just and proper.

### *COUNT 6*
### <u>VIOLATION OF FLA. STAT. § 559.72(5)</u>
(*against LVNV*)

104.    Plaintiffs incorporates above-paragraphs 1-75 as though fully stated herein.

105.    Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

106.    As stated above, in referring and/or assigning the collection Debt-1, Debt -3, Debt -4, Debt -5, Debt -6, Debt -7, Debt -8, Debt -10, Debt -11, Debt -12, Debt -13, and Debt -14 to Resurgent, LVNV disclosed to Resurgent *false* information about the respective Plaintiffs and/or information that Resurgent had no *legitimate* business need for, the likes of which affected the reputations of the respective Plaintiffs. By and through the Disclosures of LVNV, for example, LVNV falsely disclosed to Resurgent that the debts allegedly owed by the respective Plaintiffs to LVNV (*i.e.*, Debt-1, Debt -3, Debt -4, Debt -5, Debt -6, Debt -7, Debt -8, Debt -10, Debt -11, Debt

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

-12, Debt -13, and Debt -14) were comprised entirely of *principal*, and in so doing, otherwise falsely represented the amount and character of each such debt owed by the respective Plaintiff.

107.    The Disclosures of LVNV affected the reputations of the respective Plaintiffs regarding the repayment of debts, Plaintiffs' reputations of truthfulness, Plaintiffs' reputations of solvency, and Plaintiffs' reputations regarding trustworthiness.

108.    Thus, by disclosing to Resurgent false information regarding the debts allegedly owed by the Plaintiffs (*i.e.*, collect Debt-1, Debt -3, Debt -4, Debt -5, Debt -6, Debt -7, Debt -8, Debt -10, Debt -11, Debt -12, Debt -13, and Debt -14), LVNV violated § 559.72(5) of the FCCPA.

109.    WHEREFORE, Plaintiffs, respectfully, requests this Court to enter a judgment against LVNV, awarding Plaintiffs the following relief:

> (a)    $1,000 in statutory damages for each of the debts LVNV falsely disclosed to Resurgent, for a total of $12,000;
>
> (b)    Actual damages in an amount determined by the evidence;
>
> (c)    The costs incurred in connection with the above-captioned action;
>
> (d)    Reasonable attorneys' fees;
>
> (e)    An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA; and
>
> (f)    Any further relief this Court deems just and proper.

### COUNT 7
### VIOLATION OF FLA. STAT. § 559.72(5)
(*against M-Bank*)

110.    Plaintiff Titus and Plaintiff Amodio incorporates above-paragraphs 1-75 as though fully stated herein.

111.    Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the*

PAGE | **31** of **36**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

112.    As stated above, in referring and/or assigning the collection of each of the Consumer Debts to Resurgent, M-Bank disclosed to Resurgent *false* information about Titus and Amodio and/or information that Resurgent had no *legitimate* business need for, the likes of which affected the reputations of Titus and Amodio. By and through the Disclosures of M-Bank, for example, M-Bank falsely disclosed to Resurgent that the debts allegedly owed by the Titus and Amodio to M-Bank (*i.e.*, collect Debt-2 and Debt-9) were comprised entirely of *principal*, and in so doing, otherwise falsely represented the amount and character of each such debts owed by Titus and Amodio.

113.    The Disclosures of M-Bank affected the reputations of Titus and Amodio, each, regarding the repayment of debts, Titus and Amodio's reputations of truthfulness, Titus and Amodio's reputations of solvency, and Titus and Amodio's reputations regarding trustworthiness.

114.    Thus, by disclosing false information to Resurgent regarding Debt-2 and Debt-9, M-Bank violated § 559.72(5) of the FCCPA.

115.    WHEREFORE, Plaintiff Titus and Plaintiff Amodio request this Court to enter a judgment against M-Bank, awarding Titus Amodio the following relief:

(a)    $1,000 in statutory damages for each of the debts M-Bank falsely disclosed to Resurgent, for a total of $2,000;

(b)    Actual damages in an amount determined by the evidence;

(c)    The costs incurred in connection with the above-captioned action;

(d)    Reasonable attorneys' fees;

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

     (e)     An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA; and

     (f)     Any further relief this Court deems just and proper.

*COUNT 8*
**VIOLATION OF FLA. STAT. § 559.72(5)**
(*against PYOD*)

116.    Plaintiff Fontanez incorporates paragraphs 1-75 as though fully stated herein.

117.    Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

118.    As stated above, in referring and/or assigning the collection Debt-16 to Resurgent, PYOD disclosed to Resurgent *false* information about Fontanez and/or information that Resurgent had no *legitimate* business need for, the likes of which affected the reputations Fontanez. By and through the Disclosures of PYOD, for example, PYOD falsely disclosed to Resurgent that the debt allegedly owed Fontanez to PYOD (*i.e.*, Debt-16) was comprised entirely of *principal*, and in so doing, otherwise falsely represented the amount and character of the debt purportedly owed by Fontanez.

119.    The Disclosures of PYOD affected the reputation of Fontanez regarding the repayment of debts, Fontanez's reputation of truthfulness, Fontanez's reputation of solvency, and Fontanez's reputation regarding trustworthiness.

120.    Thus, by disclosing false information to Resurgent regarding Debt-16, PYOD violated § 559.72(5) of the FCCPA.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

121.    WHEREFORE, Plaintiff Fontanez requests this Court to enter a judgment against PYOD, awarding Fontanez the following relief:

(a)    $1,000 in statutory damages;

(b)    Actual damages in an amount determined by the evidence;

(c)    The costs incurred in connection with the above-captioned action;

(d)    Reasonable attorneys' fees;

(e)    An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA; and

(f)    Any further relief this Court deems just and proper.

(g)    Any further relief this Court deems just and proper.

### COUNT 9
### VIOLATION OF FLA. STAT. § 559.72(5)
*(against Pinnacle)*

122.    Plaintiff Vilcina incorporates paragraphs 1-75 as though fully stated herein.

123.    Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla. Stat. § 559.72(5) (emphasis added).

124.    As stated above, in referring and/or assigning the collection Debt-15 to Resurgent, PYOD disclosed to Resurgent *false* information about Vilcina and/or information that Resurgent had no *legitimate* business need for, the likes of which affected the reputations Vilcina. By and through the Disclosures of Pinnacle, for example, PYOD falsely disclosed to Resurgent that the debt allegedly owed Vilcina to PYOD (*i.e.*, Debt-15) was comprised entirely of *principal*, and in

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

so doing, otherwise falsely represented the amount and character of the debt purportedly owed by Vilcina.

125.    The Disclosures of PYOD affected the reputation of Vilcina regarding the repayment of debts, Vilcina's reputation of truthfulness, Vilcina's reputation of solvency, and Vilcina's reputation regarding trustworthiness.

126.    Thus, by disclosing false information to Resurgent regarding Debt-15, PYOD violated § 559.72(5) of the FCCPA.

127.    WHEREFORE, Plaintiff Vilcina requests this Court to enter a judgment against PYOD, awarding Vilcina the following relief:

(g)    $1,000 in statutory damages;

(h)    Actual damages in an amount determined by the evidence;

(i)    The costs incurred in connection with the above-captioned action;

(j)    Reasonable attorneys' fees;

(k)    An injunction prohibiting Defendants from engaging in further collection activities directed at Plaintiffs that are in violation of the FCCPA; and

(l)    Any further relief this Court deems just and proper.

DATED: October 23, 2020

Respectfully Submitted,

 /s/ Thomas Patti                                        .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
*COUNSEL FOR PLAINTIFF*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October 23, 2020, the forgoing was electronically via the

Court's CM/ECF system on all counsel of record.

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com