# COMPOSITE EXHIBIT "A"

*The Powers of Attorney (PoAs)*
*(PoA-1, PoA-2, PoA-3, and PoA-4*

```
2007015772   P/ATTY
             2 PGS
             Book:DE 2251  Page:1949-1950
February 16, 2007  09:00:57 AM
Rec:$15.00   Cnty Tax:$0.00   State Tax:$0.00
FILED IN GREENVILLE COUNTY, SC
```

## Limited Power of Attorney

WHEREAS LVNV Funding, LLC ("Grantor") has retained the services of Resurgent Capital Services LP ("Servicer") to service, liquidate and manage accounts receivable on behalf of the Grantor and hereby issues this Power of Attorney in favor of Servicer.

Now, therefore, Grantor does hereby constitute and appoint Servicer and it's officers, designated employees and servants (collectively referred to as "Resurgent") as Grantor's true and lawful Attorney-in-fact and hereby authorizes Resurgent to act in the Grantor's name, place and stead as fully and with the same effect as if Grantor were present and acting on it's own behalf for the following limited purposes:

1. Executing, acknowledging and delivering any Assignment of Mortgage, Note, Title, Judgment, Financing Statement or any other instrument necessary to transfer to and vest in Resurgent or its nominee or to protect the rights, title and interest of Resurgent in and to any account serviced by Resurgent on behalf of Grantor;
2. Conducting foreclosure or repossession actions;
3. Endorsing, as agent of Grantor, any checks or other instruments made payable to Grantor and received as payment with respect to any account;
4. Executing any document or instrument needed to release, satisfy, convey, or assign any lien, security interest or account;
5. Signing claims and notices of transfers of claims regarding any account;
6. Executing any document or instrument needed to market, sell, or transfer ownership of property owned as a result of foreclosure, receipt of quit-claim deed, surrender or other form of repossession of any collateral securing accounts serviced by Resurgent on behalf of Grantor; and
7. Executing any document or instrument and authorizing any action that is proper or necessary in asserting, protecting or realizing the Grantor's ownership rights in any account or prosecuting the Grantor's ownership duties.

Grantor further grants to Resurgent, as its attorney-in-fact, full authority to act in any manner both proper and necessary to effectuate and execute the foregoing powers, and ratifies every act that Resurgent may lawfully perform in exercising those powers by virtue thereof.

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this _15th_ day of _January_, 2007.

GRANTOR: LVNV Funding LLC
By: _____
Name: Kevin Branigan
Title: President
DATE: FEB 1 6 2007

Resurgent Capital Services LP
By: _____
Name: Michael A Keaton
Title: Senior Vice President

CERTIFIED TO BE A TRUE AND CORRECT COPY
OF DOCUMENT ON FILE IN THIS OFFICE
_____
REGISTER OF MESNE CONVEYANCE
GREENVILLE COUNTY, SC

Witnessed by: D. Stovall
Name: Danette Stovall

Witnessed by: Heather H. Silver
Name: Heather H. Silver

STATE OF
COUNTY OF

On this, the 13th day of February, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by the Kevin Branigan, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for LVNV Funding, LLC.

Notary Public
My Commission Expires  My Commission Expires February 1, 2015

STATE OF
COUNTY OF

On this, the 15 day of February, 2007, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by the Michael A. Eaton, personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for Resurgent Capital Services LP.

Notary Public
My Commission Expires  1-31-2016

Michelle L. Church
Notary Public
South Carolina
Commission Expires 1/31/2016

FILED FOR RECORD IN GREENVILLE COUNTY, SC ROD
2007015772    Book: DE 2251    Page: 1949-1950
February 16, 2007    09:00:57 AM

Timothy L. Nanney

## Limited Power of Attorney | 2009

WHEREAS Merrick Bank ("Grantor") has retained the services of **Resurgent Capital Services LP** ("Servicer") to service, liquidate and manage accounts receivable on behalf of the Grantor and hereby issues this Limited Power of Attorney in favor of Servicer.

NOW, THEREFORE, Grantor does hereby constitute and appoint Servicer and it's officers, designated employees and servants (collectively referred to as "Resurgent") as Grantor's true and lawful Attorney-in-fact and hereby authorizes Resurgent to act in the Grantor's name, place and stead as fully and with the same effect as if Grantor were present and acting on its own behalf for the following limited purposes:

1. Executing, acknowledging and delivering any proof of claim, amending any proof of claim, or any other document necessary to collect upon and secure payment of any account serviced by Resurgent on behalf of Grantor;
2. Executing, acknowledging and delivering any assignment, credit agreement, credit statement, judgment, financing statement or any other instrument necessary to transfer to and vest in Resurgent or its nominee or to protect the rights, title and interest of Resurgent in and to any account serviced by Resurgent on behalf of Grantor;
3. Endorsing, as agent of Grantor, any checks or other instruments made payable to Grantor and received as payment with respect to any account;
4. Executing any document or instrument needed to release, satisfy, convey, or assign any account, lien or security interest;
5. Signing claims and notices of transfers of claims regarding any account;
6. Executing any document or instrument and authorizing any action that is proper or necessary in asserting, protecting or realizing the Grantor's ownership rights in any account or prosecuting the Grantor's ownership duties.

Grantor further grants to Resurgent, as its attorney-in-fact, full authority to act in any manner both proper and necessary to effectuate and execute the foregoing powers, and ratifies every act that Resurgent may lawfully perform in exercising those powers by virtue thereof.

This Limited Power of Attorney is a power coupled with an interest. Resurgent shall be under no duty to exercise or withhold the exercise of any of the rights, powers, privileges, and options expressly or implicitly granted to Resurgent hereunder, and shall not be liable for any failure to do so or any delay in doing so. Resurgent shall not be responsible for any decline in the value of the property securing any account.

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this 29th day of September, 2009.

GRANTOR: Merrick Bank
By: [signature]
Name: Brian R. Times
Title: SVP

Witnessed by: See Notary attached
Name:

| Limited Power of Attorney | 2009 |
|---|---|

STATE OF  Utah         §
                       §
COUNTY OF Salt Lake    §

BEFORE ME, the undersigned authority, on this 29 day of September 2009, personally appeared Brian W. Jones to me well known to be the person described in and who signed the foregoing Limited Power of Attorney, and acknowledged to me that he executed the same freely and voluntarily for the uses and purposes therein expressed.

WITNESS my hand and official seal the date aforesaid.

_Monique Garat_
NOTARY PUBLIC

My Commission Expires: 10-19-09

Notary Public
**MONIQUE GARAT**
10705 South Jordan Gateway Suite 200
South Jordan, Utah 84095
My Commission Expires
October 19, 2009
State of Utah

---

2 | Limited Power of Attorney – Merrick Bank, September 2009

**Limited Power of Attorney**

WHEREAS PYOD LLC ("Grantor") has retained the services of Resurgent Capital Services LP ("Servicer") to service, liquidate and manage accounts receivable on behalf of the Grantor and hereby issues this Power of Attorney in favor of Servicer.

Now, therefore, Grantor does hereby constitute and appoint Servicer and it's officers, designated employees and servants (collectively referred to as "Resurgent") as Grantor's true and lawful Attorney-in-fact and hereby authorizes Resurgent to act in the Grantor's name, place and stead as fully and with the same effect as if Grantor were present and acting on it's own behalf for the following limited purposes:

1. Executing, acknowledging and delivering any Assignment of Mortgage, Note, Title, Judgment, Financing Statement or any other instrument necessary to transfer to and vest in Resurgent or its nominee or to protect the rights, title and interest of Resurgent in and to any account serviced by Resurgent on behalf of Grantor;
2. Conducting foreclosure or repossession actions;
3. Endorsing, as agent of Grantor, any checks or other instruments made payable to Grantor and received as payment with respect to any account;
4. Executing any document or instrument needed to release, satisfy, convey, or assign any lien, security interest or account;
5. Signing claims and notices of transfers of claims regarding any account;
6. Executing any document or instrument needed to market, sell, or transfer ownership of property owned as a result of foreclosure, receipt of quit-claim deed, surrender or other form of repossession of any collateral securing accounts serviced by Resurgent on behalf of Grantor; and
7. Executing any document or instrument and authorizing any action that is proper or necessary in asserting, protecting or realizing the Grantor's ownership rights in any account or prosecuting the Grantor's ownership duties.

Grantor further grants to Resurgent, as its attorney-in-fact, full authority to act in any manner both proper and necessary to effectuate and execute the foregoing powers, and ratifies every act that Resurgent may lawfully perform in exercising those powers by virtue thereof.

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this __31__ day of __July__, 2008.

PYOD LLC
By: _____
Name: Kevin Branigan
Title: President

Resurgent Capital Services LP
By: _____
Name: Michael A. Fenton
Title: Senior Vice President

Witnessed by: /s/
Name: Luke Onstetter

Witnessed by: /s/
Name: David V Clayton

STATE OF
COUNTY OF

On this, the 31st day of July, 2008, the foregoing instrument was acknowledged before me, a notary public, in and for the State of SC by the parties hereto, personally known to me, by me duly sworn, did say that each was a duly authorized signatory for their respective entities.

/s/ Donnetta M. Stovall
Notary Public
My Commission Expires 7/30/2013

# LIMITED POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, THAT PINNACLE CREDIT SERVICES, LLC (the "Grantor") hereby designates RESURGENT CAPITAL SERVICES, L.P., with its offices at 55 Beattie Place, Suite 110, Greenville, SC 29601 ("Grantee") as Grantor's attorney-in-fact acting separately by or through any one or more of its respective directors, officers, managers, authorized employees or assignees, as the true and lawful attorney-in-fact for the Grantor and in the name, place and stead of the Grantor, with full power of substitution and revocation, with respect to any and all consumer credit accounts owned by Grantor as of the date of this agreement or acquired hereafter (the "Acquired Assets").

1. <u>Effective Date; Duration</u>. This limited power of attorney shall become effective April 18, 2016, to remain effective for the limited purposes set forth below until terminated by the Grantor or the duration of said limited power of attorney expires. This power of attorney shall continue until revoked or terminated in accordance with Paragraph 3.

2 <u>Powers.</u>

   a.      To submit to the Clerks and/or Trustees of the various United States Bankruptcy Courts proceedings the requisite documentation required to effect the filing of or transfer of the ownership of the Proof of Claim or Notice of Appearance previously submitted with respect to the account included within the Acquired Assets (the "Portfolio Assets") to Grantee or Grantee's nominee. This authority includes the authority to submit a Declaration of Transferee of Proof of Claim Pursuant to FRBP 3001 (e) and Request for Special Notice, as part of the Notice of Transfer process to be submitted by the Transferee pursuant to such rale.

   b.      To ask, demand, recover, collect, receive, hold and possess all money, debts, dues, goods, wares, merchandise, chattel paper, effects, bonds, notes, checks, drafts, accounts, bank and other deposits, interest, dividends, stock certificates, securities, certificates of deposit, insurance benefits and proceeds, documents of title, personal and real property, tangible and intangible property and property rights, liquidated, unliquidated or contingent, which now are or hereafter shall be or become due, owing, payable or paid to the Grantor solely with respect to the Acquired Assets, and upon receipt thereof or of any part thereof to make, sign, execute, and deliver such receipts, releases or other discharges for the same as said attorney-in-fact shall deem proper.

   c.      To use, sell, exchange, and acquire, access and receive, and to bargain, contract, and agree for the lease, exchange, and acquisition of, and to take, receive, possess and manage any current or former Property of the Grantor. "Property" shall include, solely with respect to the Portfolio Assets, the U.S. Mail, overnights, postal or other deliveries, and any other electronic communications via internet or otherwise and related contracts or licenses,

   in each case only to the extent such Property was assigned to Sherman Originator III LLC under the Asset Purchase Agreement.

Pinnacle-Resurgent LPOA (April 18, 2016)

   d.     To market and sell, either at public or private sale, or exchange any part or parts of the Acquired Assets, including indebtedness or evidence thereof, including sales on credit, and for that purpose to execute and receive all promissory notes, bonds, mortgages, deeds of trust, security agreements, financing statements and such other documents or instruments as may be necessary or appropriate for the marketing, sale or exchange of any Acquired Assets, and to bargain, contract and agree with respect to the sale or exchange of such Acquired Assets; and to execute and deliver good and sufficient deeds, bills of sale, assignments, or other instruments or endorsements for the conveyance or transfer of the same; and to give receipts for all or any part of the purchase price or other consideration therefor.

   e.     To sign, endorse, present, collect, execute, acknowledge, deliver, receive and possess Grantor's bank accounts listed in Exhibit A.

   £.     To enter into subordination agreements, intercreditor agreements, reinstatement agreements, "stand-still" and "stand-by" agreements, modification agreements, forbearance agreements, and other contracts having the effect of subordinating, modifying, renewing, restructuring or otherwise altering the rights, obligations or liabilities of the Grantor, solely with respect to any Acquired Assets.

   g.     To assign any Acquired Asset to an attorney for consideration of litigation, filing of a lawsuit, or other lawful action,

   h.     To introduce, execute, or file any court document, affidavit or statement required to introduce account information, business records or to describe a transfer of ownership of any Portfolio Assets.

3. <u>Termination</u>. This instrument shall remain in force unless and until revoked in writing by Grantor, in Grantor's sole and absolute discretion.

4. <u>Reliance</u>. The attorney-in-fact and all persons dealing with the attomey-in-fact shall be entitled to rely upon this power of attorney so long as neither the attomey-in-fact, nor any person with whom the attomey-in-fact was dealing at the time of any act taken pursuant to this power of attorney, had received actual knowledge or written notice of the termination of the limited power of attorney by revocation or otherwise. Any action so taken, unless otherwise invalid or unenforceable, shall be binding on the Grantor and any assigns or transferee of the Grantor.

5. <u>Conies and Recordings</u>. The Grantor hereby authorizes the attomey-in-fact appointed hereunder, by or through any of its directors or officers or by any of its other employees who are duly authorized to act on behalf of the attomey-in-fact, to (i) certify copies of this Power of Attorney as being hue and correct, (ii) record originals and certified copies of this Power of Attorney, (iii) certify, deliver and record certified copies and originals of the Power of Attorney, together with such legal descriptions or street addresses attached.

   **[Signatures included on following page.]**

Pinnacle-Resurgent LPOA (April 18, 2016)

IN WITNESS THEREOF, Grantor has executed this Limited Power of Attorney on this 18th day of April, 2016.

Pinnacle Credit Services, LLC
By: _____
Name: Jon Mazzoli
Title: Authorized Representative

Witnessed by: Erin Breglen
Name: Erin Breglen

Resurgent Capital Services LP
By: _____
Name: Kevin Branigan
Title: Authorized Representative

Witness by: _____
Name: Dennis G. Gray

STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON

On this, the 18™ day of April, 2016, the foregoing instrument was acknowledged before me, a notary public, in and for the State of South Carolina by Jon Mazzoli and Kevin Branigan, both personally known to me, by me duly sworn, did say that he/she was a duly authorized signatory for the entities referenced above.

_____
Jaclyn Kohlhepp
Notary Public
My Commission Expires  June 23, 2025

```
JACLYN KOHLHEPP
NOTARY PUBLIC
STATE OF SOUTH CAROLINA
MY COMMISSION EXPIRES
JUNE 23, 2025
```

Pinnacle-Resurgent LPOA (April 18, 2016)