UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-61297-RKA

**BYRON HALL**, *et al.*

    **Plaintiff,**

v.

**LVNV FUNDING, LLC,** *et al.*

    **Defendants.**

_____/

## ANSWER TO THIRD AMENDED CONSOLIDATED COMPLAINT

Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, Merrick Bank Corporation, Pinnacle Credit Services, LLC, and PYOD, LLC, by and through their undersigned counsel, answer Plaintiff's Third Amended Consolidated Complaint as follows:

### JURISDICTION AND VENUE

1. Defendants deny the allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Admitted in part, denied in part. Defendants admit upon information and belief Plaintiffs reside in this District. Defendants deny all remaining allegations in Paragraph 3 of the Complaint.

### PARTIES

4. Admitted upon information and belief.

5. Admitted.

6. Admitted in part, denied in part. Defendants admit LVNV is a Delaware limited liability company. Defendants deny all remaining allegations in Paragraph 6 of the Complaint.

1

7. Admitted.

8. Admitted.

9. Admitted.

## DEMAND FOR JURY TRIAL

10. Admitted in part, denied in part. Defendants admit Plaintiffs demand a trial by jury. Defendants deny the existence of triable issues of fact. To the extent triable issues are found to exist, Defendants demand a trial by jury on all issues of fact so triable.

## ALLEGATIONS

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the Florida Administrative Code. Defendants deny all remaining allegations in Paragraph 23 of the Complaint.

24. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the Florida Administrative Code. Defendants deny all remaining allegations in Paragraph 24 of the Complaint.

25. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the Florida Administrative Code. Defendants deny all remaining allegations in Paragraph 25 of the Complaint.

26. Admitted.

27. Admitted.

28. Admitted in part, denied in part. Defendants admit each of the underlying accounts arose from a transaction between the respective plaintiff and the corresponding original creditor. After reasonable investigation, Defendants lack sufficient knowledge and information to form a belief as to the truth of all remaining allegations in Paragraph 28 of the Complaint and as such they are denied.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Admitted in part, denied in part. Defendants admit LVNV conveyed a limited power of attorney to Resurgent for the limited purposes specified therein. Defendants deny all remaining allegations in Paragraph 30 of the Complaint.

31. Admitted in part, denied in part. Defendants admit Merrick Bank conveyed a limited power of attorney to Resurgent for the limited purposes specified therein. Defendants deny all remaining allegations in Paragraph 31 of the Complaint.

32. Admitted in part, denied in part. Defendants admit PYOD conveyed a limited power of attorney to Resurgent for the limited purposes specified therein. Defendants deny all remaining allegations in Paragraph 32 of the Complaint.

33. Admitted in part, denied in part. Defendants admit Pinnacle conveyed a limited power of attorney to Resurgent for the limited purposes specified therein. Defendants deny all remaining allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

## ALLEGATIONS OF TITUS

45. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Titus' bankruptcy case on or about October 15, 2019 regarding an account that originated with Capital One Bank (USA), N.A., involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Titus' default. Defendants deny all remaining allegations in Paragraph 45 of the Complaint.

46. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Titus' bankruptcy case on or about October 24, 2019 regarding an account that originated with Merrick Bank, involving an unsecured line of credit. Defendants' admit Titus defaulted on the

account prior to the filing of the proof of claim. Defendants admit Resurgent's employee, Susan Gaines signed the proof of claim within the scope of her employment. Defendants deny all remaining allegations in Paragraph 46 of the Complaint.

47. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Titus' bankruptcy case on or about January 2, 2020 regarding an account that originated with HSBC Bank Nevada, N.A., involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Titus' default. Defendants admit Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 47 of the Complaint.

48. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Titus' bankruptcy case on or about January 2, 2020 regarding an account that originated with HSBC Bank Nevada, N.A., involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Titus' default. Defendants admit Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 48 of the Complaint.

49. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Titus' bankruptcy case on or about January 2, 2020 regarding an account that originated with General Electric Corporation, involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Titus' default. Defendants admit Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 49 of the Complaint.

**ALLEGATIONS OF HALL**

50. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Hall's bankruptcy case on or about September 25, 2019 regarding an account that originated with First Premier Bank, involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Hall's default. Defendants admit Resurgent's employee, William Andrews, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 50 of the Complaint.

51. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Hall's bankruptcy case on or about September 24, 2019 regarding an account that originated with Capital One Bank (USA), N.A. involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Hall's default. Defendants admit Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 51 of the Complaint.

52. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Hall's bankruptcy case on or about October 21, 2019 regarding an account that originated with AmeriCredit Financial Services involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Hall's default. Defendants admit Resurgent's employee, Suzanne Dickson, signed the proof of claim within the scope of her employment. Defendants deny all remaining allegations in Paragraph 52 of the Complaint.

## ALLEGATIONS OF AMODIO

53. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Amodio's bankruptcy case on or about October 10, 2019 regarding an account that originated with Merrick Bank, involving an unsecured line of credit. Defendants' admit Amodio defaulted on the account prior to the filing of the proof of claim. Defendants admit Resurgent's employee,

David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 53 of the Complaint.

54. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Amodio's bankruptcy case on or about December 26, 2019 regarding an account that originated with General Electric Corporation involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Amodio's default. Defendants admit Resurgent's employee, William Andrews, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 54 of the Complaint.

## ALLEGATIONS OF VILCINA

55. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Vilcina's bankruptcy case on or about July 3, 2019 regarding an account that originated with Household Bank (SB), N.A. Defendants admit LVNV acquired all rights, title, and interest in the account after Vilcina's default. Defendants admit Resurgent's employee, Leoann Shannon, signed the proof of claim within the scope of her employment. Defendants deny all remaining allegations in Paragraph 55 of the Complaint.

56. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Vilcina's bankruptcy case on or about July 8, 2019 regarding an account that originated with Verizon Wireless. Defendants admit Pinnacle acquired all rights, title, and interest in the account after Vilcina's default. Defendants admit Resurgent's employee, Leoann Shannon, signed the proof of claim within the scope of her employment. Defendants deny all remaining allegations in Paragraph 56 of the Complaint.

## ALLEGATIONS OF FONTANEZ

57. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Fontanez's bankruptcy case on or about August 29, 2019 regarding an account that originated with HSBC Bank Nevada, N.A. involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account after Fontanez's default. Defendants admit Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 57 of the Complaint.

58. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Fontanez's bankruptcy case on or about August 29, 2019 regarding an account that originated with CitiBank involving an unsecured line of credit. Defendants admit PYOD acquired all rights, title, and interest in the account after Fontanez's default. Defendants admit Resurgent's employee, David Lamb, signed the proof of claim within the scope of his employment. Defendants deny all remaining allegations in Paragraph 58 of the Complaint.

## ALLEGATIONS OF JONES

59. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Jones' bankruptcy case on or about July 24, 2019 regarding an account that originated with HSBC Bank Nevada, N.A. involving an unsecured line of credit. Defendants admit LVNV acquired all rights, title, and interest in the account Jones' default. Defendants admit Resurgent's employee, Susan Gaines, signed the proof of claim within the scope of her employment. Defendants deny all remaining allegations in Paragraph 59 of the Complaint.

## ALLEGATIONS OF DAY

60. Admitted in part, denied in part. Defendants admit Resurgent filed a proof of claim in Day's bankruptcy case on or about June 18, 2020. Defendants admit LVNV acquired all rights, title, and interest in the account after Day's default. Defendants admit Resurgent's employee,

Susan Gaines, signed the proof of claim within the scope of her employment. Defendants deny all remaining allegations in Paragraph 60 of the Complaint.

## EXHIBITS

61. Admitted.

62. Admitted.

## ARTICLE III STANDING

63. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 63 of the Complaint. Defendants deny all remaining allegations in Paragraph 63 of the Complaint.

64. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 64 of the Complaint. Defendants deny all remaining allegations in Paragraph 64 of the Complaint.

65. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 65 of the Complaint. Defendants deny all remaining allegations in Paragraph 65 of the Complaint.

66. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 66 of the Complaint. Defendants deny all remaining allegations in Paragraph 66 of the Complaint.

67. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted text from the legal authority cited in Paragraph 67 of the Complaint. Defendants deny all remaining allegations in Paragraph 67 of the Complaint.

## SCOPE OF TRICHELL

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

*COUNT 1.*
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
*(against Resurgent)*

76. Defendants incorporate and reallege Paragraphs 1 through 75 of this Answer as though more fully set forth herein.

77. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, Merrick Bank Corporation, Pinnacle Credit Services, LLC, and PYOD, LLC respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's

Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

***COUNT 2.***
**VIOLATION OF FLA. STAT. § 559.72(9)**
*(against Resurgent and LVNV)*

84. Defendants incorporate and reallege Paragraphs 1 through 75 of this Answer as though more fully set forth herein.

85. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, Merrick Bank Corporation, Pinnacle Credit Services, LLC, and PYOD, LLC respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

***COUNT 3.***
**VIOLATION OF FLA. STAT. § 559.72(9)**
*(against Resurgent and M-Bank)*

89. Defendants incorporate and reallege Paragraphs 1 through 75 of this Answer as though more fully set forth herein.

90. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 90 of the Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, Merrick Bank Corporation, Pinnacle Credit Services, LLC, and PYOD, LLC respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

## COUNT 4
## VIOLATION OF FLA. STAT. § 559.72(9)
*(against Resurgent and PYOD)*

94. Defendants incorporate and reallege Paragraphs 1 through 75 of this Answer as though more fully set forth herein.

95. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 95 of the Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Complaint.

97. Defendants deny the allegations in Paragraph 97 of the Complaint.

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, Merrick Bank Corporation, Pinnacle Credit Services, LLC, and PYOD, LLC respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

*COUNT 5*
**VIOLATION OF FLA. STAT. § 559.72(9)**
*(against Resurgent and Pinnacle)*

99. Defendants incorporate and reallege Paragraphs 1 through 75 of this Answer as though more fully set forth herein.

100. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 100 of the Complaint.

101. Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, Merrick Bank Corporation, Pinnacle Credit Services, LLC, and PYOD, LLC respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

*COUNT 6*
**VIOLATION OF FLA. STAT. § 559.72(5)**
*(against LVNV)*

104. Defendants incorporate and reallege Paragraphs 1 through 75 of this Answer as though more fully set forth herein.

105. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 105 of the Complaint.

106. Defendants deny the allegations in Paragraph 106 of the Complaint.

107. Defendants deny the allegations in Paragraph 107 of the Complaint.

108. Defendants deny the allegations in Paragraph 108 of the Complaint.

109. Defendants deny the allegations in Paragraph 109 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, Merrick Bank Corporation, Pinnacle Credit Services, LLC, and PYOD, LLC respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

## COUNT 7
### VIOLATION OF FLA. STAT. § 559.72(5)
*(against M-Bank)*

110. Defendants incorporate and reallege Paragraphs 1 through 75 of this Answer as though more fully set forth herein.

111. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 111 of the Complaint.

112. Defendants deny the allegations in Paragraph 112 of the Complaint.

113. Defendants deny the allegations in Paragraph 113 of the Complaint.

114. Defendants deny the allegations in Paragraph 114 of the Complaint.

115. Defendants deny the allegations in Paragraph 115 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, Merrick Bank Corporation, Pinnacle Credit Services, LLC, and PYOD, LLC respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

### COUNT 8
### VIOLATION OF FLA. STAT. § 559.72(5)
*(against PYOD)*

116. Defendants incorporate and reallege Paragraphs 1 through 75 of this Answer as though more fully set forth herein.

117. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 117 of the Complaint.

118. Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Complaint.

120. Defendants deny the allegations in Paragraph 120 of the Complaint.

121. Defendants deny the allegations in Paragraph 121 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, Merrick Bank Corporation, Pinnacle Credit Services, LLC, and PYOD, LLC respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

## COUNT 9
## VIOLATION OF FLA. STAT. § 559.72(5)
*(against Pinnacle)*

122. Defendants incorporate and reallege Paragraphs 1 through 75 of this Answer as though more fully set forth herein.

123. Admitted in part, denied in part. Defendants admit only the accuracy of any properly quoted statutory text. Defendants deny all remaining allegations in Paragraph 123 of the Complaint.

124. Defendants deny the allegations in Paragraph 124 of the Complaint.

125. Defendants deny the allegations in Paragraph 125 of the Complaint.

126. Defendants deny the allegations in Paragraph 126 of the Complaint.

127. Defendants deny the allegations in Paragraph 127 of the Complaint.

WHEREFORE, Defendants Resurgent Capital Services, L.P., LVNV Funding, LLC, Merrick Bank Corporation, Pinnacle Credit Services, LLC, and PYOD, LLC respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff; dismiss Plaintiff's Complaint with prejudice; and, further award all such other relief, including attorney's fees and costs, as is just and appropriate.

Respectfully submitted,

**MESSER STRICKLER, LTD.**

By: */s/ John M. Marees, II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES, II, ESQUIRE
FL Bar No. 0069879
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)

lburnette@messerstrickler.com
jmarees@messerstrickler.com
*Counsel for Defendants*

Dated: November 6, 2020

### CERTIFICATE OF SERVICE

I certify that on November 6, 2020, a true copy of the foregoing document was served as follows:

*Via CM/ECF*
Jibrael Hindi, Esq.
Thomas Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, 17th Floor
Ft. Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com
*Attorneys for Plaintiffs*

**MESSER STRICKLER, LTD.**

By:   */s/ John M. Marees, II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES, II, ESQUIRE
FL Bar No. 0069879
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
*Counsel for Defendants*

Dated: November 6, 2020