UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:20-cv-61297-RKA

PAMELA TITUS, JOSEPH AMODIO,
WILLIAM VILCINA, JACQUELINE
FONTANEZ, PAUL JONES, BYRON HALL,
and DAMIEN DAY,

    Plaintiffs,

v.

RESURGENT CAPITAL SERVICES L.P.,
LVNV FUNDING, LLC, MERRICK BANK
CORPORATION, PINNACLE CREDIT
SERVICES, LLC, and PYOD, LLC,

    Defendants.
_____/

## MOTION TO COMPEL SECOND DEPOSITION

Plaintiffs request an order compelling the second deposition of the Omnibus Corporate Representative[1] appointed by Defendants[2] so Plaintiffs may inquire as to the core objective facts in dispute at the heart of Plaintiffs' case.

## BACKGROUND & POSTURE

On October 21, 2020, the individual cases filed by each Plaintiff were consolidated into the above-captioned action. *See* D.E. 43. On October 23, 2020, as per the Order Consolidating Cases [D.E. 43], Plaintiffs filed their operative pleadings, Plaintiffs' Third Amended Complaint [D.E. 44] (the "TAC"). On November 06, 2020, Defendants filed their operative response to the TAC [D.E. 45] (the "Answer"). Per the governing Scheduling Order, the deadline to complete fact discovery is May 18, 2021. D.E. 35.

Although procedurally convoluted, the heart of Plaintiffs' claims is simple and objectively resolvable. *See, e.g.,* D.E. 44 at ¶ 80. Defendants filed proofs of claims in Plaintiffs' bankruptcy

---

[1] In lieu of appointing their own corporate representative, Defendants collectively appointed one individual, Kimberly Hurley, in response to the four separate notices of deposition Plaintiffs served on Defendants.

[2] Defendant Resurgent Capital Services, L.P., Defendant LVNV Funding, LLC, Defendant Pinnacle Credit Services, LLC, and Defendant PYOD, LLC.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

proceedings in an attempt to collect various debts. D.E. 44 at ¶ 28. In the sixteen (16) proofs of claim at issue, *see* D.E. 44-2, Defendants input an amount and checked "no" to this question:

> 7. How much is the claim? $_____. Does this amount include interest or other charges?
> ☐ No
> ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

*See* Id. The amounts sought by Defendants in each of the sixteen (16) proofs of claim, however, **includes interest and other charges**. Thus, Plaintiffs claim Defendants violated, *inter alia*, § 1692e(2)(A) of the Fair Debt Collection Practices Act ("FDCPA") by falsely representing the amount and character of the underlying debts in each of the sixteen (16) proofs of claim at issue. *See* D.E. 44 at ¶¶ 76-81.

Beyond posture, and with respect to the discovery matter now before this Court, Plaintiffs' attempts to conduct meaningful discovery and otherwise schedule the deposition of Defendants corporate representatives has been a point of contention since August 27, 2020. See D.E. 55. Adversarial issues aside, Defendants knew the necessity of the depositions sought by Plaintiffs, **as well as the deposition topics**, since, *at minimum*, December 10, 2020. *See* D.E. 55 at ¶¶ 4-5.

On February 19, 2021, nearly six (6) months after Plaintiffs' initial request to schedule the deposition of Defendants, the Omnibus Corporate Representative of Defendants (the "OCR") sat for deposition. Attached as Exhibit "A" is a copy of said deposition transcript (the "Transcript"). Yet, instead of allowing Plaintiffs to conduct the deposition unimpeded, counsel for Defendants quickly objected on the grounds of **attorney-client privilege** and instructed the OCR to *not* provide *any* response to *any* question pertaining to **why** the amount demanded by Defendants, across any of the sixteen (16) proofs of claim at issue, exceeded the *principal* portion of the underlying debt. *See, e.g.,* Transcript at p22:12 to p23:9.

## **STANDARD OF REVIEW**

"The party asserting a privilege bears the burden of proving that the privilege exists." Wyndham Vacation Ownership, Inc. v. Totten, Franqui, Davis & Burk, LLC, No. 18-81055-CIV-ALTMAN/REINHART, 2019 U.S. Dist. LEXIS 227264, at *4 (S.D. Fla. May 28, 2019) (*citing* In re Grand Jury Investigation, 842 F.2d 1223, 1225 (11th Cir. 1987)). The FDCPA claims in this case arise under this Court's federal question jurisdiction and, as such, this Court "applies federal

PAGE | 2 of 6

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

law to determine whether an attorney-client privilege exists." Wyndham, 2019 U.S. Dist. LEXIS 227264 at *4 (*citing* Garner v. Wolfinbarger, 430 F.2d 1093, 1098 (5th Cir. 1970)).

"The party claiming the attorney-client privilege must generally establish the following elements: (1) the holder of privilege is a client; (2) the person to whom communication was made is a member of the bar and that person is acting as a lawyer in connection with the communication; (3) the communication relates to a fact of which attorney was informed by the client without the presence of strangers for the purpose of securing legal advice; and (4) the privilege is claimed and not waived by the client." Wyndham, 2019 U.S. Dist. LEXIS 227264 at *4 (citations omitted).

"As an initial matter, instructions not to answer are generally improper with the only exception being questions which seek information in the form of trade secrets or privileged information. And even when an attorney properly instructs a deponent not to answer on the basis of privilege, 'it is the duty of the attorney instructing the witness not to answer to immediately seek a protective order.'" Garayoa v. Miami-Dade Cty., No. 16-Civ-20213-COOKE/TORRES, 2017 U.S. Dist. LEXIS 113443, at *9 (S.D. Fla. July 20, 2017) (*quoting* Nutmeg Ins. Co. v. Atwell, Vogel & Sterling A Div. of Equifax Servs., Inc., 120 F.R.D. 504, 508 (W.D. La. 1988)).

**SANCTIONS ARE WARRANTED BECAUSE COUNSEL FOR DEFENDANT IMPROPERLY INVOKED ATTORNEY-CLIENT PRIVILEGE TO FRUSTRATE THE PROGRESSION OF THIS CASE**

**1.  DEFENDANTS FAILED TO SEEK A PROTECTIVE ORDER**

Despite objecting on the basis of attorney-client privilege at deposition, counsel for Defendants failed to file a motion for protective order pursuant to Federal Rule of Civil Procedure 30(d) after unilaterally directing the OCR not to answer counsel for Plaintiffs' line of questioning. Defendants left it to Plaintiffs to bring the matter before this Court. As such, by failing to file a protective order, Defendants' conduct was itself improper and in violation of the Federal Rules. *See* Garayoa v. Miami-Dade Cty., No. 16-Civ-20213-COOKE/TORRES, 2017 U.S. Dist. LEXIS 113443, at *9 (S.D. Fla. July 20, 2017) (*citing* Nutmeg Ins. Co . v. Atwell, 120 F.R.D. 504, 508 (W.D. La. 1988) ("[C]ounsel unilaterally directed the witness not to answer and left it to defendant Equifax to bring the matter before the court in the form of a motion for sanctions. This course of conduct was improper and in violation of the Federal Rules of Civil Procedure.").

2.  **DEFENDANTS INVOCATION OF THE ATTORNEY-CLIENT PRIVILEGE WAS DONE IN BAD-FAITH, PLANNED, AND OTHERWISE INTENDED TO PREVENT PLAINTIFFS FROM OBTAINING DISCOVERABLE INFORMATION NECESSARY TO PLAINTIFFS' CLAIMS AS A WHOLE**

"In cases involving claims of privilege based on communications with in-house counsel, the law requires that the protections afforded by the attorney-client privilege be 'applied more narrowly and cautiously.' The rationale is that 'less protection is warranted when company officers have a mixed responsibility incorporating both business and legal aspects, and where their advice and communications are based on an on-going permanent business relationship rather than specific requests for legal advice.'" Burgos-Stefanelli v. Napolitano, No. 09-60118-CIV-Hurley/Hopkins, 2009 U.S. Dist. LEXIS 136772, at *4-5 (S.D. Fla. Dec. 17, 2009) (*quoting* In re Ford Motor Co. Crown Vict. Police Interceptor Prods. Liab. Litig., 2003 U.S. Dist. LEXIS 27862, 2003 WL 22217673, *1 (N.D. Ohio July 1, 2003)).

"The attorney-client privilege was 'intended as a shield, not a sword,' and a party waives the privilege if he '**injects into the case an issue that in fairness requires an examination of otherwise protected communications**.' When a party goes beyond mere denial of allegations and affirmatively asserts good faith, then it has 'injected the issue of its knowledge of the law into the case and thereby waived the attorney-client privilege.'" Reyes v. Collins & 74th, Inc., No. 16-24362-CIV, 2017 U.S. Dist. LEXIS 101982, at *11 (S.D. Fla. June 30, 2017) (*quoting* Cox v. Adm'r United States Steel & Carnegie, 17 F.3d 1386, 1418-19 (11th Cir. 1994) (emphasis added))

Here, as the Transcript reflects, Counsel for Defendants wasted little time to frustrate the deposition of the OCR. Counsel for Defendants unfurled its spontaneous, illusory objection of attorney-client privilege mere minutes after counsel for Plaintiffs began questioning the OCR about **the first of sixteen proofs of claim** (*namely*, the proof of claim attached as Exhibit "B") which stated, in relevant part:

| How much is the claim? | $ 2,356.23 | Does this amount include interest or other charges?<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

See Exhibit B.

Pointedly, as testified by the OCR, per the records of Defendants (Transcript at p.13:3-13), the principal portion of the underlying debt was $1,927.24 and the amount of interest was $429.99

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(Exhibit B at 11), whereby the sum of these two numbers equals $2,356.23. Armed with this inconsistent testimony, and the fact that Defendants checked "no" with respect to this particular proof of claim, counsel for Plaintiffs asked the OCR **why** these inconsistencies came about, Transcript at p.13:15-25, as such inconsistencies represent the heart of Plaintiffs' case. Yet, instead of allowing the OCR to respond, counsel for Defendants instructed the OCR not to answer the question and, thereafter, confirmed that Defendants would raise the attorney-client privilege objection to *any* line of questioning which sought to determine *why* any amount identified on *any* proof of claim exceeded the principal of the corresponding debt. Transcript at p.22:16 to p.23:9.

Simply put, counsel for Defendants' decision to purposefully frustrate the OCR's deposition by frivolously raising the attorney-client privilege objection deprived Plaintiffs of necessary discoverable information. Counsel for Defendants knew full-well the line of questioning the OCR was facing before the deposition began, not only by way of the applicable Notices of Deposition (attached as Exhibit "C"), but also because the deposition topics were discussed, at length, by the parties as evidenced by the Status Report. *See* D.E. 55. Despite such knowledge, counsel never raised any concerns regarding attorney-client privilege *until* Plaintiffs were mere moments from obtaining dispositive testimony from the OCR. As of this writing, Defendants have still failed to seek a protective order. See Garayoa, 2017 U.S. Dist. LEXIS 113443 at *9.

At minimum, inquiry into *why* an amount listed on any proof of claim at issue **exceeds and/or is otherwise inconsistent with Defendants own records** is an issue newly injected into this case by way of Defendants' responses to Plaintiffs' paper discovery requests. Cox,, 17 F.3d 1386 at 1419 ("[t]he defendant need not raise an affirmative defense to inject a new issue into the case") Here, *via* formal discovery, Defendants provided Plaintiffs with *all the documents* Defendants *claim* to possess with respect to any debt at issue, as well as *all the documents* Defendants *claim* to have used and/or reviewed to prepare the proofs of claim at issue. Now, in the light of clear inconsistencies between the OCR's testimony and documentation of Defendants, counsel for Defendants seek to use attorney-client privilege offensively to prevent inquiry into core objective facts at the heart Plaintiffs' case.

WHEREFORE, Plaintiffs, respectfully, request that this Court: **[1]** compel the second deposition of Defendants' omnibus corporate representative as noticed by Plaintiffs; **[2]** require Defendants to pay all expenses associated with the second deposition; and **[3]** award attorneys' fees and costs associated with this Motion to Compel to Plaintiffs.

## CERTIFICATE OF CONFERRAL & PERMISSION/APPROVAL TO FILE

On February 19, 2021, and on February 22, 2021, counsel for Plaintiffs conferred with counsel for Defendants regarding the relief sought herein. Defendants oppose the relief sought herein.

On February 22, 2021, counsel for Plaintiffs and counsel for Defendants jointly contacted the chambers of Magistrate Judge Hunt regarding permission and/or approval to filing of this Motion to Compel. Plaintiffs were granted approval and/or permission to file this Motion to Compel.

Dated: February 26, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

PAGE | **6** of **6**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com