1              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF FLORIDA
2

3

PAMELA TITUS, JOSEPH AMODIO,     CASE NO:
4 WILLIAM VILCINA, JACQUELINE       0:20-cv-61297-RKA
FONTANEZ, PAUL JONES, BYRON
5 HALL, and DAMIEN DAY,

6      Plaintiffs,

7   vs.

8 RESURGENT CAPITAL SERVICES
L.P., LVNV FUNDING, LLC,
9 MERRICK BANK CORPORATION,
PINNACLE CREDIT SERVICES, LLC,
10 and PYOD, LLC,

11      Defendants.
     _____/
12

13        Zoom Video Conference Deposition of:

14            KIMBERLY HURLEY

15

16       Taken on Behalf of the Plaintiffs

DATE TAKEN:   February 19, 2021
17 PLACE:       Zoom Video Conference
TIME:        Scheduled for 1:00 p.m.
18              Commencing at 1:00 p.m. to 1:28 p.m.

19

20     Examination of the Witness taken before:

21

22           CAROL SINGH, FPR
      Florida Professional Reporter
23        Empire Legal Reporting
     110 SE 6th Street, Suite 1701
24      Fort Lauderdale, Florida 33301
         (954) 241-1010

25

Kimberly Hurley taken on 2/19/2021

```
 1    APPEARANCES:

 2                 On behalf of the Plaintiffs:
                   JIBRAEL J S HINDI, ESQUIRE
 3                 THOMAS J PATTI, III, ESQUIRE
                   The Law Offices of Jibrael S. Hindi
 4                 110 SE 6th Street, Suite 1744
                   Ft Lauderdale, Florida 33301-5000
 5                 (954) 628-5793
                   jibrael@jibraellaw.com
 6                 tom@jibraellaw.com

 7                 On behalf of the Defendants:
                   JOHN M MAREES II, ESQUIRE
 8                 Messer Strickler, LTD
                   12276 San Jose Boulevard, Suite 718
 9                 Jacksonville, Florida 32223-8674
                   (904) 527-1172
10                 jmarees@messerstrickler.com

11
      ALSO PRESENT:
12                 N/A

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Kimberly Hurley taken on 2/19/2021

```
 1                    I N D E X

 2   DEPOSITION OF:  KIMBERLY HURLEY          PAGE NO.
     Direct Examination By MR. PATTI               4
 3   Certificate of Oath                          25
     Certificate of Reporter                      26
 4

 5
                 PLAINTIFFS' EXHIBIT INDEX
 6
        No.         Description              Page No.
 7      Q           Notice of deposition PYOD        5
        R           Notice of deposition Resurgent   6
 8      S           Notice of deposition LVNV        7
        T           Notice of deposition Pinnacle    7
 9      E           Proof of claim for Joseph        8
                    Amodio
10
      (Reporter's note:  Plaintiffs' Exhibits were premarked.)
11

12

13

14                 DEFENDANTS' EXHIBIT INDEX

15
                    * * * NONE * * *
16
                      -   -   -
17

18

19

20

21

22

23

24

25
```

 1   Thereupon,

 2                        KIMBERLY HURLEY,

 3   having been first duly sworn or affirmed, was examined

 4   and testified as follows:

 5                   THE WITNESS:  Yes.

 6                        DIRECT EXAMINATION

 7   BY MR. PATTI:

 8        Q.   My name is Thomas Patti.  Have you ever been

 9   deposed before?

10        A.   Yes.

11        Q.   Okay, please state your name?

12        A.   Kimberly Danielle Hurley.

13        Q.   Do you have an attorney present?

14        A.   Yes.  John Marees.

15        Q.   Is John Marees your individual attorney, your

16   personal attorney?

17        A.   Oh, no.

18        Q.   Do you have an attorney personally?

19        A.   No.

20        Q.   Okay.

21             So, I'm going to give you an outline on how

22   this is going to go.  It's going to be, hopefully a

23   straight-forward process.  We're going to go through

24   each of the individual proofs of claim.  I'm going to

25   ask you a couple of questions about them, and we're

Kimberly Hurley taken on 2/19/2021

1    going to go from there.  But, first, do you have

2    exhibits Q, R, S, and T?

3         A.   Yes.  Do you want me to pull those up right

4    now?

5         Q.   Please?

6         A.   Okay, I have Q, R, S, and T exhibit pulled up.

7         Q.   Okay, perfect.  So I'm not going to make you

8    read each individual one, but could you please read the

9    deposition topics listed in Exhibit Q, please?

10             (Plaintiffs' Exhibit No. Q, Notice of

11   deposition for PYOD, previously marked, was not offered

12   for identification.)

13   BY MR. PATTI:

14        Q.   Out loud, I'm sorry?

15        A.   I'm sorry?

16        Q.   Out loud, please, I'm sorry.

17        A.   This is a notice of deposition for PYOD, LLC.

18   Topic 1, the facts and circumstances surrounding each

19   allegation in the Third Consolidated Complaint and

20   Defendant's record response and answer.

21             Second topic is Defendant's consumer collection

22   agency license, registration with the Florida Department

23   of State.

24             Third, the documents and information Defendant

25   maintains in accordance with Rule 69V-180.080, Florida

Kimberly Hurley taken on 2/19/2021

1    Admin Code.

2              4, for the proofs of claim filed in Plaintiffs'

3    bankruptcy cases.

4              5, the documents and information reviewed by

5    Defendant to prepare the proofs of claim filed in

6    Plaintiffs' bankruptcy cases.

7              6, Defendant's policies and procedure regarding

8    the submission of proof of claims.

9              7, Defendant's policies and procedure that

10   Defendant maintains to prevent filing proofs of claim

11   that falsely represent the amount sought therein not

12   included interest and/or other charges.

13             And the final, 8, the information and

14   documentation Defendant relies upon to determine the

15   principal portion of the debts underlying the proof of

16   claims filed in Plaintiffs' bankruptcy cases.

17        Q.   Are you the person appointed by PYOD for this

18   deposition today on topics 1 through 8?

19        A.   Yes.

20        Q.   Perfect.  You don't have to read them again,

21   but could you open up Exhibit S, please?

22             (Plaintiffs' Exhibit No. S, Notice of

23   deposition for LVNV Funding, previously marked, was not

24   offered for identification.)

25             THE WITNESS:  This is a notice of deposition

1    for LVNV Funding, LLC.

2   BY MR. PATTI:

3    Q.   Perfect.  You don't have to read them out loud

4   again, but can you confirm that these eight topics are

5   the same eight topics that you previously read?

6    A.   Yes, they're identical.

7    Q.   Are you the person LVNV Funding, LLC appointed

8   to appear for deposition today?

9    A.   Yes.

10    Q.   Last one is -- well not last, but Exhibit T,

11   could you please do the same?

12        (Plaintiffs' Exhibit No. T, Notice of

13   deposition Pinnacle, previously marked, was not offered

14   for identification.)

15        THE WITNESS:  Is the notice of deposition for

16     Pinnacle Credit Services, LLC, and, yes, the topics

17     are the same.

18   BY MR. PATTI:

19    Q.   Okay, are you the person that Pinnacle

20   appointed to appear for deposition today?

21    A.   Yes.

22        MR. PATTI:  All right, the last one, Exhibit R.

23        (Plaintiffs' Exhibit No. R, Notice of

24   deposition for Resurgent, previously marked, was not

25   offered for identification.)

Kimberly Hurley taken on 2/19/2021

 1    BY MR. PATTI:

 2        Q.   It is my understanding that you are only

 3    appearing for deposition topics 1 through 5, with

 4    respect to Exhibit R, which is for Resurgent Capital; is

 5    that correct?

 6        A.   Yes.

 7        Q.   Okay, well, let's jump into it.  Could you

 8    please open exhibit, let's start with Exhibit E?

 9             (Plaintiffs' Exhibit No. E, Proof of claim of

10    Joseph Amodio, previously marked, was not offered for

11    identification.)

12             THE WITNESS:  Okay.

13    BY MR. PATTI:

14        Q.   All right.  Exhibit E is 14 pages in total;

15    correct?

16        A.   Yes.

17        Q.   Can you tell me what Exhibit E is?

18        A.   This is a proof of claim for consumer

19    Joseph Amodio.

20        Q.   How do you know that?

21        A.   Because it says the consumer's name on the

22    proof of claim.

23        Q.   Could you go to Page 2 of the exhibit?

24        A.   Okay.

25        Q.   In box No. 7, it says how much is the claim?

1    Could you tell me what the claim is?

2        A.   2,356.23.

3        Q.   Could you go to Page 4?

4             On page 4, it states that there's a principal

5    amount.  Could you tell me what it says there as the

6    principal?

7        A.   2,356.23.

8        Q.   Briefly just to go back up, in box No. 7, it

9    states, "Does this amount include any interest or other

10   charges"; correct?  It asks, "Does this amount include

11   any interest or other charges"?

12       A.   It does ask that.

13       Q.   Could you tell me what answer was checked?

14       A.   "No".

15       Q.   Can you tell me what the principal amount is

16   for the debt associated with this proof of claim?  The

17   account number ends in 1570?

18       A.   2,356.23.

19       Q.   And why do you say that is the principal

20   amount?

21       A.   That's the amount listed on the proof of claim.

22       Q.   Notwithstanding what's listed on the proof of

23   claim, do you have any other knowledge to exert of the

24   principal balances?

25       A.   No.

1    Q.   Can you go to page -- bear with me -- Page 10

2    of the exhibit?

3    A.   Okay.

4    Q.   Oh, I'm sorry, so sorry, Page 11.

5    A.   Okay.

6    Q.   On Page 11, there is a column that says

7    "LineNumber".  They start at 53 and it ends at 73.

8    Could you please look?  So, we're going to be discussing

9    line 63.  Could you explain to me what "Merchant" means

10   in that column, with respect to column No. 63?

11   A.   Merrick, that's the original creditor.

12   Q.   Next to that, there's a column that's labeled

13   "CurrentBalance".  Could you tell me what current

14   balance means?

15   A.   The current balance means that's the balance

16   that was transmitted at the time the portfolio was

17   purchased.

18   Q.   There's a column that says "PrincipalBalance".

19   Can you tell me what it says for the principal balance?

20   A.   Sure.  1,927.24.

21   Q.   The column for "InterestBalance", could you

22   tell me what that says?

23   A.   428.99.

24   Q.   With respect to line 63, this entire column,

25   could you tell me what it's supposed to represent?

1      A.    I'm sorry could you repeat that one?

2      Q.    Absolutely.

3            So, now that this has happened, let me just go

4      through this.  If there's ever a question I ask that you

5      don't understand, if it's unclear, if you just want me

6      to restate it in a different way, please, by all means,

7      ask me and I will absolutely rephrase the question.

8      A.    Sure.

9      Q.    So, this is line No. 63.  There's various other

10     accounts listed here.  The other ones are redacted.

11     Line No. 63, with the exception of the full account

12     number is the only one that is not redacted.

13           Can you tell me what this line 63 corresponds

14     to and what it is in the overall portfolio's debt?

15     A.    Sure.  So, this is the data string that's

16     transmitted at the time the portfolio is purchased.  The

17     raw data file, that represents the account information

18     for the consumer, as well as the consumer's demographic

19     information.

20     Q.    Okay.  With respect to the amount of the debt,

21     when the account was placed with you, what was the

22     principal amount?

23     A.    2,356.23.

24     Q.    Why do you say 2,356.23?

25     A.    Because that was the balance at the time the

1   account was placed.

2       Q.   Correct.  I asked for the principal.  Can you

3   please tell me what the principal was when the account

4   was placed with your office?

5       A.   Sure.  It's the same.  It's the 2,356.23.

6       Q.   Why doe it list the principal as $1,927.24?

7       A.   That was the principal amount that the original

8   creditor transmitted over.

9       Q.   Why is that different than the principal amount

10  you're giving me?

11      A.   Well, we file the proof of claims for our

12  principal amount.  So, our principal would represent the

13  2,356,23.

14      Q.   When you say your principal, what do you mean?

15      A.   The amount of the claim that was sent over at

16  the time that it was placed.

17      Q.   If I'm understanding correctly, please let me

18  know if I'm mistaken.  So when an account is referred

19  over to your office, the amount as a whole is the amount

20  that is listed as the principal amount in your internal

21  records?

22      A.   Yes.

23      Q.   Okay.  So, if this specific account, which was

24  referred over, can you tell me the date that this

25  account was referred?

1      A.   Sorry, I'm just looking through the account

2  event history to find the date for you.

3      Q.   Perfect.  So, to elaborate, this exhibit and

4  corresponding Exhibits A through P, those represent all

5  of the documents that were in the possession of each of

6  the Defendants, and they represent all the documents

7  that were available with respect to these debts, and all

8  the documents that were reviewed prior to filing the

9  claim.  So it's my understanding that there are no

10  documents outside of these attachments.  So, hopefully,

11  if there's any information you seek, you should be able

12  to find it in this exhibit.

13      A.   Correct.  So I'm looking at Page 10 of

14  Exhibit E, and the purchase date is October 7th of 2019.

15      Q.   So in October 2019, this account was sold -- or

16  I'm sorry -- this account was transferred to your

17  office, the amount was, the total amount was, $2,356.23,

18  the principal portion of it was $1,927.24, and interest

19  of $428.99.  Now, this is where I'm going to ask for

20  some clarification.

21           Instead of filing a proof of claim listing

22  $1927.24 as the principal, the proof of claim lists the

23  current balance as a whole.  Can you tell me why that

24  number was used, the current balance, as opposed to the

25  principal balance?

1           MR. MAREES:  Tom, I'm going to object.  The

2      reasons why --

3           MR. PATTI:  Thank you.  Please, just assert

4      your objection if you could, sir.

5           MR. MAREES:  Okay, sure.  It's based upon

6      attorney/client privilege and I'm going to instruct

7      her not to answer the question.

8           MR. PATTI:  Carol, could you please repeat the

9      question that I asked.

10          (A portion of the record was read by the court

11     reporter.)

12          MR. PATTI:  Mr. Marees, I don't believe that

13     falls within any realm of attorney/client privilege.

14     I'm specifically asking why the proof of claim was

15     filed with the current balance as opposed to the

16     principal balance.

17          MR. MAREES:  And, that was a decision that was

18     made between Resurgent and its internal legal

19     counsel.  And, so, it's our position that the

20     decision as to why the amounts were included on a

21     proof of claim were attorney/client privilege and/or

22     work product because it was done in anticipation of

23     litigation, which is the filing and the proof of

24     claim.  So, I'm going to instruct her not to answer

25     the question and if we have to bring the issue up in

1    front of the judge, I guess we can do that.

2         MR. HINDI:  John, this is Jibrael Hindi.

3         MR. MAREES:  Sure.

4         MR. HINDI:  This question is clearly the heart

5    of the case.  This is a question that should be

6    answered, and I think that you're trying to evade,

7    essentially, us winning this case by your client not

8    providing this answer.  And I think it's definitely a

9    bad faith move.  Are you sure you want to stick to an

10   attorney/client privilege?  We're going to bring this

11   up before the court immediately.  These depositions

12   aren't going to be able to move forward without

13   getting these answers.

14        MR. MAREES:  Well, No. 1, I don't believe it's

15   bad faith, but I do believe I have a good faith basis

16   to assert an attorney/client privilege objection.

17   And, I'm going to assert that objection and instruct

18   the witness not to answer.

19        MR. PATTI:  Okay, we'll --

20        MR. HINDI:  And just to be clear, even if we

21   were to stipulate that the answer is confidential

22   within the case, you still do not want your client to

23   answer that question; is that correct?

24        MR. MAREES:  Well, confidentiality and

25   privilege are two different things.  And I'm

1    asserting an objection based upon privilege.  And,

2    so, based upon privilege, whether it's kept

3    confidential or not, if it is, in fact, an

4    attorney/client privilege communication, which we are

5    asserting it is, you're not entitled to know that

6    information regardless of whether it's kept

7    confidential or not.

8         MR. HINDI:  I'm aware of the difference between

9    confidentiality and attorney/client privilege.  The

10   only reason I ask is because I know, once we file

11   this motion to compel and also seeking fees, you're

12   probably going to want to come to a compromise once

13   you see that in fact, which you probably already do,

14   that there is no attorney/client privilege to this

15   question.  But that's fine.  Your objection is noted.

16        I think we need to take a break to see whether

17   we actually have to contact chambers, just because of

18   the fact that, you know, we've had this depo

19   scheduled, and for a while now we're running short on

20   time.  The Judge has been very patient with us

21   scheduling these depositions.  And I don't know if

22   we're going to be able to reschedule all of these

23   when, essentially, the questions that we need

24   answered relate to what we just asked.

25        MR. PATTI:  Do you mind if take a five-minute

1    recess, John, just so we can confer?

2            MR. MAREES:  No problem at all.

3            MR. PATTI:  Thank you so much.

4            (Recess taken from 1:18 p.m. to 1:21 p.m.)

5            MR. PATTI:  So, before we discuss the privilege

6    issue, Ms. Hurley, did you have any discussions with

7    anybody in the brief moment we just had a break?

8            THE WITNESS:  No.

9            MR. PATTI:  Okay.

10           Now, John, what we're going to do, we've

11   reviewed the judge's procedures.  This will be one

12   where we got to reach out to Magistrate Hunt on.  We

13   suggest that we're just going to call the judge right

14   now and we're going to try to get a ruling on this,

15   only because, you know as Jibrael said, this speaks

16   to the heart of the case and we think we need a

17   resolution on this.  Otherwise, it's not going to be

18   a very productive deposition; do you agree?

19           MR. MAREES:  No, I don't agree with it wouldn't

20   be a productive deposition.  You know also, you know

21   the question you're asking is why they did certain

22   things.  The question No. 1 of why they put certain

23   amounts on proof of claim is not -- is also not

24   relevant to the case.  I mean, this is a strict

25   liability claim as to whether my clients falsely

1    misrepresented the amount of the balance.  It doesn't

2    matter why they did it.  And the question of "why" is

3    attorney/client privilege.

4         She testified here today as to the balances

5    that the data string represents and the balances

6    listed on the proof of claim.  I don't think you're

7    entitled to know why, and I don't think it's

8    relevant.

9         MR. PATTI:  So, the testimony I was provided

10   was that the principal amount was the current

11   balance, despite the records clearly indicating that

12   the principal balance was $1,927.  The question

13   directly specifically why does the proof of claim

14   listed amount other than the principal balance.  So I

15   think that's something fully within the scope of this

16   because the testimony previously given doesn't match

17   up to what's actually in front of me.

18        So, I agree that this is a strict liability

19   case.  And if the principal balance is, in fact,

20   different than what's listed on the proof of claim,

21   we have a case.  But it seems that the testimony just

22   isn't following the record.  So I believe a "why" is

23   quite important in this situation.

24        MR. MAREES:  Okay.

25        MR. PATTI:  So, with that said, We believe we

1    need to contact Magistrate Hunt just so we can get a

2    resolution on this.  Do you still oppose?

3         MR. MAREES:  I'm still asserting our

4    confidentiality -- I mean, excuse me -- our privilege

5    objection.

6         MR. PATTI:  Okay.  So just sit tight everybody,

7    we're going to reach out to chambers and see if we

8    can't get a resolution on this right away.  If we

9    cannot, we'll just take it from there.  So, please,

10   sit tight.

11        MR. MAREES:  I'm going to be, obviously you're

12   going to loop me into the conversation with?

13        MR. PATTI:  Absolutely.

14        MR. MAREES:  Okay.

15        MR. PATTI:  Absolutely.  We can't have you know

16   ex parte communications with.

17        MR. MAREES:  Sure.  I wasn't suggesting you

18   would.  I just wanted to make sure that.

19        MR. HINDI:  John, do you want to give me a call

20   right now, then I'll call the chambers?

21        MR. MAREES:  Sure, what number do you want me

22   to call?

23        MR. HINDI:  Tom, do you want to?  Give him your

24   number, Tom.  Let him call you, then three-way me,

25   then I'll three-way the chambers.

```
 1            THE COURT REPORTER:  Do you want me to stay on
 2       the record for this or go off the record?
 3            MR. PATTI:  Please stay on.
 4            MR. HINDI:  That's a good question.
 5            She has to be on the call though.  That's what
 6       she's asking.
 7            Right, Carol?
 8            THE COURT REPORTER:  Yes.
 9            MR. HINDI:  Yes, that's what she's asking.
10            THE COURT REPORTER:  Do you want my cell phone
11       number?
12            MR. PATTI:  I have a dial-in conference.  Let
13       me share that in the chat log right now, and that's
14       what we'll use.
15            MR. HINDI:  Tom, maybe you can use the office
16       phone on speaker so everybody can be on.
17            MR. PATTI:  We have a dial-in conference that
18       we can't dial out from, but at least for purposes of
19       our discussion beforehand, before we contact the
20       Magistrate, everybody can be part of that call.  Or
21       would you rather me just try to loop everybody in by
22       adding numbers?
23            MR. HINDI:  I think what we should do is maybe
24       me and John can call chambers, obviously the judge
25       isn't going to answer his phone, it's going to be his
```

1   judicial assistant or whoever, and see if he's even

2   available.  And if he is available, then we can loop

3   in Carol to transcribe.  So let's just get on a call

4   real quick, give John your cell phone, and then patch

5   me in.  We'll call chambers.  And if they allow us to

6   talk to the judge, then.

7        MR. MAREES:  Jibrael, respectfully, I just

8   pulled up Judge Hunt's website.  His discover

9   procedures, it specifically says, "Counsel shall not

10  call chambers to seek an immediate ruling to address

11  a dispute that arises during a deposition."

12       MR. HINDI:  Okay.  Thank you for looking at

13  that.

14       MR. MAREES:  I mean, you can pull it up.

15       MR. HINDI:  It's fine.  I think we're just

16  going to have to stop the depo then and we have to

17  resolve this issue.

18       MR. MAREES:  Okay.

19       MR. PATTI:  So, John, do you have deposition

20  availability immediately known for next week?

21  Specifically, Monday, Tuesday, Wednesday, Thursday?

22       MR. HINDI:  Well, Tom, let's not even go there

23  because we don't know how long it's going to take to

24  resolve the issue.

25       MR. PATTI:  Okay.  So then I guess we have to

```
 1     adjourn the deposition.

 2            But before we do, I mean --

 3            MR. HINDI:  And, again, for the record, the

 4     reason why we're adjourning is because all of our

 5     questions, we have Exhibit A through Z, and they're

 6     all going to be, essentially, the same type of

 7     question as to why are they reporting certain numbers

 8     when you know there's different numbers when they

 9     were transmitted.  So, let's just get off the record,

10     and let's handle this through the magistrate.  And

11     then, we'll reschedule these.

12            MR. MAREES:  Yeah, I mean, until I know the

13     questions that are asked on the remaining exhibits, I

14     have no idea whether we're going to assert privilege

15     objection or not, so.

16            MR. PATTI:  Well, let me just give you an

17     outline.  Each of the documents that were provided in

18     discovery, you're well familiar with this, the

19     totality of the documents that were provided in

20     discovery represented the full thrust of all the

21     documents maintained by each of the defendants with

22     respect to each individual debt.  There are no

23     documents outside of this.  So, when the documents

24     themselves state that the principal amount of the

25     debt is different than what is listed on the proof of
```

1    claim, we intend to ask questions why.  And, correct

2    me if I'm wrong.  Any question of why, as to why the

3    amount listed on the proof of claim is different than

4    the records maintained by the Defendant, you're going

5    to assert a claim of privilege; is that correct?

6        MR. MAREES:  That's correct, but I believe on

7    14 of the 16 proofs of claim, the data string and the

8    balances are the same.  So I -- I mean, I don't know

9    what questions.

10        MR. PATTI:  I disagree.

11        MR. HINDI:  But we're still going to have

12   questions as to why.

13        MR. MAREES:  Sure.

14        MR. HINDI:  And we're assuming that any

15   questions as to why, you're going to state that it's

16   attorney/client privilege.

17        MR. MAREES:  Yes.

18        MR. PATTI:  Mr. Marees, are you going to be

19   working with us to get this deposition immediately

20   rescheduled once we have a resolution for

21   Magistrate Hunt?

22        MR. MAREES:  Tom, I have worked with you

23   repeatedly to schedule depositions as quickly and

24   expeditiously as possible and you know that.

25        MR. HINDI:  Carol, can we get a rush on this

```
 1        just because we're going to have to file a motion

 2        immediately, please.

 3             THE COURT REPORTER:  I'll do it right now.

 4             MR. HINDI:  Thank you, I appreciate it.

 5             MR. PATTI:  Everybody, thank you so much.

 6             Ms. Hurley, thank you for your time.  Maybe

 7        we'll be seeing each other again.

 8             MR. MAREES:  All right, thank you.

 9             (The witness did not waive the reading and

10        signing of the deposition, and the deposition was

11        adjourned at 1:28 p.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                     CERTIFICATE OF OATH

 2     STATE OF FLORIDA
       COUNTY OF BROWARD
 3

 4              I, CAROL SINGH, Florida Professional Reporter,

 5     Notary Public, State of Florida, certify that

 6     Kimberly Hurley personally appeared before me via Zoom

 7     Video Conference on 19th of February, 2021, and was duly

 8     sworn.

 9              Signed this 19th day of February, 2021.

10

11

12     _____

13

14              CAROL SINGH, FPR
                Florida Professional Reporter
                Notary Public, State of Florida
15              My Commission No. GG 226731
                My Commission expires 10/05/2022
16

17

18

19

20

21

22

23

24

25
```

```
 1                  CERTIFICATE OF REPORTER

 2      STATE OF FLORIDA )
        COUNTY OF BROWARD)
 3
                I, Carol Singh, FPR and Notary Public in and
 4      for the State of Florida at large, do hereby certify
        that I was authorized to and did stenographically report
 5      the deposition of Kimberly Hurley; that a review of the
        transcript was not requested; and that the foregoing
 6      transcript, pages 1 through 23, is a true record of my
        stenographic notes.
 7
                I FURTHER CERTIFY that I am not a relative,
 8      employee, or attorney, or counsel of any of the parties,
        nor am I a relative or employee of any of the parties'
 9      attorney or counsel connected with the action, nor am I
        financially interested in the action.
10
                DATED this 19th day of February, 2021, at
11      Fort Lauderdale, Broward County, Florida.

12

13

14      _____
        CAROL SINGH, FPR
15      Florida Professional Reporter

16

17

18

19

20

21

22

23

24

25
```

## WORD INDEX

**< $ >**
**$1,927**  18:*12*
**$1,927.24**  12:*6*  13:*18*
**$1927.24**  13:*22*
**$2,356.23**  13:*17*
**$428.99**  13:*19*

**< 0 >**
**0:20-cv-61297-RKA**
  1:*4*

**< 1 >**
**1**  5:*18*  6:*18*  8:*3*
  15:*14*  17:*22*  26:*6*
**1,927.24**  10:*20*
**1:00**  1:*17, 18*
**1:18**  17:*4*
**1:21**  17:*4*
**1:28**  1:*18*  24:*11*
**10**  10:*1*  13:*13*
**10/05/2022**  25:*15*
**11**  10:*4, 6*
**110**  1:*23*  2:*4*
**12276**  2:*8*
**14**  8:*14*  23:*7*
**1570**  9:*17*
**16**  23:*7*
**1701**  1:*23*
**1744**  2:*4*
**19**  1:*14*
**19th**  25:*7, 9*  26:*9*

**< 2 >**
**2**  8:*23*
**2,356,23**  12:*13*
**2,356.23**  9:*2, 7, 18*
  11:*23, 24*  12:*5*
**2019**  13:*14, 15*
**2021**  1:*14*  25:*7, 9*
  26:*9*
**226731**  25:*15*
**23**  26:*6*
**241-1010**  1:*24*
**25**  3:*3*
**26**  3:*3*

**< 3 >**

**32223-8674**  2:*9*
**33301**  1:*23*
**33301-5000**  2:*4*

**< 4 >**
**4**  3:*2*  6:*2*  9:*3, 4*
**428.99**  10:*23*

**< 5 >**
**5**  3:*7*  6:*4*  8:*3*
**527-1172**  2:*9*
**53**  10:*7*

**< 6 >**
**6**  3:*7*  6:*7*
**628-5793**  2:*5*
**63**  10:*9, 10, 24*  11:*9,*
  *11, 13*
**69V-180.080**  5:*25*
**6th**  1:*23*  2:*4*

**< 7 >**
**7**  3:*8*  6:*9*  8:*25*  9:*8*
**718**  2:*8*
**73**  10:*7*
**7th**  13:*14*

**< 8 >**
**8**  3:*9*  6:*13, 18*

**< 9 >**
**904**  2:*9*
**954**  1:*24*  2:*5*

**< A >**
**able**  13:*11*  15:*12*
  16:*22*
**about**  4:*25*
**Absolutely**  11:*2, 7*
  19:*13, 15*
**accordance**  5:*25*
**account**  9:*17*  11:*11,*
  *17, 21*  12:*1, 3, 18, 23,*
  *25*  13:*1, 15, 16*
**accounts**  11:*10*
**action**  26:*9*
**actually**  16:*17*  18:*17*
**adding**  20:*22*
**address**  21:*10*

**adjourn**  22:*1*
**adjourned**  24:*11*
**adjourning**  22:*4*
**Admin**  6:*1*
**affirmed**  4:*3*
**again**  6:*20*  7:*4*  22:*3*
  24:*7*
**agency**  5:*22*
**agree**  17:*18, 19*  18:*18*
**All**  7:*22*  8:*14*  11:*6*
  13:*4, 6, 7*  16:*22*  17:*2*
  22:*4, 6, 20*  24:*8*
**allegation**  5:*19*
**allow**  21:*5*
**already**  16:*13*
**ALSO**  2:*10*  16:*11*
  17:*20, 23*
**AMODIO**  1:*1*  3:*9*
  8:*10, 19*
**amount**  6:*11*  9:*5, 9,*
  *10, 15, 20, 21*  11:*20,*
  *22*  12:*7, 9, 12, 15, 19,*
  *20*  13:*17*  18:*1, 10, 14*
  22:*24*  23:*3*
**amounts**  14:*20*  17:*23*
**and/or**  6:*12*  14:*21*
**answer**  5:*20*  9:*13*
  14:*7, 24*  15:*8, 18, 21,*
  *23*  20:*25*
**answered**  15:*6*  16:*24*
**answers**  15:*13*
**anticipation**  14:*22*
**anybody**  17:*7*
**appear**  7:*8, 20*
**APPEARANCES**  2:*1*
**appeared**  25:*6*
**appearing**  8:*3*
**appointed**  6:*17*  7:*7,*
  *20*
**appreciate**  24:*4*
**aren't**  15:*12*
**arises**  21:*11*
**asked**  12:*2*  14:*9*
  16:*24*  22:*13*
**asking**  14:*14*  17:*21*
  20:*6, 9*
**asks**  9:*10*
**assert**  14:*3*  15:*16, 17*
  22:*14*  23:*5*

**adjourn**  22:*1* — see above

**asserting**  16:*1, 5*  19:*3*
**assistant**  21:*1*
**associated**  9:*16*
**assuming**  23:*14*
**attachments**  13:*10*
**attorney**  4:*13, 15, 16,*
  *18*  26:*8, 9*
**attorney/client**  14:*6,*
  *13, 21*  15:*10, 16*  16:*4,*
  *9, 14*  18:*3*  23:*16*
**authorized**  26:*4*
**availability**  21:*20*
**available**  13:*7*  21:*2*
**aware**  16:*8*
**away**  19:*8*

**< B >**
**back**  9:*8*
**bad**  15:*9, 15*
**balance**  10:*14, 15, 19*
  11:*25*  13:*23, 24, 25*
  14:*15, 16*  18:*1, 11, 12,*
  *14, 19*
**balances**  9:*24*  18:*4,*
  *5*  23:*8*
**BANK**  1:*9*
**bankruptcy**  6:*3, 6, 16*
**based**  14:*5*  16:*1, 2*
**basis**  15:*15*
**bear**  10:*1*
**before**  1:*20*  4:*9*
  15:*11*  17:*5*  20:*19*
  22:*2*  25:*6*
**beforehand**  20:*19*
**Behalf**  1:*14*  2:*2, 7*
**believe**  14:*12*  15:*14,*
  *15*  18:*22, 25*  23:*6*
**between**  14:*18*  16:*8*
**Boulevard**  2:*8*
**box**  8:*25*  9:*8*
**break**  16:*16*  17:*7*
**brief**  17:*7*
**Briefly**  9:*8*
**bring**  14:*25*  15:*10*
**BROWARD**  25:*2*
  26:*2, 11*
**BYRON**  1:*4*

**< C >**

**call** 17:*13* 19:*19, 20, 22, 24* 20:*5, 20, 24* 21:*3, 5, 10*
**cannot** 19:*9*
**CAPITAL** 1:*8* 8:*4*
**CAROL** 1:*20* 14:*8* 20:*7* 21:*3* 23:*25* 25:*4, 12* 26:*2, 14*
**CASE** 1:*1* 15:*5, 7, 22* 17:*16, 24* 18:*19, 21*
**cases** 6:*3, 6, 16*
**cell** 20:*10* 21:*4*
**certain** 17:*21, 22* 22:*7*
**Certificate** 3:*3* 25:*1* 26:*1*
**certify** 25:*5* 26:*4, 6*
**chambers** 16:*17* 19:*7, 20, 25* 20:*24* 21:*5, 10*
**charges** 6:*12* 9:*10, 11*
**chat** 20:*13*
**checked** 9:*13*
**circumstances** 5:*18*
**claim** 3:*9* 4:*24* 6:*2, 5, 10* 8:*9, 18, 22, 25* 9:*1, 16, 21, 23* 12:*15* 13:*9, 21, 22* 14:*14, 21, 24* 17:*23, 25* 18:*6, 13, 20* 23:*1, 3, 5, 7*
**claims** 6:*8, 16* 12:*11*
**clarification** 13:*20*
**clear** 15:*20*
**clearly** 15:*4* 18:*11*
**client** 15:*7, 22*
**clients** 17:*25*
**Code** 6:*1*
**collection** 5:*21*
**column** 10:*6, 10, 12, 18, 21, 24*
**come** 16:*12*
**Commencing** 1:*18*
**Commission** 25:*15*
**communication** 16:*4*
**communications** 19:*16*
**compel** 16:*11*
**Complaint** 5:*19*

**compromise** 16:*12*
**confer** 17:*1*
**Conference** 1:*13, 17* 20:*12, 17* 25:*7*
**confidential** 15:*21* 16:*3, 7*
**confidentiality** 15:*24* 16:*9* 19:*4*
**confirm** 7:*4*
**connected** 26:*9*
**Consolidated** 5:*19*
**consumer** 5:*21* 8:*18* 11:*18*
**consumer's** 8:*21* 11:*18*
**contact** 16:*17* 19:*1* 20:*19*
**conversation** 19:*12*
**CORPORATION** 1:*9*
**correct** 8:*5, 15* 9:*10* 12:*2* 13:*13* 15:*23* 23:*1, 5, 6*
**correctly** 12:*17*
**corresponding** 13:*4*
**corresponds** 11:*13*
**could** 5:*8* 6:*21* 7:*11* 8:*7, 23* 9:*1, 3, 5, 13* 10:*8, 9, 13, 21, 25* 11:*1* 14:*4, 8*
**counsel** 14:*19* 21:*9* 26:*8, 9*
**COUNTY** 25:*2* 26:*2, 11*
**couple** 4:*25*
**COURT** 1:*1* 14:*10* 15:*11* 20:*1, 8, 10* 24:*3*
**CREDIT** 1:*9* 7:*16*
**creditor** 10:*11* 12:*8*
**current** 10:*13, 15* 13:*23, 24* 14:*15* 18:*10*
**CurrentBalance** 10:*13*

**< D >**
**DAMIEN** 1:*5*
**Danielle** 4:*12*
**data** 11:*15, 17* 18:*5* 23:*7*

**DATE** 1:*14* 12:*24* 13:*2, 14*
**DATED** 26:*9*
**DAY** 1:*5* 25:*9* 26:*9*
**debt** 9:*16* 11:*14, 20* 22:*22, 25*
**debts** 6:*15* 13:*7*
**decision** 14:*17, 20*
**Defendant** 5:*24* 6:*5, 10, 14* 23:*4*
**Defendants** 1:*11* 2:*7* 3:*9* 13:*6* 22:*21*
**Defendant's** 5:*20, 21* 6:*7, 9*
**definitely** 15:*8*
**demographic** 11:*18*
**Department** 5:*22*
**depo** 16:*18* 21:*16*
**deposed** 4:*9*
**Deposition** 1:*13* 3:*2, 7, 8* 5:*9, 11, 17* 6:*18, 23, 25* 7:*8, 13, 15, 20, 24* 8:*3* 17:*18, 20* 20 21:*11, 19* 22:*1* 23:*19* 24:*10* 26:*5*
**depositions** 15:*11* 16:*21* 23:*23*
**Description** 3:*3*
**despite** 18:*11*
**determine** 6:*14*
**dial** 20:*18*
**dial-in** 20:*12, 17*
**did** 17:*6, 21* 18:*2* 24:*9* 26:*4*
**difference** 16:*8*
**different** 11:*6* 12:*9* 15:*25* 18:*20* 22:*8, 25* 23:*3*
**Direct** 3:*2* 4:*6*
**directly** 18:*13*
**disagree** 23:*10*
**discover** 21:*8*
**discovery** 22:*18, 20*
**discuss** 17:*5*
**discussing** 10:*8*
**discussion** 20:*19*
**discussions** 17:*6*
**dispute** 21:*11*
**DISTRICT** 1:*1*
**documentation** 6:*14*

**documents** 5:*24* 6:*4* 13:*5, 6, 8, 10* 22:*17, 19, 21, 23*
**doe** 12:*6*
**Does** 9:*9, 10, 12* 18:*13*
**doesn't** 18:*1, 16*
**done** 14:*22*
**don't** 6:*20* 7:*3* 11:*5* 14:*12* 15:*14* 16:*21* 17:*19* 18:*6, 7* 21:*23* 23:*8*
**duly** 4:*3* 25:*7*
**during** 21:*11*

**< E >**
**each** 4:*24* 5:*8, 18* 13:*5* 22:*17, 21, 22* 24:*7*
**eight** 7:*4, 5*
**elaborate** 13:*3*
**Empire** 1:*22*
**employee** 26:*8*
**ends** 9:*17* 10:*7*
**entire** 10:*24*
**entitled** 16:*5* 18:*7*
**ESQUIRE** 2:*2, 3, 7*
**essentially** 15:*7* 16:*23* 22:*6*
**evade** 15:*6*
**even** 15:*20* 21:*1, 22*
**event** 13:*2*
**ever** 4:*8* 11:*4*
**everybody** 19:*6* 20:*16, 20, 21* 24:*5*
**ex** 19:*16*
**Examination** 1:*20* 3:*2* 4:*6*
**examined** 4:*3*
**exception** 11:*11*
**excuse** 19:*4*
**exert** 9:*23*
**EXHIBIT** 3:*3, 9* 5:*6, 9, 10* 6:*21, 22* 7:*10, 12, 22, 23* 8:*4, 8, 9, 14, 17, 23* 10:*2* 13:*3, 12, 14* 22:*5*
**Exhibits** 3:*9* 5:*2* 13:*4* 22:*13*

expeditiously 23:*24*
expires 25:*15*
explain 10:*9*

< F >
fact 16:*3*, *13*, *18*
 18:*19*
facts 5:*18*
faith 15:*9*, *15*
falls 14:*13*
falsely 6:*11* 17:*25*
familiar 22:*18*
February 1:*14* 25:*7*,
 9 26:*9*
fees 16:*11*
file 11:*17* 12:*11*
 16:*10* 24:*1*
filed 6:*2*, *5*, *16* 14:*15*
filing 6:*10* 13:*8*, *21*
 14:*23*
final 6:*13*
financially 26:*9*
find 13:*2*, *12*
fine 16:*15* 21:*15*
first 4:*3* 5:*1*
five-minute 16:*25*
FLORIDA 1:*1*, *22*, *23*
 2:*4*, *9* 5:*22*, *25* 25:*2*,
 *4*, *5*, *14* 26:*2*, *4*, *11*, *14*
following 18:*22*
follows 4:*4*
FONTANEZ 1:*4*
foregoing 26:*5*
Fort 1:*23* 26:*11*
forward 15:*12*
FPR 1:*20* 25:*12*
 26:*2*, *14*
front 15:*1* 18:*17*
Ft 2:*4*
full 11:*11* 22:*20*
fully 18:*15*
FUNDING 1:*8* 6:*23*
 7:*1*, *7*
FURTHER 26:*6*

< G >
get 17:*14* 19:*1*, *8*
 21:*3* 22:*9* 23:*19*, *25*
getting 15:*13*
GG 25:*15*

give 4:*21* 19:*19*, *23*
 21:*4* 22:*16*
given 18:*16*
giving 12:*10*
go 4:*22*, *23* 5:*1* 8:*23*
 9:*3*, *8* 10:*1* 11:*3*
 20:*2* 21:*22*
going 4:*21*, *22*, *23*, *24*
 5:*1*, *7* 10:*8* 13:*19*
 14:*1*, *6*, *24* 15:*10*, *12*,
 *17* 16:*12*, *22* 17:*10*,
 *13*, *14*, *17* 19:*7*, *11*, *12*
 20:*25* 21:*16*, *23* 22:*6*,
 *14* 23:*4*, *11*, *15*, *18*
 24:*1*
good 15:*15* 20:*4*
got 17:*12*
guess 15:*1* 21:*25*

< H >
had 16:*18* 17:*7*
HALL 1:*5*
handle 22:*10*
happened 11:*3*
heart 15:*4* 17:*16*
HINDI 2:*2*, *3* 15:*2*, *4*,
 *20* 16:*8* 19:*19*, *23*
 20:*4*, *9*, *15*, *23* 21:*12*,
 *15*, *22* 22:*3* 23:*11*, *14*,
 *25* 24:*4*
history 13:*2*
hopefully 4:*22* 13:*10*
Hunt 17:*12* 19:*1*
 23:*21*
Hunt's 21:*8*
HURLEY 1:*14* 3:*2*
 4:*2*, *12* 17:*6* 24:*6*
 25:*6* 26:*5*

< I >
idea 22:*14*
identical 7:*6*
identification 5:*12*
 6:*24* 7:*14*, *25* 8:*11*
II 2:*7*
III 2:*3*
immediate 21:*10*
immediately 15:*11*
 21:*20* 23:*19* 24:*2*

important 18:*23*
include 9:*9*, *10*
included 6:*12* 14:*20*
INDEX 3:*3*, *9*
indicating 18:*11*
individual 4:*15*, *24*
 5:*8* 22:*22*
information 5:*24*
 6:*4*, *13* 11:*17*, *19*
 13:*11* 16:*6*
Instead 13:*21*
instruct 14:*6*, *24*
 15:*17*
intend 23:*1*
interest 6:*12* 9:*9*, *11*
 13:*18*
InterestBalance 10:*21*
interested 26:*9*
internal 12:*20* 14:*18*
issue 14:*25* 17:*6*
 21:*17*, *24*
its 14:*18*

< J >
Jacksonville 2:*9*
JACQUELINE 1:*4*
JIBRAEL 2:*2*, *3*
 15:*2* 17:*15* 21:*7*
jibrael@jibraellaw.co
 m 2:*5*
jmarees@messerstrick
 ler.com 2:*10*
JOHN 2:*7* 4:*14*, *15*
 15:*2* 17:*1*, *10* 19:*19*
 20:*24* 21:*4*, *19*
JONES 1:*4*
Jose 2:*8*
JOSEPH 1:*1* 3:*9*
 8:*10*, *19*
judge 15:*1* 16:*20*
 17:*13* 20:*24* 21:*6*, *8*
judge's 17:*11*
judicial 21:*1*
jump 8:*7*

< K >
kept 16:*2*, *6*
KIMBERLY 1:*14*
 3:*2* 4:*2*, *12* 25:*6*
 26:*5*

know 8:*20* 12:*18*
 16:*5*, *10*, *18*, *21* 17:*15*,
 *20* 18:*7* 19:*15* 21:*23*
 22:*8*, *12* 23:*8*, *24*
knowledge 9:*23*
known 21:*20*

< L >
L.P 1:*8*
labeled 10:*12*
large 26:*4*
Last 7:*10*, *22*
Lauderdale 1:*23* 2:*4*
 26:*11*
Law 2:*3*
least 20:*18*
Legal 1:*22* 14:*18*
liability 17:*25* 18:*18*
license 5:*22*
line 10:*9*, *24* 11:*9*, *11*,
 *13*
LineNumber 10:*7*
list 12:*6*
listed 5:*9* 9:*21*, *22*
 11:*10* 12:*20* 18:*6*, *14*,
 *20* 22:*25* 23:*3*
listing 13:*21*
lists 13:*22*
litigation 14:*23*
LLC 1:*8*, *9*, *10* 5:*17*
 7:*1*, *7*, *16*
log 20:*13*
long 21:*23*
look 10:*8*
looking 13:*1*, *13*
 21:*12*
loop 19:*12* 20:*21*
 21:*2*
loud 5:*14*, *16* 7:*3*
LVNV 1:*8* 3:*8* 6:*23*
 7:*1*, *7*

< M >
made 14:*18*
Magistrate 17:*12*
 19:*1* 20:*20* 22:*10*
 23:*21*
maintained 22:*21*
 23:*4*
maintains 5:*25* 6:*10*

**MAREES** 2:7 4:*14,
15* 14:*1, 5, 12, 17*
15:*3, 14, 24* 17:*2, 19*
18:*24* 19:*3, 11, 14, 17,
21* 21:*7, 14, 18* 22:*12*
23:*6, 13, 17, 18, 22*
24:*8*
**marked** 5:*11* 6:*23*
7:*13, 24* 8:*10*
**match** 18:*16*
**matter** 18:*2*
**maybe** 20:*15, 23* 24:*6*
**mean** 12:*14* 17:*24*
19:*4* 21:*14* 22:*2, 12*
23:*8*
**means** 10:*9, 14, 15*
11:*6*
**Merchant** 10:*9*
**MERRICK** 1:*9*
10:*11*
**Messer** 2:*8*
**mind** 16:*25*
**misrepresented** 18:*1*
**mistaken** 12:*18*
**moment** 17:*7*
**Monday** 21:*21*
**motion** 16:*11* 24:*1*
**move** 15:*9, 12*

**< N >**
**N/A** 2:*12*
**name** 4:*8, 11* 8:*21*
**need** 16:*16, 23* 17:*16*
19:*1*
**NO** 1:*1* 3:*2, 3* 4:*17,
19* 5:*10* 6:*22* 7:*12,
23* 8:*9, 25* 9:*8, 14, 25*
10:*10* 11:*9, 11* 13:*9*
15:*14* 16:*14* 17:*2, 8,
19, 22* 22:*14, 22*
25:*15*
**NONE** 3:*9*
**nor** 26:*8, 9*
**not** 5:*7, 11* 6:*11, 23*
7:*10, 13, 24* 8:*10*
11:*12* 14:*7, 24* 15:*7,
18, 22* 16:*3, 5, 7*
17:*17, 23* 21:*9, 22*
22:*15* 24:*9* 26:*5, 6*

**Notary** 25:*5, 14* 26:*2*
**note** 3:*9*
**noted** 16:*15*
**notes** 26:*6*
**Notice** 3:*7, 8* 5:*10,
17* 6:*22, 25* 7:*12, 15,
23*
**Notwithstanding** 9:*22*
**now** 5:*4* 11:*3* 13:*19*
16:*19* 17:*10, 14*
19:*20* 20:*13* 24:*3*
**number** 9:*17* 11:*12*
13:*24* 19:*21, 24*
20:*11*
**numbers** 20:*22* 22:*7,
8*

**< O >**
**Oath** 3:*3* 25:*1*
**object** 14:*1*
**objection** 14:*4* 15:*16,
17* 16:*1, 15* 19:*5*
22:*15*
**obviously** 19:*11*
20:*24*
**October** 13:*14, 15*
**offered** 5:*11* 6:*24*
7:*13, 25* 8:*10*
**office** 12:*4, 19* 13:*17*
20:*15*
**Offices** 2:*3*
**Oh** 4:*17* 10:*4*
**Okay** 4:*11, 20* 5:*6, 7*
7:*19* 8:*7, 12, 24* 10:*3,
5* 11:*20* 12:*23* 14:*5*
15:*19* 17:*9* 18:*24*
19:*6, 14* 21:*12, 18, 25*
**once** 16:*10, 12* 23:*20*
**one** 5:*8* 7:*10, 22*
11:*1, 12* 17:*11*
**ones** 11:*10*
**open** 6:*21* 8:*8*
**oppose** 19:*2*
**opposed** 13:*24* 14:*15*
**original** 10:*11* 12:*7*
**other** 6:*12* 9:*9, 11,
23* 11:*9, 10* 18:*14*
24:*7*
**Otherwise** 17:*17*

**our** 12:*11, 12* 14:*19*
19:*3, 4* 20:*19* 22:*4*
**Out** 5:*14, 16* 7:*3*
17:*12* 19:*7* 20:*18*
**outline** 4:*21* 22:*17*
**outside** 13:*10* 22:*23*
**over** 12:*8, 15, 19, 24*
**overall** 11:*14*

**< P >**
**p.m** 1:*17, 18* 17:*4*
24:*11*
**PAGE** 3:*2, 3* 8:*23*
9:*3, 4* 10:*1, 4, 6*
13:*13*
**pages** 8:*14* 26:*6*
**PAMELA** 1:*1*
**part** 20:*20*
**parte** 19:*16*
**parties** 26:*8*
**patch** 21:*4*
**patient** 16:*20*
**PATTI** 2:*3* 3:*2* 4:*7,
8* 5:*13* 7:*2, 18, 22*
8:*1, 13* 14:*3, 8, 12*
15:*19* 16:*25* 17:*3, 5,
9* 18:*9, 25* 19:*6, 13,
15* 20:*3, 12, 17* 21:*19,
25* 22:*16* 23:*10, 18*
24:*5*
**PAUL** 1:*4*
**perfect** 5:*7* 6:*20* 7:*3*
13:*3*
**person** 6:*17* 7:*7, 19*
**personal** 4:*16*
**personally** 4:*18* 25:*6*
**phone** 20:*10, 16, 25*
21:*4*
**PINNACLE** 1:*9* 3:*8*
7:*13, 16, 19*
**PLACE** 1:*17*
**placed** 11:*21* 12:*1, 4,
16*
**Plaintiffs** 1:*6, 14* 2:*2*
3:*3, 9* 5:*10* 6:*2, 6, 16,
22* 7:*12, 23* 8:*9*
**please** 4:*11* 5:*5, 8, 9,
16* 6:*21* 7:*11* 8:*8*
10:*8* 11:*6* 12:*3, 17*

14:*3, 8* 19:*9* 20:*3*
24:*2*
**policies** 6:*7, 9*
**portfolio** 10:*16* 11:*16*
**portfolio's** 11:*14*
**portion** 6:*15* 13:*18*
14:*10*
**position** 14:*19*
**possession** 13:*5*
**possible** 23:*24*
**premarked** 3:*9*
**prepare** 6:*5*
**PRESENT** 2:*10* 4:*13*
**prevent** 6:*10*
**previously** 5:*11* 6:*23*
7:*5, 13, 24* 8:*10*
18:*16*
**principal** 6:*15* 9:*4, 6,
15, 19, 24* 10:*19*
11:*22* 12:*2, 3, 6, 7, 9,
12, 14, 20* 13:*18, 22,
25* 14:*16* 18:*10, 12,
14, 19* 22:*24*
**PrincipalBalance**
10:*18*
**prior** 13:*8*
**privilege** 14:*6, 13, 21*
15:*10, 16, 25* 16:*1, 2,
4, 9, 14* 17:*5* 18:*3*
19:*4* 22:*14* 23:*5, 16*
**probably** 16:*12, 13*
**problem** 17:*2*
**procedure** 6:*7, 9*
**procedures** 17:*11*
21:*9*
**process** 4:*23*
**product** 14:*22*
**productive** 17:*18, 20*
**Professional** 1:*22*
25:*4, 14* 26:*14*
**Proof** 3:*9* 6:*8, 15*
8:*9, 18, 22* 9:*16, 21,
22* 12:*11* 13:*21, 22*
14:*14, 21, 23* 17:*23*
18:*6, 13, 20* 22:*25*
23:*3*
**proofs** 4:*24* 6:*2, 5,
10* 23:*7*
**provided** 18:*9* 22:*17,*

*19*
**providing** 15:*8*
**Public** 25:5, *14* 26:2
**pull** 5:3 21:14
**pulled** 5:*6* 21:8
**purchase** 13:*14*
**purchased** 10:*17*
 11:*16*
**purposes** 20:*18*
**put** 17:*22*
**PYOD** 1:*10* 3:7
 5:*11, 17* 6:17

**< Q >**
**question** 11:4, *7*
 14:7, *9, 25* 15:4, *5, 23*
 16:15 17:21, *22* 18:2,
 *12* 20:4 22:7 23:2
**questions** 4:25 16:23
 22:5, *13* 23:1, *9, 12,*
 *15*
**quick** 21:*4*
**quickly** 23:*23*
**quite** 18:*23*

**< R >**
**rather** 20:*21*
**raw** 11:*17*
**reach** 17:*12* 19:7
**read** 5:8 6:20 7:3, *5*
 14:*10*
**reading** 24:*9*
**real** 21:*4*
**realm** 14:*13*
**reason** 16:*10* 22:4
**reasons** 14:*2*
**recess** 17:*1, 4*
**record** 5:20 14:*10*
 18:*22* 20:2 22:3, *9*
 26:6
**records** 12:*21* 18:*11*
 23:*4*
**redacted** 11:*10, 12*
**referred** 12:*18, 24, 25*
**regarding** 6:7
**regardless** 16:6
**registration** 5:*22*
**relate** 16:*24*
**relative** 26:6, *8*

**relevant** 17:*24* 18:*8*
**relies** 6:*14*
**remaining** 22:*13*
**repeat** 11:*1* 14:8
**repeatedly** 23:*23*
**rephrase** 11:7
**report** 26:*4*
**Reporter** 1:*22* 3:*3*
 14:*11* 20:*1, 8, 10*
 24:3 25:*4, 14* 26:*1,*
 *14*
**Reporter's** 3:*9*
**Reporting** 1:*22* 22:7
**represent** 6:*11* 10:25
 12:*12* 13:4, *6*
**represented** 22:*20*
**represents** 11:*17*
 18:5
**requested** 26:5
**reschedule** 16:22
 22:*11*
**rescheduled** 23:*20*
**resolution** 17:*17*
 19:2, *8* 23:*20*
**resolve** 21:*17, 24*
**respect** 8:*4* 10:*10, 24*
 11:*20* 13:7 22:*22*
**respectfully** 21:7
**response** 5:*20*
**restate** 11:*6*
**RESURGENT** 1:*8*
 3:*7* 7:*24* 8:*4* 14:*18*
**review** 26:*5*
**reviewed** 6:*4* 13:*8*
 17:*11*
**right** 5:*3* 7:22 8:*14*
 17:*13* 19:*8, 20* 20:*7,*
 *13* 24:3, *8*
**Rule** 5:*25*
**ruling** 17:*14* 21:*10*
**running** 16:*19*
**rush** 23:*25*

**< S >**
**same** 7:*5, 11, 17*
 12:*5* 22:*6* 23:*8*
**San** 2:*8*
**says** 8:*21, 25* 9:*5*
 10:*6, 18, 19, 22* 21:*9*
**schedule** 23:*23*

**Scheduled** 1:*17*
 16:*19*
**scheduling** 16:*21*
**scope** 18:*15*
**SE** 1:*23* 2:*4*
**Second** 5:*21*
**see** 16:*13, 16* 19:*7*
 21:*1*
**seeing** 24:*7*
**seek** 13:*11* 21:*10*
**seeking** 16:*11*
**sent** 12:*15*
**SERVICES** 1:*8, 9*
 7:*16*
**share** 20:*13*
**short** 16:*19*
**should** 13:*11* 15:5
 20:*23*
**Signed** 25:*9*
**signing** 24:*10*
**SINGH** 1:*20* 25:*4,*
 *12* 26:*2, 14*
**sir** 14:*4*
**sit** 19:*6, 10*
**situation** 18:*23*
**sold** 13:*15*
**some** 13:*20*
**something** 18:*15*
**sorry** 5:*14, 15, 16*
 10:*4* 11:*1* 13:*1, 16*
**sought** 6:*11*
**SOUTHERN** 1:*1*
**speaker** 20:*16*
**speaks** 17:*15*
**specific** 12:*23*
**specifically** 14:*14*
 18:*13* 21:*9, 21*
**start** 8:*8* 10:*7*
**state** 4:*11* 5:*23*
 22:*24* 23:*15* 25:*2, 5,*
 *14* 26:*2, 4*
**STATES** 1:*1* 9:*4, 9*
**stay** 20:*1, 3*
**stenographic** 26:*6*
**stenographically** 26:*4*
**stick** 15:*9*
**still** 15:*22* 19:*2, 3*
 23:*11*
**stipulate** 15:*21*

**stop** 21:*16*
**straight-forward** 4:*23*
**Street** 1:*23* 2:*4*
**Strickler** 2:*8*
**strict** 17:*24* 18:*18*
**string** 11:*15* 18:*5*
 23:*7*
**submission** 6:*8*
**suggest** 17:*13*
**suggesting** 19:*17*
**Suite** 1:*23* 2:*4, 8*
**supposed** 10:*25*
**Sure** 10:*20* 11:8, *15*
 12:*5* 14:*5* 15:3, *9*
 19:*17, 18, 21* 23:*13*
**surrounding** 5:*18*
**sworn** 4:*3* 25:*8*

**< T >**
**take** 16:*16, 25* 19:*9*
 21:*23*
**Taken** 1:*14, 20* 17:*4*
**talk** 21:*6*
**tell** 8:*17* 9:*1, 5, 13,*
 *15* 10:*13, 19, 22, 25*
 11:*13* 12:*3, 24* 13:*23*
**testified** 4:*4* 18:*4*
**testimony** 18:*9, 16, 21*
**Thank** 14:*3* 17:*3*
 21:*12* 24:*4, 5, 6, 8*
**things** 15:*25* 17:*22*
**think** 15:6, *8* 16:*16*
 17:*16* 18:*6, 7, 15*
 20:*23* 21:*15*
**Third** 5:*19, 24*
**THOMAS** 2:*3* 4:*8*
**though** 20:*5*
**three-way** 19:*24, 25*
**through** 4:*23* 6:*18*
 8:*3* 11:*4* 13:*1, 4*
 22:*5, 10* 26:*6*
**thrust** 22:*20*
**Thursday** 21:*21*
**tight** 19:*6, 10*
**TIME** 1:*17* 10:*16*
 11:*16, 25* 12:*16*
 16:*20* 24:*6*
**TITUS** 1:*1*
**today** 6:*18* 7:*8, 20*
 18:*4*

Kimberly Hurley taken on 2/19/2021

**Tom**  14:*1*  19:*23, 24*
  20:*15*  21:*22*  23:*22*
**tom@jibraellaw.com**
  2:*6*
**Topic**  5:*18, 21*
**topics**  5:*9*  6:*18*  7:*4,*
*5, 16*  8:*3*
**total**  8:*14*  13:*17*
**totality**  22:*19*
**transcribe**  21:*3*
**transcript**  26:*5, 6*
**transferred**  13:*16*
**transmitted**  10:*16*
  11:*16*  12:*8*  22:*9*
**true**  26:*6*
**try**  17:*14*  20:*21*
**trying**  15:*6*
**Tuesday**  21:*21*
**two**  15:*25*
**type**  22:*6*

< U >
**unclear**  11:*5*
**underlying**  6:*15*
**understand**  11:*5*
**understanding**  8:*2*
  12:*17*  13:*9*
**UNITED**  1:*1*
**up**  5:*3, 6*  6:*21*  9:*8*
  14:*25*  15:*11*  18:*17*
  21:*8, 14*
**use**  20:*14, 15*
**used**  13:*24*

< V >
**various**  11:*9*
**very**  16:*20*  17:*18*
**Video**  1:*13, 17*  25:*7*
**VILCINA**  1:*4*
**vs**  1:*7*

< W >
**waive**  24:*9*
**want**  5:*3*  11:*5*  15:*9,*
*22*  16:*12*  19:*19, 21,*
*23*  20:*1, 10*
**wanted**  19:*18*
**way**  11:*6*
**we**  12:*11*  14:*25*
  15:*1, 20*  16:*4, 10, 16,*

*17, 23, 24*  17:*1, 5, 7,*
*12, 16*  18:*21, 25*  19:*1,*
*7, 8, 15*  20:*17, 18, 19,*
*23*  21:*2, 16, 23, 25*
  22:*2, 5*  23:*1, 20, 25*
**website**  21:*8*
**Wednesday**  21:*21*
**week**  21:*20*
**well**  7:*10*  8:*7*  11:*18*
  12:*11*  15:*14, 24*
  21:*22*  22:*16, 18*
**We're**  4:*23, 25*  10:*8*
  15:*10*  16:*19, 22*
  17:*10, 13, 14*  19:*7*
  21:*15*  22:*4, 14*  23:*11,*
*14*  24:*1*
**we've**  16:*18*  17:*10*
**WILLIAM**  1:*4*
**winning**  15:*7*
**Witness**  1:*20*  4:*5*
  6:*25*  7:*15*  8:*12*
  15:*18*  17:*8*  24:*9*
**work**  14:*22*
**worked**  23:*22*
**working**  23:*19*
**wrong**  23:*2*

< Y >
**Yeah**  22:*12*
**Yes**  4:*5, 10, 14*  5:*3*
  6:*19*  7:*6, 9, 16, 21*
  8:*6, 16*  12:*22*  20:*8, 9*
  23:*17*

< Z >
**Zoom**  1:*13, 17*  25:*6*