## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-61297-CIV-ALTMAN/Hunt

**BYRON HALL,** *et al.*,

      **Plaintiffs,**

   **v.**

**LVNV FUNDING, LLC**, *et al.,*

      **Defendants.**

_____/

### DEFENDANTS' RESPONSE IN OPPOSITION
### TO PLAINTIFFS' MOTION TO COMPEL SECOND DEPOSITION

Defendants Resurgent Capital Services, L.P. *et al*, responds to Plaintiffs' Motion to Compel Second Deposition (D.E. 67) as follows:

### I.    BACKGROUND

On December 11, 2020, Plaintiffs unilaterally scheduled ten (10) depositions to occur over three (3) consecutive days, including the depositions of Defendants' corporate representative(s). D.E. 67.  On February 19, 2021, Kimberly Hurley appeared for deposition as Defendants' omnibus corporate representative.  *Id*.  During the deposition, Plaintiffs asked questions about a proof of claim concerning Joseph Amodio's account. *Id.* at 8:14–19.  Ms. Hurley answered counsel's questions, providing testimony comparing the balance on the proof of claim to the balances listed on the corresponding "data string." *Id*. at 9:3–7, 10:6–25.  Following these questions, Plaintiffs asked why the principal balance listed on the proof of claim was different than the balance listed on the corresponding data string. *Id.* at 13:21–25.  Because the response to that question would reveal information protected by the attorney-client privilege, Defendants asserted an objection and did not provide a substantive response. Rather than exercising "reasonable latitude…to establish

1

other relevant information" about Defendants' privilege assertion as L.R. 26.1(f)(2) specifically anticipates, Plaintiffs instead adjourned the deposition, and their Motion followed. *Id.* at 14:1—7.

## II.   <u>ARGUMENT</u>

In their Motion, Plaintiffs argue Defendants should be compelled to testify why any amount listed on any of the proofs of claim at issue conflict with their corresponding data strings. Plaintiffs offer three arguments. First, they argue that Defendants were on notice of their intention to ask why such inconsistencies existed by virtue of the topics identified in their Notice of Deposition. Second, they argue Defendants waived the attorney-client privilege by failing to seek an immediate protective order following their privilege assertion. Finally, they argue that because Defendants placed the attorney-client privileged communication at issue in this case, they waived their privilege. All three arguments fail, and their Motion should be denied.

### A.   *Defendants were not on notice Plaintiffs would inquire into Defendants' privileged communications.*

Plaintiffs argue Defendants "knew full-well" Plaintiffs would inquire into Defendants' privileged communications and accuse Defendants of waiting until Plaintiffs were "mere moments from obtaining dispositive testimony" before asserting their privilege objection.  D.E. 67, p. 5. A cursory review of the Notice of Deposition reveals Plaintiffs' assertion is wrong.

Federal Rule of Civil Procedure 30(b)(6) required Plaintiff to describe with reasonable particularity the matters for which Plaintiffs requested the depositions of Defendants' corporate representative(s).  Fed. R. Civ. P. 30(b)(6).  Here, according to the Notices, Plaintiffs sought testimony about the operative complaint and answer, Defendants' consumer agency licenses, documents maintained by Defendants in accordance with Florida Administrative Code, the underlying proofs of claim, Defendants' policies and procedures governing the proofs of claim, and documents Defendants relied upon in determining the balance listed on the proofs of claim.

D.E. 55-1.  The Notices do *not* seek testimony regarding Defendants' legal evaluation of *how* proofs of claim should be completed or *why* they should be completed in a specific way—which is exactly the testimony Plaintiffs now ask the Court to compel Defendants to provide.  The Notices made clear Plaintiffs sought testimony about several classes of documents, certain policies and procedures, and Defendants' compliance with certain state-imposed record-keeping requirements. Nowhere do the Notices even suggest Plaintiffs planned to obtain the testimony they now seek.

  B.  *Defendants were not required to seek a protective order.*

  Plaintiffs argue Defendants waived any attorney-client privilege by failing to immediately seek a protective order following the deposition, arguing that the Rules of Civil Procedure required Defendants to act rather than "forcing" Plaintiffs to bring their Motion. But Fed. R. Civ. P. 30(d)(4) was eliminated from Rule 30 long ago[1], and no local rule imposes any such burden on the party asserting privilege. Rather, the federal rules provide that counsel may instruct a witness not to answer a deposition question "when necessary to preserve a privilege." Fed. R. Civ. P. 30(c)(2). When a deponent is instructed not to answer, Rule 37(a)(3)(C) permits the inquiring party to either complete the deposition or adjourn the examination before moving for an order compelling disclosure.  The objecting party is also entitled, *but is not required*, to suspend the deposition for the time necessary to obtain a ruling on a motion for protective order. Fed. R. Civ. P. 30(d)(3)(A). Local Rule 26.1(f)(2) harmonizes with its federal counterpart and allows the questioning party to probe the borders of a privilege assertion. The purpose of the process, taken as a whole, is to allow the questioning party to determine whether to pursue the issue further as the party deems necessary, while protecting the objecting party from the need to immediately engage in motions practice that

---

[1] According to Lexis, Rule 30(d)(4) was last included in the 2006 publication of the Federal Rules of Civil Procedure and eliminated as of the 2007 publication.

may ultimately prove unnecessary should the questioning party decide not to press forward on the privileged issue.

Here, Defendants raised an appropriate privilege objection[2]. Plaintiffs could have proceeded with the deposition, either by moving on to other topics or by asking more probing questions about the privilege assertion. Instead, Plaintiffs chose to stop the deposition and seek an order compelling testimony—and the rules allow them to do so. But Plaintiffs cannot successfully compel Defendants to give attorney-client privileged testimony by pointing to Defendants' failure to adhere to a procedural requirement that no longer applies.

> C.    *Defendants did not place the privileged communications at issue.*

Plaintiffs argue Defendants placed the attorney-client privileged communications at issue because the balances listed in the proofs of claim and the corresponding data strings are inconsistent. This, Plaintiffs argue, entitles them to learn *why* the inconsistency exists.

The attorney-client privilege protects confidential communications to facilitate the free exchange of information between attorneys and their clients. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The privilege *may* be waived when a party affirmatively interjects a privileged communication directly into the litigation, as necessary to prove an element of a claim or defense. *Maplewood Partners, L.P. v. Indian Harbor Ins. Co.,* 295 F.R.D 550, 614-15 (S.D. Fla. 2013) (citing *GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987)). An "at issue" waiver of the attorney-client privilege requires an affirmative act by the invoking party arising from the asserted privilege; relevance between the affirmative act and a claim or issue in the case; and prejudice to the opposing party flowing from the non-disclosure of information vital

---

[2] Plaintiffs do *not* dispute the testimony they seek is not privileged—they simply argue they are entitled to the testimony *notwithstanding* the fact that it is privileged.

to their claims.  *Sow v. James River Ins. Co.,* 2020 U.S. Dist. 48852, *7 (S.D. Fla. 2020) (internal citations omitted).  "The inquiry focuses on whether a party affirmatively interjected a privileged communication directly into the litigation, as necessary to prove an element of a claim or defense." *Id.* (internal quotations omitted).  "It is the articulation of a claim or defense explicitly *relying* on the litigant's subjective thinking, as potentially influenced by advice from legal counsel that activate the doctrine of implied waiver." *Maar v. Beall's Inc.,* 237 F. Supp. 1336, 1340 (S.D. Fla. 2017).

Here, Plaintiffs allege the proofs of claim violated 15 U.S.C. § 1692e(2)(A) by falsely representing the amount of the underlying debts as principal only.[3] *See* D.E. 44.  The balances listed in the proofs of claim and the balances listed in the corresponding data strings say what they say, and they are either accurate or not. The legal advice which led Defendants to include or exclude certain balance information on the proofs of claim will not change what the proofs of claim say.  Moreover, Plaintiffs cannot credibly argue that *Defendants* put the legal rationale behind their proofs of claim at issue in this case—Defendants have neither asserted a *bona fide* error defense nor cited their reliance upon the advice of counsel as justification for the conduct giving rise to the claims pled. Defendants have taken no position that could reasonably be read to "interject" their privileged communications with counsel into this case.[4] The legal advice culminating in the preparation of the proofs of claim is irrelevant to whether the balance listed on the proofs of claim are true or false, and thus cannot be "necessary" to prove any element of Plaintiff's claims.

_____

[3] Plaintiffs do not dispute they owe the balances listed on each proof of claim, and no Plaintiff objected to any of the proofs of claim during their respective bankruptcies.

[4] And even had they, because this case turns on the accuracy of the proofs of claim themselves, Defendants' privileged communications with their counsel are not sufficiently material to justify waiver. *See Richter v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 203684 (M.D. Fla. 2014).

## III.    <u>CONCLUSION</u>

For the foregoing reasons, this Honorable Court should deny Plaintiff's Motion to Compel

Second Deposition.


Respectfully submitted,

**MESSER STRICKLER, LTD.**

By:     <u>*/s/ John M. Marees, II*</u>
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES, II, ESQUIRE
FL Bar No. 0069879
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
*Counsel for Defendants*

Dated: March 5, 2021

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 5, 2021, a true copy of the foregoing document was served as

follows:

*Via CM/ECF*
Jibrael Hindi, Esq.
Thomas Patti, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, 17th Floor
Ft. Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com
*Attorneys for Plaintiffs*

**MESSER STRICKLER, LTD.**

By:    */s/ John M. Marees, II*
LAUREN M. BURNETTE, ESQUIRE
FL Bar No. 0120079
JOHN M. MAREES, II, ESQUIRE
FL Bar No. 0069879
12276 San Jose Blvd.
Suite 718
Jacksonville, FL 32223
(904) 527-1172
(904) 683-7353 (fax)
lburnette@messerstrickler.com
jmarees@messerstrickler.com
*Counsel for Defendants*

Dated: March 5, 2021