UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF FLORIDA

Case No. 20-CV-61297-RKA

BRYON HALL, *et al.*,

    Plaintiffs,

v.

LVNV FUNDING, LLC, *et al.*,

    Defendants.
_____/

# PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL SECOND DEPOSITION

Plaintiffs submit the following Reply to the Response in Opposition [D.E. 69] filed by Defendants regarding Plaintiffs' Motion to Compel Second Deposition [D.E. 67] and state:

## DEFENDANTS FAILED TO SATISFY THE BURDEN OF PROVIDING THAT ATTORNEY-CLIENT PRIVILEGE AND/OR WORK-PRODUCT PRIVILEGE EXISTS.

As set forth in Plaintiffs' Motion to Compel [D.E. 67] (the "Motion to Compel"), "[t]he party claiming the attorney-client privilege must generally establish the following elements: **[1]** the holder of privilege is a client; **[2]** the person to whom communication was made is a member of the bar and that person is acting as a lawyer in connection with the communication; **[3]** the communication relates to a fact of which attorney was informed by the client without the presence of strangers for the purpose of securing legal advice; and **[4]** the privilege is claimed and not waived by the client." Motion to Compel at 4 (*citing* Wyndham Vacation Ownership, Inc. v. Totten, Franqui, Davis & Burk, LLC, No. 18-81055-CIV-ALTMAN/REINHART, 2019 U.S. Dist. LEXIS 227264, at *4 (S.D. Fla. May 28, 2019)).

Both at the underlying deposition, as well as in Defendants' Response [D.E. 69], Defendants' had the opportunity to satisfy its burden of proving that a *proper* attorney-client and/or work-product privilege exists. Defendants, however, have failed to do so.

As the transcript reflects, *see generally* D.E. 67-1 (the "Transcript"), the following question caused Defendants to raise the "attorney-client privilege" objection:

> So in October 2019, this account was sold -- or I'm sorry -- this account was transferred to your office, the amount was, the total amount was $2,356.23, the principal portion of it was $1,927.24, and interest of $428.99. Now, this is where I'm going to ask for some clarification.
> Instead of filing a proof of claim listing $1,927.24 as the principal, the proof of claim lists the current balance [*i.e.*, $2,356.23] as a whole. Can you tell me why that number was used, the current balance, as opposed to the principal balance?

Transcript at P.13, L.15-25. When pressed, Defendants then provided the following explanation as to why they (Defendants) raised the "attorney-client privilege" objection:

> And, that[1] was a decision that was made between Resurgent and its internal legal counsel. And, so, it's our position that the decision as to why the amounts were included on the proof of claim were attorney/client privilege and/or work product because it was done in anticipation of litigation, which is the filing and the proof of claim. So, I'm going to instruct her not the answer the question….

Transcript at P.14, L.17-25. Plaintiffs then proceeded to explain to Defendants why such line of questioning was critical and necessary, explaining:

> So, the testimony I was provided was that the principal amount was the current balance, despite the records clearly indicating that the principal balance was $1,927. The question [is] specifically why does the proof of claim list[] [an] amount other than the principal balance. So I think that's something fully within the scope of this [deposition] because the testimony previously given doesn't match up with what's actually in front of me.
> So, I agree that this is a strict liability case. And if the principal balance is, in fact, different that what's listed on the proof of claim, we have a case. But it seems that the testimony just isn't following the record. So I believe a "why" is quite important in this situation.

Transcript at P.18, L.9-23.

---

[1] *See* Transcript at P.14, L.14-16 (Plaintiffs attempted to clarify the inquiry for Defendants, as Plaintiffs believed the attorney-client privilege was not applicable, stating "I'm specifically asking why the proof of claim was filed with the current balance as opposed to the principal balance.").

Despite Plaintiffs' explanation at the deposition, Defendants refused to withdraw the "attorney-client privilege" objection. *See* Transcript at P.19, L.3-5.

Per Defendants' own words, "the decision as to why the amounts were included on the proof of claim were attorney/client privilege and/or work product **because it was done in anticipation of litigation**, which is the filing and the proof of claim." Transcript at P.18, L.19-23 (emphasis added). Completely devoid from Defendants' Response [D.E. 69], however, is **why *filing* a proof of claim** constitutes an action done in anticipation of litigation – and more pointedly – why Defendants' objection was not that of "work product." *See, e.g.*, Fid. Nat'l Title Ins. Co. v. Wells Fargo Bank, N.A., No. 12-22437, 2013 U.S. Dist. LEXIS 199702, 2013 WL 12138558, at *2 (S.D. Fla. July 19, 2013), *aff'd*, No. 1:12-CV-22437-UU, 2013 U.S. Dist. LEXIS 198661, 2013 WL 12138559 (S.D. Fla. July 29, 2013) (noting that plaintiff submitted an affidavit but finding it "wholly conclusory and [with] few details to substantiate her claim that 'Notes' were created 'in anticipation of litigation'"); *see also* Bridgewater v. Carnival Corp., 286 F.R.D. 636, 639 (S.D. Fla. 2011) (explaining that "[u]nless the affidavit is precise to bring the document within the rule, the Court has no basis on which to weigh the applicability of the privilege at all"); Abby v. Paige, No. 10-23589-CIV, 2011 U.S. Dist. LEXIS 165575, 2011 WL 13223681, at *2 (S.D. Fla. Nov. 30, 2011) (explaining party "typically" meets burden by affidavit but cannot "discharge that burden with conclusory allegations" and noting that declaration was "minimally useful"; provided "mostly . . . conclusory assertions"; was "not enough to establish the privilege claimed"; and, "to the contrary, it raises more questions than it answers"); Place St. Michel, Inc. v. Travelers Prop. Cas. Co. of Am., No. 06-21817-CIV, 2007 WL 1059561, at *3 (S.D. Fla. Apr. 4, 2007 ("The mere conclusory assertion that material sought is covered by . . . [the] work product privilege is not sufficient to render such material undiscoverable.").

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

As Magistrate Judge Jonathan Goodman explained in <u>Empire Indem, Ins. Co.</u>, "the party claiming a privilege **must provide the Court with underlying facts demonstrating the existence of the privilege**, which may be accomplished by affidavit. (citation omitted). In other words, 'the onus is on the party claiming immunity to provide competent **evidence** that the materials in question **were created in anticipation of litigation**.'" 2019 U.S. Dist. LEXIS 47919, at *16-17 (emphasis added) (*quoting* <u>Place St. Michel</u>, 2007 WL 1059561 at *3).

Here, just as with Gables in <u>Empire Indem. Ins. Co.</u>, Defendants have failed to supply or present any evidence for the "attorney-client privilege" objection – or more accurately, the "work product privilege" objection – raised. *See* <u>Empire Indem. Ins. Co.</u>, 2019 U.S. Dist. LEXIS 47919 at *16 ("the burden to demonstrate that a privilege applies is 'not, of course, discharged by mere conclusory or *ipse dixit* assertions, for any such rule would foreclose meaningful inquiry into the existence of the relationship, and any spurious claims could never be exposed.'"). As Magistrate Judge Goodman succinctly put:

> [A]ny assessment of Gables's work product claim must begin with the critical observation about the absence of any actual evidence to support its primary or fallback positions. Its counsel may well be a highly reputable attorney and a skilled trial lawyer and oral advocate, but that alone does not convert rhetoric (in a memorandum or at a discovery hearing) into competent evidence upon which the Undersigned can rely. The mere assertion of argument --e.g., "my client anticipated litigation from the very day the hurricane hit" -- is inadequate to meet the burden. *See, e.g.*, <u>Bridgewater</u>, 286 F.R.D. at 638-39 (noting that federal courts have consistently recognized that the party invoking the immunity has the burden to establish "all of its essential elements" and emphasizing that "[a] failure of proof as to any element causes the claim of privilege to fail").

<u>Empire Indem. Ins. Co.</u>, 2019 U.S. Dist. LEXIS 47919 at *20-21.

WHEREFORE, given the complete lack of justification and/or evidence proffered by Defendants with respect to the "attorney-client privilege" and/or "work-product privilege" objection Defendants maintain, this Court should *grant* Plaintiffs' Motion to Compel [D.E. 67].

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Dated: March 19, 2021

                Respectfully Submitted,

                /s/ Thomas J. Patti
                **JIBRAEL S. HINDI, ESQ.**
                Florida Bar No.: 118259
                E-mail: jibrael@jibraellaw.com
                **THOMAS J. PATTI, ESQ.**
                Florida Bar No.: 118377
                E-mail: tom@jibraellaw.com
                The Law Offices of Jibrael S. Hindi
                110 SE 6th Street, Suite 1744
                Fort Lauderdale, Florida 33301
                Phone: 954-907-1136
                Fax:   855-529-9540

                *COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on March 19, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                /s/ Thomas J. Patti
                **THOMAS J. PATTI, ESQ.**
                Florida Bar No.: 118377

PAGE | **5** of **5**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com